

Attorneys at Law

| | |
|---|---|
| 216 Lakeville Road | 500 Village Square Crossing, Suite 101 |
| Great Neck, New York 11020 | Palm Beach Gardens, Florida 33410 |
| T 516.437.3400 | T 561.899.9999 |
| F 516.334.3000 | F 561.584.6434 |

Gary Rosen, Esq. (Admitted NY, FL, NJ, PA, GA)
Jared Rosen, Esq. (Admitted NY, FL, NJ)
Jaime Rosen, Esq. (Admitted NY, FL, NJ, CT)
Michael Noonan, Esq. (Admitted NY)
Joseph Noonan, Esq. (Admitted NY)

February 22, 2021

**Via ECF**
Hon. Frederic Block
United States District Judge
United States Courthouse
225 Cadman Plaza
Brooklyn, New York 11201

**RE:   Liu, et.al. v. Chau, et.al.**
**20-CV-6369 (FB)(RER)**
**United States District Court for the Eastern District of New York**

Dear Judge Block:

We are the attorneys for Plaintiffs Chen Xia Liu and Chen Hua Liu in the above entitled action. This letter send in accordance with your Honor's Individual Part Rule 2.A and in response to the promotion conference letter filed by Defendants Hok Kwai Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, and Wing Fung Home Realty Group Inc. (hereafter referred to as "Defendants").

Defendants in their pre-motion conference letter to your Honor states that "… plaintiffs' alleged RICO claims are the only grounds for federal jurisdiction". That is incorrect, as the Plaintiffs have diversity jurisdiction, residing in Florida, while defendants reside in New York. Paragraph "2" of the Complaint states that "As set forth below, this action is brought in this court based on diversity jurisdiction and federal question jurisdiction (18 U.S.C. § 1962, et. seq.)."

I respectfully submit that Defendants cannot prevail on a motion to dismiss as there are cognizable claims under the seven (7) counts, and even if the Defendants were successful in dismissing the RICO's claims, which I do not believe they will be successful, there are four (4) other cognizable causes of action that would not be dismissed (see below).

This is a case where approximately a dozen individuals were defrauded by Defendants in a racketeering enterprise, which will be proven. The allegations contained in the complaint state valid causes of actions and elements for the claims for relief sought by Plaintiff.

This case is before the Court based on diversity jurisdiction and the seven (7) counts, four of which is based on diversity of citizenship and three of which are brought under federal statutes (RICO):

The counts are as follows:

a.  Count One for Breach of Contract to hold certain defendants liable for piercing the corporate veil;
b.  Count Two for Fraud;
c.  Count Three for Unjust Enrichment;
d.  Count Four for conspiracy to commit fraud;
e.  Count Five under RICO (18 U.S.C. §1961);
f.  Count Six under RICO (18 U.S.C. §1962(a)); and
g.  Count Seven under RICO (18 U.S.C. §1962(d));

There was no release of any claims against the defendants by Plaintiffs.

Defendants' claim in their letter that there is "no privity of contract between plaintiffs and Chau Family…". Defendants are being sued for the piercing of the corporate veil of 41-23 Haight Realty Inc., due to Defendants' conduct, and for fraud, unjust enrichment, conspiracy to commit fraud and RICO. Privity is not necessary for Plaintiff's claims against Defendants.

Defendants' claim in their letter that Plaintiffs did not join 41-23 Haight Realty Inc. as a necessary and indispensable party. For the claims of piercing the corporate veil, fraud, unjust enrichment, conspiracy to commit fraud and RICO, 41-23 Haight Realty Inc. is not a necessary and indispensable party.

Any stipulation and order as mentioned by Defendants' counsel in his letter to the Court between the Chapter 11 Trustee and Plaintiffs, is irrelevant to the the claims set forth in the complaint.

According to the contract of sale for the sale of the subject real property to Plaintiffs, the breach of the contract was in 2018, when Defendants committed their breaches and caused damages to Plaintiffs. The statements made by Defendants' attorneys in their letter to your Honor claim statute of limitations as a defense. However, statute of limitations is not a cognizable defense here.

While the Defendants have a right to file a motion to dismiss, I respectfully submit that the filing of a motion by Defendants would be moot and a waste of the Court's resources. There are other individuals who intend to join in this action against Defendants due to the racketeering activity of the Defendants.

Respectfully submitted,

Gary Rosen