UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CHEN XIA LIU and CHEN HUA LIU,

                    Plaintiffs,                            Index No.: 20-cv-6369-FB-RER

      -against-

HOK KWAI CHAU,
BO JIN ZHU,
WING FUNG CHAU, a/k/a ANDY CHAU,
SALENA CHAU,
TU KANG YANG,
MEI YANG KO,
WING FUNG HOME REALTY GROUP INC.,
WING FUNG CHAU D/B/A
WING FUNG REALTY GROUP

                    Defendants.
----------------------------------------------------------------------X

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TU KANG YANG'S**</u>
<u>**MOTION TO DISMISS**</u>

                                      HUANG, CHEN & WU PLLC
                                      Xue Huang, Esq.
                                      *Attorneys for Defendant*
                                      *TU KANG YANG*
                                      38-08 Union Street, Suite 9B
                                      Flushing, New York 11354
                                      718-886-5900

# Table of Contents

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACT ......................................................................................................... 2

I.   The alleged pattern of frauds upon the New York City Agencies by Defendants Andy Chau and Bo Jin Zhu.......................................................................................................... 3

II.  The alleged pattern of fraudulent and racketeering activity by Defendants Hok Kwai Chau, Bo Jin Zhu and Andy Chau in connection with various real estate transactions ..... 4

III. Allegations Against Defendant Yang and other Defendants regarding 41-23 Haight Realty Inc. ...................................................................................................................... 5

ARGUMENTS ..................................................................................................................... 7

I.   The Applicable Legal Standards .................................................................................... 7

II.  Counts V and VII of the RICO Claims Should be Dismissed as Against Defendant Yang Should Be Dismissed ........................................................................................................ 8

A. The Complaint fails to adequately allege any acts of racketeering activity against Defendant Yang, let alone a pattern. ............................................................................. 9

i.   *The Complaint fails to allege any fraud by Defendant Yang regarding 41-23 Haight Realty Inc.* ............................................................................................ 10

ii.  *Plaintiff's conclusory allegations of fraud against Defendant Yang cannot pass the muster of Rule 9 (b).* ....................................................................... 11

iii. *The Complaint fails to allege a requisite intent to defraud by Defendant Yang.* ....................................................................................................... 13

i

*iv. The alleged predicate acts are insufficiently related to constitute a pattern.* .....13

B. Because the Complaint fails to allege Defendant Yang operated or managed the affairs or operation of the alleged RICO enterprise. ...............................................................15

C. Plaintiffs' injuries were not caused by any actions of Defendant Yang. ......................16

D. Plaintiffs Fail to State a Claim under 18 U.S.C. § 1962(a) ...........................................17

E. The Complaint fails to allege the existence of a RICO enterprise. ...............................19

III. The Complaint fails to allege Defendant Yang had engaged in a conspiracy to violate RICO. ........................................................................................................................................21

CONCLUSION ............................................................................................................. 22

## TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

<u>236 Cannon Realty, LLC v. Ziss</u>,

    No. 02-CV-6683, 2005 WL 289752 (S.D.N.Y. Feb. 8, 2005)................................................. 13

<u>Aliev v. Borukhov</u>,

    No. 15CV6113ERKJO, 2016 WL 3746562, at *4 (E.D.N.Y. July 8, 2016) ............................. 8

<u>Allstate Ins. Co. v. Batsiyan</u>,

    No. CV 05-5933(SJ)(VVP), 2008 WL 11434462, at *8 (E.D.N.Y. Mar. 12, 2008) ............... 21

<u>American United Life Ins. Co. v. Martinez</u>,

    48 F.3d 1043 (11th Cir. 2007) ......................................................................... 10, 11

<u>Anza v. Ideal Steel Supply Corp.</u>,

    547 U.S. 451 (2006)....................................................................................... 17

<u>Ashcroft v. Iqbal</u>,

    556 U.S. 662 (2009)........................................................................................ 7

<u>Attick v. Valeria Associates, L.P.</u>,

    835 F. Supp. 103 (S.D.N.Y. 1992) .................................................................... 18

<u>Bell Atl. Corp. v. Twombly</u>,

    550 U.S. 544 (2007)........................................................................................ 7

<u>Biofeedtrac v. Kolinor Optical Enter.</u>,

    832 F. Supp. 585 (E.D.N.Y. 1993) ................................................................ 15, 16

<u>Biro v. Condé Nast</u>,

    807 F.3d 541 (2d Cir. 2015)............................................................................. 7

<u>Boyle v. United States</u>,

556 U.S. 938 (2009) ........................................................................................... 19, 21

Capmark Financial Group Inc. v. Goldman Sachs Credit Partners L.P.,

    491 B.R. 335 (S.D.N.Y. Bankr. 2013) .......................................................... 11

Cedar Swamp Holdings, Inc. v. Zaman,

    487 F. Supp. 2d 444 (S.D.N.Y. 2007) ...................................................... 19, 20

Cofacredit, S.A. v. Windsor Plumbing Supply Co.,

    187 F.3d 229 (2d Cir. 1999) .......................................................................... 21

Comm of Equity Sec. Holders v. Lionel Corp. (in re Lionel Corp.),

    722 F.2d 1063 (2d Cir. 1983) ....................................................................... 10

Commercial Cleaning Servs., LLC v. Colin Serv. Sys., Inc.,

    271 F.3d 374 (2d Cir. 2001) .......................................................................... 13

Cosmas v. Hassett,

    886 F.2d 8 (2d Cir. 1989) ......................................................................... 8, 12

Cruz v. FXDirectDealer, LLC,

    720 F.3d 115 (2d Cir. 2013) .................................................................... 15, 16

Gerstenfeld v. Nitsberg,

    190 F.R.D. 127 (S.D.N.Y. 1999) ................................................................... 13

H.J. Inc. v. Nw. Bell Tel. Co.,

    492 U.S. 229 (1989) ...................................................................................... 14

Halvorssen v. Simpson,

    807 Fed.Appx. 26 (2d Cir. 2020) ...................................................... 13, 14, 15

Holmes v. Securities Investor Protection Corp.,

    503 U.S. 258 (1992) ...................................................................................... 16

Hudson v. Larouche,

iv

579 F. Supp. 623 (S.D.N.Y. 1983) ........................................................................ 19

Ideal Steel Supply Corp. v. Anza,

   652 F.3d 310 (2d Cir. 2011)............................................................................ 16, 18

In re Vaniman Intern., Inc.,

   22 B.R. 166 (E.D.N.Y. Bankr. 1982)...................................................................... 11

Katzman v. Victoria's Secret Catalogue,

   167 F.R.D. 649 (S.D.N.Y. 1996) ..................................................................... 10, 11

Knoll v. Schectman,

   275 F. App'x 50 (2d Cir. 2008) ............................................................................ 12

Lundy v. Cath. Health Sys. of Long Island Inc.,

   711 F.3d 106 (2d Cir. 2013)......................................................................... 7, 10, 11

McLaughlin v. Anderson,

   962 F.2d 187 (2d Cir. 1992)..................................................................... 7, 8, 11, 12

Mills v. Polar Molecular Corp.,

   12 F.3d 1170 (2d Cir. 1993)................................................................................. 12

Moss v. Morgan Stanley Inc.,

   719 F.2d 5 (2d Cir. 1983)...................................................................................... 8

Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.,

   165 F. Supp. 2d 514 (S.D.N.Y. 2001).................................................................. 20

New York Automobile Insurance Plan v. All Purpose Agency and Brokerage, Inc.,

   No. 97 Civ. 3164(KTD), 1998 WL 695869 (S.D.N.Y. Oct. 6, 1998) ..................... 19

Ouaknine v. MacFarlane,

   897 F.2d 75 (2d Cir. 1990).............................................................................. 17, 19

Rao v. BP Prods. N. Am., Inc.,

589 F.3d 389 (7th Cir. 2009) ................................................................................... 18

Reich v. Lopez,

   858 F.3d 55 (2d Cir. 2017).................................................................................... 14

Reves v. Ernst & Young,

   507 U.S. 170 (1993)....................................................................................... 15, 16

United States v. Altman,

   48 F.3d 96 (2d Cir. 1995).............................................................................. 10, 11

United States v. Burden,

   600 F.3d 204 (2d Cir. 2010)......................................................................... 14, 15

United States v. Indelicato,

   865 F.2d 1370 (2d Cir. 1989)............................................................................. 14

United States v. Persico,

   832 F.2d 705 (2d Cir. 1987)............................................................................. 8, 11

United States v. Turkette,

   452 U.S. 576 (1981).............................................................................................. 19

Williams v. Affinion Grp., LLC,

   889 F.3d 116 (2d Cir. 2018)................................................................................ 21

Zito v. Leasecomm Corp.,

   No. 02 Civ.8074(GEL), 2003 WL 22251352 (S.D.N.Y. Sep. 30, 2003).................. 20

**Statutes**

§ 363.............................................................................................................................. 10

11 U.S.C. § 101........................................................................................................ 10, 11

18 U.S.C. § 1344............................................................................................................... 4

18 U.S.C. § 1961(4) ................................................................................................ 20

18 U.S.C. §§ 1962(a) ..................................................................................... passim

18 U.S.C. §§ 1962(c) ..................................................................................... passim

18 U.S.C. §§ 1962(d) .................................................................................... 8, 21

## PRELIMINARY STATEMENT

Plaintiffs Chen Xia Liu and Chen Hua Liu (collectively, "Plaintiffs") filed this action on or about December 30, 2020 alleging various state common law claims, including breach of contract, fraud, unjust enrichment, and conspiracy to commit fraud against Defendants Hok Kwai Chau, Bo Jin Zhu, Wing Fung Chau a/k/a Andy Chau, Wing Fung Realty Group, and Wing Fung Home Realty Group Inc. The Complaint also allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §§ 1962(c), 1962(a), and 1962(d) against all Defendants, including Defendant Tu Kang Yang. No common law claims are alleged against Defendant Yang.

Plaintiffs' core claim is that they had paid $750,000.00 to Defendants Hok Kwai Chau, Bo Jin Zhu, and Andy Chau to purchase a house to be built by 41-23 Haight Realty Inc. at 41-15 Haight Street, Flushing, New York 11355 (the "House"). Plaintiffs allege that Defendants Hok Kwai Chau, Bo Jin Zhu, and Andy Chau defrauded them and many others, in connection with various real estate transactions which Defendant Yang was not involved in.

The Complaint should be dismissed in its entirety as against Defendant Yang. First, the Complaint fails to allege Defendant Yang has committed a single predicate act, let alone a pattern of racketeering activity, as required by the filing of a civil RICO action. Second, the Complaint fails to allege that Defendant Yang had operated or managed the affairs or operation of the alleged RICO enterprise. In fact, the Complaint contains no factual allegation to support any wrongdoings by Defendant Yang. The only specific factual allegation made against Defendant Yang was that he made a stalking horse bid along with Defendant Selena Chau on the properties being sold in 41-23 Haight Realty Inc.'s bankruptcy proceedings (the "Stalking Horse Bid") without disclosing to the Bankruptcy Court that he was related to Defendant Andy Chau, the principal of 41-23 Haight

Realty Inc. Defendant Yang is NOT related to Andy Chau or any co-Defendants the Stalking Horse Bid was duly approved by the bankruptcy trustee and the court.

Third, the Complaint should be dismissed because Plaintiffs' injuries were not caused by any actions of Defendant Yang. While the Complaint contains allegations against Defendants Andy Chau, Jin Bo Zhu and Hok Kwai Chau regarding their allege participation in defrauding Plaintiffs. The Complaint contains no allegation that Defendant Yang had any involvement in the process. Specifically, the Complaint alleges that Defendants Hok Kwai Chau, Bo Jin Zhu, and Andy Chau caused Plaintiffs to enter into a contract of sale for the House, solicited the contract deposit from Plaintiffs, misappropriated Plaintiffs' deposits and misrepresented to Plaintiffs for the use of the deposits and the status of the House construction. Ostensibly, Defendant Yang had no role whatsoever in the process. Fourth, Plaintiff's claim under 18 U.S.C. § 1962(a) against Defendant Yang should be dismissed because the Complaint fails to allege Defendant had derived any income from the alleged pattern of racketeering activity, and failed to identify any injury Plaintiffs suffered from Defendant's alleged investment of any racketeering income. Fifth, the Complaint also fails to sufficiently plead the existence of a RICO enterprise. Finally, the Complaints fail to allege that Defendant Yang had agreed to conspire with other co-Defendants to commit a pattern of racketeering activity beyond conclusory allegations unsupported by any specific facts.

Based on the aforementioned pleading deficiencies, the Complaint should be dismissed in its entirety as against Defendant Yang.

## STATEMENT OF FACT

Plaintiffs allege that they entered into a contract to purchase a four family newly constructed house from 41-23 Haight Realty Inc., at 41-15 Haight Street, Flushing, New York

11355. Compl. ¶¶ 3-4. Plaintiffs allege they paid $750,000.00 to 41-23 Haight Realty Inc. for the

House, and that Defendants Hok Kwai Chau, Bo Jin Zhu, and Andy Chau owned 41-23 Haight

Realty Inc. Compl. ¶¶4-6 Instead of delivering title to the House to Plaintiffs, the Complaint alleges

that Defendants Hok Kwai Chau, Bo Jin Zhu, and Andy Chau defrauded them out of the

$750,000.00 they had paid, and never intended on conveying title to Plaintiffs for the House.

Compl. ¶¶ 5-8.

On or about June 4, 2019, a Chapter 11 Involuntary Petition against 41-23 Haight Realty

Inc. was filed by its creditors. A trustee was appointed by the court to sell the properties owned by

41-23 Haight Realty. On or about March 20, 2020, Defendants Yang and Salena Chau made a

stalking horse bid on the Haight Realty Inc. Properties (the "Stalking Horse Bid"), and the bid was

accepted by the bankruptcy trustee and the bankruptcy court.

To support their RICO claims against Defendants, the Complaint alleges three predicate

acts against different defendants. However, by Plaintiffs' own account, Defendant Yang had

absolutely no involvement in at least two of the three alleged predicate acts.

## I.   THE ALLEGED PATTERN OF FRAUDS UPON THE NEW YORK CITY AGENCIES BY DEFENDANTS ANDY CHAU AND BO JIN ZHU

The Complaint first allege that Defendants Andy Chau and Bo Jin Zhu perpetrated fraud

upon various New York City government agencies, including the New York City Department of

Housing and Preservation and Development ("HPD") and the New York City Department of

Finance ("DOF"), in violation of the New York State Martin Act. Compl. ¶¶ 50-86.

It alleges that Defendants Andy Chau and Bo Jin Zhu were the principals of the sponsors

of multiple condominiums. It further alleges that they "failed to disclose material facts to and

intentionally deceived various government agencies in connection with condominium offering

3

plans and in connection with partial tax exemption benefits pursuant to Section 421-a of the Real Property Tax Law. Compl. ¶ 50.

The Complaint also alleges that those Defendants violated the Martin Act by allowing the conveyance of units for no consideration, committed fraud by submitting a false affidavits, committed financial institution fraud in violation of 18 U.S.C. § 1344 by misrepresenting a rental building as a condominium to receive a loan, and abandoned a condominium without filing the required documents with the New York State Department of Law and New York City Department of Finance. Compl. ¶¶ 50-86

The Complaint does not allege Defendant Yang had any role in the allege scheme to defraud any government agency. In fact, Defendant Yang was not mentioned at all in the entire first predicate scheme.

## II. THE ALLEGED PATTERN OF FRAUDULENT AND RACKETEERING ACTIVITY BY DEFENDANTS HOK KWAI CHAU, BO JIN ZHU AND ANDY CHAU IN CONNECTION WITH VARIOUS REAL ESTATE TRANSACTIONS

The Complaint next alleges that Defendants Hok Kwai Chau, Bo Jin Zhu and Andy Chau had engaged in a pattern of fraudulent and racketeering activity in defrauding various investors and property purchasers, including the Plaintiffs, in connection with different real estate transactions. It lists multiple state court actions filed by the alleged defrauded victims against Defendants Hok Kwai Chau, Bo Jin Zhu and Andy Chau. Compl. ¶¶ 87-146. None of the state court actions listed in the Complaint was against Defendant Yang.

The Complaint alleges that Defendants Hok Kwai Chau, Bo Jin Zhu and Andy Chau had "duped" various buyers, including Plaintiffs, to enter into contracts of sale with 41-23 Haight Realty Inc. while they never had the intention or ability to sell those properties to the buyers.

4

Compl. ¶ 120. It also alleges Bo Jin Zhu and Andy Chau took deposits from those buyers. Compl. ¶¶ 121-122.

It is clear that Defendant Yang had absolutely no involvement, and none was alleged in the Complaint, in connection with the alleged fraudulent activity with regards to various real estate transactions.

## III.   ALLEGATIONS AGAINST DEFENDANT YANG AND OTHER DEFENDANTS REGARDING 41-23 HAIGHT REALTY INC.

First, the Complaint mistakenly states that Defendant Yang is the granddaughter of Defendant Mei Yang Ko, the mother of Andy Chau. Compl. ¶ 31. In fact, Mr. Yang is a man who is not related to Mei Yang Ko or any co-Defendants.

The Complaint alleges that on or about February 5, 2010, 41-23 Haight Realty Inc. was established by Defendants Hok Kwai Chau, Bo Jin Zhu and Andy Chau "in a scheme and swindle designed to defraud" Plaintiffs and other victims. Compl. ¶ 174. It alleges that Defendants Hok Kwai Chau, Bo Jin Zhu and Andy Chau entered into contracts of sales with various buyers, including the Plaintiffs, to sell the properties constructed at 31-13 to 31-23 Haight Street, Flushing, New York (the "Properties"), a parcel of land owned by 41-23 Haight Realty Inc. Compl. ¶¶ 148, 159, 161, 177. They then allegedly defrauded those buyers.

Based on the Complaint, the owners of 41-23 Haight Realty Inc. were Hok Kwai, Bo Jin Zhu and Andy Chau. Compl. ¶¶ 147, 184-189. It was the same parties who entered into contract of sales with various buyers, took and diverted those buyers' contract deposits. Compl. ¶¶ 162, 163, 165, 174, 176, 177, 181, 183, 197, 198, 211,217, 218, 220, 225-228, 223, 234. Plaintiffs allege that Defendants Hok Kwai Chau, Bo Jin Zhu, Andy Chau required Plaintiffs along with other buyers to deposit their contract deposits directly with 41-23 Haight Realty Inc. instead of an attorney's escrow account in order to misappropriate the funds for their own use. Compl. ¶ 162-

163, 177, 178, 181, 233, 234. The Complaint states that "Defendant It alleges that Hok Kwai Chau, Bo Jin Zhu, Andy Chau personally take substantial deposits from the multiple buyers who thought that they were the only buyers of certain houses." Compl. ¶ 177. The same Defendants also allegedly misrepresented the use of the deposits and the status of the Properties to the buyers including Plaintiffs. Compl. ¶ 165, 183, 210-213, 229, 235, 261. There is not a single paragraph in the Complaint that states Defendant Yang had any specific role in the sale of the properties to the buyers, including any misrepresentation by Defendant Yang to the buyers, including Plaintiffs. In fact, based on the Complaint, Plaintiffs had no interaction with Defendant Yang whatsoever.

Out of the 475 paragraphs in the Complaint, there are few paragraphs that contained specific factual allegations against Defendant Yang, besides mere conclusory statements that tracks the elements of a RICO action. Specifically, the Complaint alleges that Defendant Yang is the granddaughter of Defendant Mei Yang Ko – he is not. Compl. ¶31. He was the stalking house bidder for the Properties in the bankruptcy proceeding. Compl. ¶38. He allegedly perpetrated a scheme with other Defendants to "secretly" bid on the Properties in the bankruptcy proceeding without disclosing that he was related to Defendant Andy Chau. Compl. ¶171. The same paragraph also implies that Defendant Yang was sanctioned by the Bankruptcy Court by loss of his deposits due to his misrepresentation. This baseless implication is contradicted by the Bankruptcy Court's record. The record is clear that the Bankruptcy Court held that Defendant Yang loss his contract deposit, money put up by himself and other investors, because the remaining balance of the contract deposit was not timely received by the trustee. Lastly, the Complaint alleges upon Information and belief that Defendant Tu Kang Yang was a business partner of Defendant Andy Chau. Compl. ¶191. There is no other factual allegation against Defendant Yang in the Complaint other than mere conclusory statements that tracks the elements of a RICO claim.

6

In fact, throughout the Complaint, Plaintiffs allege an enormous number of conclusory allegations encompassing all Defendants, but these allegations are not supported by any specific factual allegations against Defendant Yang. Compl. ¶¶ 166, 173, 366-400, 427-442, 455-458, 460-470, 472-475.

## ARGUMENTS

## I.  THE APPLICABLE LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Biro v. Condé Nast, 807 F.3d 541, 544 (2d Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). But "naked assertions" or "conclusory statements" are not enough. Biro v. Conde Nast, 807 F.3d 541, 544 (2d Cir. 2015). Pleadings that are no more than conclusions may not be entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

When a RICO claim is predicated on allegation of fraud, such as mail fraud, committed by a defendant, the complaint is also required to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b). Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 119 (2d Cir. 2013) ("[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") (citing McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992)).

"Allegations of mail fraud must be made with the particularity required by Federal Rule of Civil Procedure 9(b)." McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992). "Pursuant to this higher pleading standard, the 'complaint must adequately specify the statements it claims were

false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements."" McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992) (citing Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989)).

Plaintiffs asserting mail fraud must also identify the purpose of the mailing within the defendant's fraudulent scheme. McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992). "To prove a violation of the mail fraud statute, plaintiffs must establish the existence of a fraudulent scheme and a mailing in furtherance of the scheme." McLaughlin v. Anderson, 962 F.2d 187, 190–91 (2d Cir. 1992). Although under Rule 9(b) a complaint need only aver intent generally, it must nonetheless allege facts which give rise to a strong inference that the defendants possessed the requisite fraudulent intent. Cosmas v. Hassett, 886 F.2d 8, 12–13 (2d Cir. 1989).

## II.   COUNTS V AND VII OF THE RICO CLAIMS AGAINST DEFENDANT YANG SHOULD BE DISMISSED

To state a claim for damages under RICO a plaintiff must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983). A Plaintiff must establish these element as to each individual defendant. See United States v. Persico, 832 F.2d 705, 714 (2d Cir. 1987) ("The focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of an enterprise, which are proscribed by section 1962(d)."); Aliev v. Borukhov, No. 15-CV-6113(ERK)(JO), 2016 WL 3746562, at *4 (E.D.N.Y. July 8, 2016).

Here, the RICO claims alleged against Defendant Yang under 18 U.S.C. §§ 1962(c), 1962(a) should be dismiss because the Complaint fails to adequately allege A) a pattern of racketeering activity by Defendant Yang; B) the operation or management of the alleged RICO enterprise by Defendant Yang; C) Plaintiffs' injuries were caused by any actions of Defendant Yang; D) Plaintiffs suffered injuries due to the investment of the income derived from the alleged racketeering activity by Defendant Yang; and E) the existence of a RICO enterprise.

A. **The Complaint Fails to Adequately Allege Any Act of Racketeering Activity by Defendant Yang, Let Alone A Pattern**

As discussed in the sections above, the Complaint alleges three predicate acts against the Defendants. First, it alleges that Defendants Andy Chau and Bo Jin Zhu perpetrated fraud upon various New York City government agencies, including the New York City Department of Housing and Preservation and Development ("HPD") and the New York City Department of Finance ("DOF"), in violation of the New York State Martin Act. Compl. ¶¶ 50-86.

Second, the Complaint alleges that Defendants Hok Kwai Chau, Bo Jin Zhu and Andy Chau had engaged in a pattern of fraudulent and racketeering activity in defrauding various investors and property purchasers, including the Plaintiffs, in connection with different real estate transactions. Specifically, Plaintiffs allege that Defendants Hok Kwai Chau, Bo Jin Zhu and Andy Chau had defrauded multiple investors and buyers of properties by diverting the buyers' contract deposits for personal use and failed to transfer the properties to the buyers in accordance with the contracts of sale. Compl. ¶¶ 162, 163, 165, 174, 176, 177, 181, 183, 197, 198, 211,217, 218, 220, 225-228, 223, 234.

The Complaint also alleges that Defendants Hok Kwai Chau, Bo Jin Zhu and Andy Chau defrauded Plaintiffs in the amount of $750,000. It alleges that the same Defendants induced Plaintiffs to enter into the contract of sale for the House, personally collected their contract deposit,

9

misappropriated their contract deposit for personal use while having no intention or ability to transfer or sell the House to Plaintiffs.

None of the above allegations are made against Defendant Yang.

The only wrongdoing by Defendant Yang alleged by the Complaint is that Defendant had submitted a Stalking Horse bid to purchase the Properties in the Bankruptcy Court proceeding and failed to disclose to the court that he was related to Andy Chau. Plaintiff's claim is without merit because Defendant Yang was not related to Andy Chau. Therefore, he had no duty to make any disclosure. Even if Defendant Yang is related to Andy Chau, he is not, he did not commit any RICO violation by the submission of a Stalking Horse Bid because the sale of a debtor's asset in a bankruptcy proceeding to an "insider" is permitted by law.

i. ***The Complaint fails to allege any fraud by Defendant Yang regarding 41-23 Haight Realty Inc.***

Mail and wire fraud claims based on fraudulent omissions must establish that the defendant has a duty to disclose the omitted facts. United States v. Altman, 48 F.3d 96, 102 (2d Cir. 1995); Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 655 (S.D.N.Y. 1996); American United Life Ins. Co. v. Martinez, 48 F.3d 1043, 1065 (11th Cir. 2007). In a § 363 sale in bankruptcy proceedings, sales to insiders of a corporate debtor are permitted but require a higher standard of approval, requiring disclosure of insider status. See e.g. Comm of Equity Sec. Holders v. Lionel Corp. (in re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983).

Pursuant to 11 U.S.C. § 101, the definition of an insider of a corporate debtor includes: (i) director of the debtor; (ii) officer of the debtor; (iii) person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or relative of a general partner, director, officer, or person in control of the debtor. See e.g. In re Vaniman Intern., Inc., 22

B.R. 166 (E.D.N.Y. Bankr. 1982); <u>Capmark Financial Group Inc. v. Goldman Sachs Credit Partners L.P.</u>, 491 B.R. 335, 345 (S.D.N.Y. Bankr. 2013).

Here, Defendant Yang had no duty of disclosure to the Bankruptcy Court.  The debtor in the bankruptcy case discussed in the Complaint is 41-23 Haight Realty Inc, a corporate debtor, not Andy Chau. Pursuant to 11 U.S.C. § 101 definition of an "insider," Defendant Yang is not an insider. <u>See In re Vaniman Intern., Inc.</u>, 22 B.R. 166 (E.D.N.Y. Bankr. 1982); <u>Capmark Financial Group Inc. v. Goldman Sachs Credit Partners L.P.</u>, 491 B.R. 335, 345 (S.D.N.Y. Bankr. 2013). Defendant Yang is not and was not a director, officer, person in control of, partner, or relative of a general partner, director, officer, or any other person in control of 41-23 Haight Realty Inc. Therefore, Defendant Yang had no duty to disclose with regard to his stalking horse bid on the Haight Realty Inc. Properties. Because Defendant Yang had not duty to disclose, could not have committed fraud by omission of any facts. <u>See United States v. Altman</u>, 48 F.3d 96, 102 (2d Cir. 1995); <u>Katzman v. Victoria's Secret Catalogue</u>, 167 F.R.D. 649, 655 (S.D.N.Y. 1996); <u>American United Life Ins. Co. v. Martinez</u>, 48 F.3d 1043, 1065 (11th Cir. 2007). Moreover, Defendant Yang is not related to Andy Chau or Mei Yang Ko.

Finally, even if Plaintiffs have sufficiently alleged a single predicate act as against Defendant Yang, they have not, Plaintiffs still failed to allege the requisite pattern of racketeering activity by Defendant Yang. <u>See United States v. Persico</u>, 832 F.2d 705, 714 (2d Cir. 1987).

### ii. *Plaintiff's Conclusory Allegations of Fraud Against Defendant Yang Cannot Pass The Muster of Rule 9(B)*

A RICO claim predicated on fraud, including mail and wire fraud, must meet the heightened pleading standard of Rule 9(b). <u>Lundy v. Cath. Health Sys. of Long Island Inc.</u>, 711 F.3d 106, 119 (2d Cir. 2013) (citing <u>McLaughlin v. Anderson</u>, 962 F.2d 187, 191 (2d Cir.1992)).

"Pursuant to this higher pleading standard, the 'complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992) (citing Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir.1989)).

The predicate acts of mail and wire fraud must "state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1176 (2d Cir. 1993). Even where a complaint sets forth the dates, locations, senders and recipient of the allegedly fraudulent communications, assertions as to why the contents are fraudulent cannot be conclusory. Knoll v. Schectman, 275 F. App'x 50, 51 (2d Cir. 2008).

At the outset, it is difficult to ascertain exactly what kind of fraud Plaintiffs are alleging in the Complaint as against Defendant Yang. Plaintiffs' Complaint is littered with conclusory statement that lack any support from specific factual allegations. See Compl. ¶¶ 166, 173, 366-400, 427-442, 455-458, 460-470, 472-475. While Plaintiffs make a conclusory statement that all of the Defendants to this action committed mail fraud and wire fraud, Plaintiffs only identify specific mailings made by Defendants Hok Kwai Chau, Bo Jin Zhu, and Andy Chau. Compl. ¶¶ 403-428. Plaintiffs make no allegations that Defendant Yang caused any mailings. As discussed above, Plaintiffs made no allegations in the Complaint that Defendant wired anything. This allegation is clearly deficient as an entirely conclusory allegation, which cannot meet the heightened standard under Rule 9(b). See McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992) (citing Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir.1989)); Mills v. Polar Molecular Corp., 12 F.3d 1170, 1176 (2d Cir.1993).

12

Plaintiffs' barebones allegations against Defendant Yang do not pass muster, and have not, and cannot, satisfy the heightened pleading standard of Rule 9(b).

### iii.  _The Complaint Fails to Allege A Requisite Intent to Defraud By Defendant Yang_

Claims under RICO arising under theories of fraud require an allegation of facts giving rise to a strong inference of fraudulent intent. See Commercial Cleaning Servs., LLC v. Colin Serv. Sys., Inc., 271 F.3d 374, 387 (2d Cir. 2001) (plaintiffs must allege that the defendant hired illegal aliens with actual knowledge that the aliens hired were brought into the country in violation of the predicate immigration statute); 236 Cannon Realty, LLC v. Ziss, No. 02-CV-6683, 2005 WL 289752, at *5-9 (S.D.N.Y. Feb. 8, 2005) (dismissing claim where plaintiff failed to allege that each defendant made misrepresentations upon which he relied); Gerstenfeld v. Nitsberg, 190 F.R.D. 127 (S.D.N.Y. 1999) (dismissing RICO claims because the complaint failed to allege facts giving rise to a strong inference of fraudulent intent).

Here beyond bare conclusory allegations, and the factually incorrect allegations discussed previously, Plaintiffs have not alleged that Defendant Yang made any allegations regarding any fraudulent intent. Further, in the bankruptcy proceedings for 41-23 Haight Realty Inc., a trustee had been appointed and the trustee accepted the Stalking Horse Bid as an arm's length transaction.

It would require a substantial leap in logic to find that an arm's length transaction with the bankruptcy trustee could constitute any evidence of fraudulent intent, let alone a strong inference of fraudulent intent. See Gerstenfeld v. Nitsberg, 190 F.R.D. 127 (S.D.N.Y. 1999).

### iv.  _The Alleged Predicate Acts Are Insufficiently Related To Constitute A Pattern._

The requirement that the plaintiff establish a pattern of racketeering activity is intended to prevent the application of RICO to "isolated or sporadic" criminal acts. Halvorssen v. Simpson, 807 Fed.Appx. 26, 29 (2d Cir. 2020) (summary order) (citing United States v. Indelicato, 865 F.2d

1370, 1383 (2d Cir. 1989)). "To establish a pattern, a plaintiff must identify at least two predicate acts and show that (1) these acts are related both to each other (horizontal relatedness) and to the enterprise (vertical relatedness) and (2) the conduct continued over a substantial period of time." Halvorssen v. Simpson, 807 Fed.Appx. 26, 29 (2d Cir. 2020) (summary order) (citing Reich v. Lopez, 858 F.3d 55, 60-61 (2d Cir. 2017)).

To prove vertical relatedness, "the plaintiff must plausibly allege 'that the defendant was enabled to commit the offense solely because of his position in the enterprise or his involvement in or control over the enterprise's affairs, or because the offense related to the activities of the enterprise.'" Halvorssen v. Simpson, 807 Fed.Appx. 26, 29 (2d Cir. 2020) (summary order) (quoting United States v. Burden, 600 F.3d 204, 206 (2d Cir. 2010)).

Horizontal relatedness requires that the predicate acts "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." Reich v. Lopez, 858 F.3d 55, 61 (2d Cir. 2017) (quoting H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 240 (1989)). Where the enterprise at issue is primarily a legitimate business, horizontal relatedness cannot be established by linking an act to the enterprise, but requires a relationship between the predicate acts themselves. Reich v. Lopez, 858 F.3d 55, 61 (2d Cir. 2017).

Here Plaintiffs have failed to plausibly allege that Defendant Yang was enabled to commit the alleged offense because of his position in the alleged enterprise, his involvement or control over the enterprise, or because the offense is related to the activities of the enterprise.

Plaintiffs alleged a single predicate act as against Defendant Yang, then conclude, without any factual support, that Defendant Yang has committed two predicate acts. Compl. ¶¶ 386, 473.

The alleged predicate act is his alleged failure to disclose information when making a Stalking Horse Bid on the Haight Realty Inc. Properties.

Additionally, Plaintiffs have failed to satisfy the vertical and horizontal relatedness requirements. As to vertical relatedness, anyone was free to make a bid on the Haight Realty Inc. Properties in the bankruptcy proceeding. Plaintiffs cannot seriously contend that Defendant Yang was able to bid solely based on his position or involvement in the enterprise. Moreover, Plaintiffs cannot argue that the Stalking Horse Bid fulfills the vertical relatedness requirement because it involves the Haight Realty Inc. Properties. Such an argument would create the ridiculous result that any bid for the Haight Realty Inc. Properties being considered is a part of a pattern of racketeering activity. As such, Plaintiffs have not satisfied the vertical relatedness requirement. See Halvorssen v. Simpson, 807 Fed.Appx. 26, 29 (2d Cir. 2020) (summary order) (quoting United States v. Burden, 600 F.3d 204, 2016 (2d Cir. 2010)).

**B.  <u>The Complaint Fails To Allege Defendant Yang Operated or Managed the Affairs or Operation of the Alleged RICO Enterprise</u>**

To violate § 1962(c), the defendant must operate or manage the enterprise's affairs, not merely its own affairs. Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 121 (2d Cir. 2013). The defendant must be aware of the enterprise's conduct and play some role on behalf of the enterprise. Id. at 120-21. Specifically, to be guilty of a violation of § 1962(c), "one must participate in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170, 113 S. Ct. 1163, 1173 (1993) (noting that the verb "conduct" means "to lead, run, manage, or direct.").

"[L]iability under § 1962(c) may not be imposed on one who merely 'carries on' or 'participates' in an enterprise's affairs. Biofeedtrac v. Kolinor Optical Enter., 832 F. Supp. 585, 590 (E.D.N.Y. 1993); Reves v. Ernst & Young, 113 S. Ct. 1163, 1169-70 (1993). "Instead, one must have '*some* part in directing the enterprise's affairs.'" Biofeedtrac v. Kolinor Optical Enter., 832 F.

Supp. 585, 590 (E.D.N.Y. 1993) (quoting Reves v. Ernst & Young, 113 S. Ct. 1163, 1170 (1993)) (emphasis in original).

Plaintiffs make no allegations in the Complaint that Defendant Yang did anything to "conduct" the alleged enterprise. In fact, Plaintiffs merely describes the Defendants as "associates of the enterprise," and states in a conclusory manner that all Defendants had relationships with "the other associates of the enterprise." Compl. ¶ 436.

Additionally, Plaintiffs fail to connect Defendant Yang with any alleged predicate acts of any other Defendants. In essence, the only specific allegation made against Defendant Yang is that he made a failed bid to purchase the Properties.

Given the heightened pleading standard under Rule 9(b), such bare allegations cannot support a finding that Defendant Yang operated or managed the affairs or operation of any RICO enterprise. See Biofeedtrac v. Kolinor Optical Enter., 832 F. Supp. 585, 590 (E.D.N.Y. 1993); Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 121 (2d Cir. 2013); Reves v. Ernst & Young, 507 U.S. 170, 113 S. Ct. 1163, 1173 (1993).

### C. Plaintiffs' Injuries Were Not Caused By Any Actions Of Defendant Yang

In Holmes v. Securities Investor Protection Corp., the Supreme Court stated that the class of RICO defendants is confined to "those proximately responsible for the plaintiff's injury and excluding those tangentially 'connected to it.'" 503 U.S. 258, 285 (1992).

In fact, the court noted that "the central question it must ask is whether the alleged violation led directly to plaintiff's injuries." If the answer is no, the plaintiff will not be able to establish proximate cause. Ideal Steel Supply Corp. v. Anza, 373 F.3d 251, 260 (2d Cir. 2004) rev'd in part, vacated in part, 547 U.S. 451 (2006).

The injury alleged in a RICO action cannot be speculative, meaning the connection cannot be indirect, and cannot have been produced by independent factors. <u>Anza v. Ideal Steel Supply Corp.</u>, 547 U.S. 451, 467, n.3 (2006).

In the instant case, Defendant Yang has not caused Plaintiffs any damages. The injuries Plaintiffs allege Defendant Yang caused are entirely speculative and have a multitude of intervening factors.

Plaintiffs allege that through Defendant Yang's actions in making the Stalking Horse Bid, he has "damaged the value of the Debtor's assets and the ability of the Plaintiffs' to be made whole." Compl. ¶ 455. Plaintiffs' argument is irrational, and the alleged damages are entirely speculative.

Plaintiffs have failed to take into consideration various possible external factors that could lead to damage to the value of the 41-23 Haight Realty Inc.'s assets, such as the fact that the bankruptcy proceedings were initiated by an involuntary petition filed by a creditor. Additionally, the denial by the court to allow purchases to go through resulted in further delays. Even beyond that, the tenuous connection between the Stalking Horse Bid on the Property in bankruptcy and any possible damages is entirely speculative.

Based on the foregoing, Plaintiffs have not established any proximate cause between Defendant Yang's actions and any injury suffered by Plaintiffs.

**D.  <u>Plaintiffs Fail to State A Claim Under 18 U.S.C. § 1962(A)</u>**

Most courts have concluded that to establish standing to assert a § 1962(a) claim, a plaintiff must demonstrate injury occurring as a direct result of the defendant's investment of racketeering income, rather than injury caused by the commission of the alleged predicate acts from which the income was derived. <u>See e.g. Ouaknine v. MacFarlane</u>, 897 F.2d 75, 83 (2d Cir. 1990).

An example of where such standing may be found is where a defendant refused to charge sales tax on sales in its retail business and used the profits from its illegal activities to fund the opening of a new outlet that directly undercut the plaintiff's business. Ideal Steel Supply Corp. v. Anza, 652 F.3d 310 (2d Cir. 2011). However, reinvestment of racketeering income that permits an entity to commit more predicate acts does not create injury from the use or investment of racketeering income under § 1962(a). Id. at 327-28.

To state a claim under § 1962(a) a plaintiff must allege sufficient facts, not merely boilerplate allegations showing that money was used or invested in the operation of the enterprise and that the plaintiff suffered an injury caused by the use or investment of the racketeering income. Rao v. BP Prods. N. Am., Inc., 589 F.3d 389, 399 (7th Cir. 2009) (affirming dismissal for failure to assert more than "boilerplate" allegations).

A Plaintiff must also plead and prove a causal connection between the plaintiff's injury and the defendant's unlawful acquisition or maintenance of an interest in or control of an enterprise. Attick v. Valeria Associates, L.P., 835 F. Supp. 103 (S.D.N.Y. 1992).

Here Plaintiffs have not made any specific allegations that Defendant Yang has made any investment, only using conclusory boilerplate language to allege that: "Defendant Hok Kwai Chau, Defendant Bo Jin Zhu and/or Defendant Andy Chau, Defendant Salena Chau, Defendant Tu Kang Yang and Defendant Mei Yang Ko together is an enterprise engaged in and whose activities affect interstate commerce used and invested income, through mail fraud, wire fraud and by interfering with interstate commerce that was derived from a pattern of racketeering activity in interstate commerce." Compl. ¶ 462.

The fact that Plaintiffs sole allegation uses boilerplate language means that this claim must fail. See Rao v. BP Prods. N. Am., Inc., 589 F.3d 389, 399 (7th Cir. 2009). Even assuming

18

arguendo that Plaintiffs had alleged that the Stalking Horse Bid constituted the investment of income derived from a pattern of racketeering activity, Plaintiffs simultaneously seek to consider the Stalking Horse Bid a predicate act, which is impermissible for a claim under § 1962(a). Compl. ¶¶ 38, 171; Ouaknine v. MacFarlane, 897 F.2d 75, 83 (2d Cir. 1990).

Assuming further that Plaintiffs are not alleging the Bid was a predicate act, then Plaintiffs no longer have any allegations tying Defendant Yang to the alleged RICO violations, which would require the dismissal of the Complaint as against Defendant Yang.

Based on the foregoing, Plaintiffs have failed to state a valid claim against Defendant Yang under 18 U.S.C. § 1962(a).

### E.  The Complaint Fails To Allege The Existence Of A RICO Enterprise

An enterprise may be a legal or illegal business which "is proved by evidence of an on-going organization, formal or informal, and by evidence that the various associates function as a continuing unit." Hudson v. Larouche, 579 F. Supp. 623, 627 (S.D.N.Y. 1983) (citing United States v. Turkette, 452 U.S. 576, 583 (1981)).

However, an enterprise cannot consist of a "hub-and-spokes" structure – that is, allegations that a common defendant perpetrated various independent frauds, each with the aid of a different co-defendant – do not satisfy the enterprise element of a RICO claim. Cedar Swamp Holdings, Inc. v. Zaman, 487 F. Supp. 2d 444, 450 (S.D.N.Y. 2007); New York Automobile Insurance Plan v. All Purpose Agency and Brokerage, Inc., No. 97 Civ. 3164(KTD), 1998 WL 695869 (S.D.N.Y. Oct. 6, 1998).

Where there is no definitive legal or illegal entity that is alleged to be the enterprise, an enterprise may be established as an "association in fact." Boyle v. United States, 556 U.S. 938 (2009). Such an "association-in-fact" must have three structural features: a purpose, relationships

among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose. Id. at 945.

The court in Cedar Swamp Holdings, Inc. cautioned that "merely stringing together a list of defendants and labeling them an enterprise is insufficient to state a RICO claim." Cedar Swamp Holdings, Inc. v. Zaman, 487 F. Supp. 2d 444, 450 (S.D.N.Y. 2007) (citing Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc., 165 F. Supp. 2d 514 (S.D.N.Y. 2001); Zito v. Leasecomm Corp., No. 02 Civ.8074(GEL), 2003 WL 22251352 (S.D.N.Y. Sep. 30, 2003)).

In this case, Plaintiffs have alleged the existence of a RICO enterprise consisting of all of the Defendants to this action. Specifically, Plaintiffs allege that Defendant Yang is a part of this enterprise because he is allegedly the granddaughter of Defendant Mei Yang Ko, and business partner of Andy Chau. Plaintiffs point to no business transactions between Defendant Andy Chau and Defendant Yang.

Specifically, Plaintiffs' only allegations that Defendant Yang is part of an enterprise are conclusory allegations that "Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and/or Defendant Andy Chau, Defendant Salena Chau, Defendant Tu Kang Yang and Defendant Mei Yang Ko has been an 'enterprise' within the meaning of 18 U.S.C. § 1961(4)." Compl. ¶ 438.

However, Plaintiffs have failed to allege more than an insufficient "hub-and-spokes" structure. As discussed above, Plaintiffs' allegations are focused on the specific actions of a core group of Defendants: Hok Kwai Chau, Bo Jin Zhu and Andy Chau. Compl. ¶¶ 3-8, 12, 200, 241, 243, 255, 263, 355, 402-426. Plaintiffs then merely add the names of other Defendants to their RICO claims while only alleging additional independent frauds. See Cedar Swamp Holdings, Inc. v. Zaman, 487 F. Supp. 2d 444, 450 (S.D.N.Y. 2007). Beyond these bare allegations, Plaintiffs do

not allege facts sufficient to establish a RICO enterprise. <u>Boyle v. United States</u>, 556 U.S. 938 (2009).

## III.    THE COMPLAINT FAILS TO ALLEGE DEFENDANT YANG HAD ENGAGED IN A CONSPIRACY TO VIOLATE RICO

Plaintiffs have failed to adequately plead a RICO conspiracy. To state a claim for a RICO conspiracy, a plaintiff must allege "the existence of an agreement to violate RICO's substantive provisions[.]" <u>Williams v. Affinion Grp., LLC</u>, 889 F.3d 116, 124 (2d Cir. 2018) (internal quotation marks omitted). To state a claim for conspiracy to violate 18 U.S.C. § 1962(c), a plaintiff must "plead facts the existence of an agreement, as well as facts demonstrating that the defendants understood the scope of the enterprise and knowingly agreed to further its aims through the commission of the offenses." <u>Allstate Ins. Co. v. Batsiyan</u>, No. CV 05-5933(SJ)(VVP), 2008 WL 11434462, at *8 (E.D.N.Y. Mar. 12, 2008). Further, even a defendant who agrees to commit isolated predicate acts, without the requisite knowledge of or agreement to facilitate a larger pattern of criminal conduct by the alleged co-conspirators, has not conspired to commit a "pattern of racketeering activity" and cannot be liable under § 1962(d). <u>See e.g. Cofacredit, S.A. v. Windsor Plumbing Supply Co.</u>, 187 F.3d 229, 244-45 (2d Cir. 1999).

Plaintiffs have attempted to allege a pattern of racketeering activity through conclusory allegations that Defendants all engaged in a pattern of racketeering activity to defraud purchasers of eleven houses from 41-23 Haight Realty Inc. The Complaint argues that all Defendants functioned as a conspiracy with the common purpose of defrauding purchasers of 41-23 Haight Realty Inc.'s properties. Compl. ¶ 440. Plaintiffs, however, does not plead any facts regarding the existence of an agreement, nor that Defendants understood the scope of the alleged enterprise, other than through conclusory allegations. <u>See Allstate Ins. Co. v. Batsiyan</u>, No. CV 05-5933(SJ)(VVP), 2008 WL 11434462, at *8 (E.D.N.Y. Mar. 12, 2008).

Moreover, as demonstrated in the sections above, the Complaint simply fail to allege Defendant Yang had any involvements or roles in the alleged predicate acts outside of the bankruptcy proceeding, this hardly supports a possibility that Defendant Yang had conspired with other Defendants to commit a "pattern of racketeering activity".

## **CONCLUSION**

Based on the foregoing, Plaintiffs have failed to plausibly allege violations of 18 U.S.C. §§ 1962(a), (c), or (d) with respect to Defendant Yang, and Defendant Yang respectfully requests that Plaintiffs' Complaint be dismissed as against Defendant Yang with prejudice, granting such other and further relief as the court deems just and proper.

Dated: Queens, New York
       April 30, 2021

                                        HUANG, CHEN & WU PLLC


                                        /s/ Xue Huang
                                        Xue Huang, Esq.
                                        *Attorneys for Defendant*
                                        *TU KANG YANG*
                                        38-08 Union Street, Suite 9B
                                        Flushing, New York 11354
                                        xhuang@hcwlawgroup.com
                                        Tel: (718) 886-5900
                                        Fax: (718) 886-5993