UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHEN XIA LIU AND CHEN HUA LIU                    **Docket No: 20-cv-06369**

        Plaintiffs,
- against -                                                      **HON. SENIOR JUDGE**
                                                         **FREDERIC BLOCK**

HOK KWAI CHAU,
BO JIN ZHU,
WING FUNG CHAU, a/k/a ANDY CHAU,
SALENA CHAU;
TU KANG YANG;
MEI YANG KO;
WING FUNG HOME REALTY GROUP INC.;
WING FUNG CHAU D/B/A WING FUNG REALTY GROUP

        Defendants.
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## MOTION TO DISMISS FILED BY DEFENDANT TU KANG YANG

Gary Rosen, Esq. (GR-8007)
Rosen Law LLC
Attorneys for Plaintiffs
216 Lakeville Road
Great Neck, New York 11020
516-437-3400

1


## **TABLE OF CONTENTS**

|   |   | **PAGE** |
|---|---|---|
| TABLE OF AUTHORITIES …………………………………………………… | | x |
| PRELIMINARY STATEMENT………………………...…………………… | | x |
| Argument ………………………………………………………………. | | x |
| I. | THE COMPLAINT CONTAINS SUFFICIENT ALLEGATIONS TO STATE A CAUSE OF ACTION AGAINST THE DEFENDANT TU KANG YANG UNDER RICO | x |
| II. | IN THE ALTERNATIVE PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT | x |
| Conclusion……………………………………………………………. | | x |

# **TABLE OF AUTHORITIES**

## **CASE LAW**

**CASE**                                                                                                   **PAGE**

Ashcroft v. Iqbal,
129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)………………………………….. 8, 9

Baisch v. Gallina, 346 F.3d 366 (2d Cir. 2003) ………………………………….. 12

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ………………….. 8, 9

Boyle v. United States, 556 U.S. 938, 129 S. Ct. 2237,
173 L. Ed. 2d 1265 (2009)…………………………………………………………… 11

Giuliano v. Everything Yogurt, Inc.,
819 F. Supp. 240 (E.D.N.Y. 1993)…………………………………………………… 10

Gutterman v. Herzog, No. 20CV1081AMDLB,
2020 WL 6728787 (E.D.N.Y. Nov. 16, 2020)………………………………………….. 9

Hayden v. Paterson,
594 F.3d 150, 160 (2d Cir. 2010)……………………………………………………… 9

Hayes v. New England Millwork Distributors, Inc.,
602 F.2d 15, 19-20 (1st Cir. 1979) ………………………………………………….. 13

Ideal Steel Supply Corp. v. Anza,
652 F.3d 310 (2d Cir. 2011)…………………………………………………………… 10

Landy v. Mitchell Petroleum Technology Corp.,
734 F.Supp. 608, 622 (S.D.N.Y.1990)……………………………………………….. 10

MB v. Islip Sch. Dist.,
2015 U.S. Dist. LEXIS 77916, 11 (E.D.N.Y. June 16, 2015)…………………….. 13

Rozier v. Financial Recovery Systems, Inc.,
2011 U.S. Lexis 61307 (E.D.N.Y. Jun. 7, 2011)………………………………… 8

Sanders v. Thrall Car Mfg. Co.,
582 F. Supp. 945, 952 (S.D.N.Y. 1983)………………………………………………13

State Farm Mut. Auto Ins. Co. v. CPT Medical Services, P.C.,
246 F.R.D. 143, 147 (E.D.N.Y. 2007)…….………..…………….………….. 13

Teachers Retirement Bd. v. Fluor Corp.,
654 F.2d 843, 856 (2d Cir. 1981)…………………………………………………….. 13

Vereins–Und Westbank AG v. Carter,
639 F.Supp. 620, 623 (S.D.N.Y.1986)…………………………………………….. 10

## STATUTES AND RULES

18 U.S.C. § 1961(4)……………………………………………………………………    1

18 U.S.C. §§ 1962(a)……………………………………………………………………. ............. 2

18 U.S.C. §§ 1962(c)……………………………………………………………………. ............. 2

18 U.S.C. §§ 1962(d)………………………………………………………………………… 2

Fed. R. Civ. P. 12(b)(6) …………………………………………………………………… 5, 8

Fed.R.Civ.P. 8(a)(2) ……………………………………………………………………. 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHEN XIA LIU AND CHEN HUA LIU

              Plaintiffs,

   - against -

HOK KWAI CHAU,
BO JIN ZHU,
WING FUNG CHAU, a/k/a WING FUNG CHAU,
SALENA CHAU;
TU KANG YANG;
MEI YANG KO;
WING FUNG HOME REALTY GROUP INC.;
WING FUNG CHAU D/B/A WING FUNG REALTY GROUP

              Defendants.
-------------------------------------------------------------X

Docket No: 20-cv-06369

HON. SENIOR JUDGE
FREDERIC BLOCK

MEMORANDUM OF LAW
IN OPPOSITION TO MOTION
TO DISMISS

      Plaintiffs through their counsel, respectfully submits this Memorandum in Opposition to the Motion to Dismiss filed by the Defendant Tu Kang Yang.

## PRELIMINARY STATEMENT

      This is an action for (a) violation of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"); (b) fraud; (c) fraudulent inducement; (d) breach of contract; and (e) various common-law and statutory causes of action based on defendants' frauds. Plaintiffs brings this action against defendants for compensatory and punitive damages arising from their fraudulent scheme to defraud buyers of houses; Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau, a/k/a Andy Chau's operation of a racketeering enterprise. Other defendants participated in the fraud, conspiracy, and racketeering activity with Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau.

Count Five and Count Seven are against Defendant Tu Kang Yang, along with other defendants. Count Five and Count Seven alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §§ 1962(c) and 1962(d).

It is respectfully submitted that at this pleading stage and on a Fed.R.Civ.P 12(b)(6) motion, without any discovery having been held, the complaint states cognizable causes of action against Defendant Tu Kang Yang on Count Five and Count Seven for violations of RICO.

Plaintiffs are two sisters who signed a contract to purchase a four family newly constructed house from 41-23 Haight Realty Inc. (the "Debtor") at 41-15 Haight Street, Flushing, New York (the "House").

Plaintiffs paid a deposit of $750,000 to 41-23 Haight Realty Inc. and lost nearly all of their deposit. A small portion of the $750,000 was recovered by Plaintiffs in the 41-23 Haight Realty Inc. bankruptcy action.

As of May 7, 2010, 41-23 Haight Realty Inc. had been the owner of the real property located at 41-13 to 41-23 Haight Street, Flushing, County of Queens, City and State of New York which includes the House (the "Debtor's Real Property").

The Debtor was the owner of the Real Property on June 4, 2019, when an involuntary Chapter 11 petition was filed against the Debtor In the United States Bankruptcy Court, Eastern District of New York under Case # 19-43441(NHL).

The Debtor was and is owned by and/or controlled by Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau, a/k/a Andy Chau who used the Debtor along with Defendant Wing Fung Home Realty Group Inc. to further their fraudulent scheme and racketeering scheme and enterprise of defrauding many individuals and entities of millions of dollars. Plaintiffs have lost their $750,000, which was, upon information and belief, taken by

Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau, and Plaintiffs did not obtain title to the House.

As articulated in this complaint, the evidence shows that there are many other individuals and purchasers within the Asian community who were defrauded of many millions of dollars by Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau, who have a history and pattern of committing fraud. As has been demonstrated and documented by the proceedings in various actions commenced in the Supreme Court, Queens County as well as the pending Bankruptcy proceedings for the Defendants' debtor corporation 41-23 Haight Realty Inc, Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau, prior to and during the pendency of the Bankruptcy proceeding, lured Asian buyers and investors into doing business with them, and trusting Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau because all are of Asian nationality, as are their victims.

Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau's modus operandi is and has been to defraud Asian buyers and investors, who are hardworking individuals and who entrusted the Defendants. Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau have been operating a racketeering enterprise defrauding many individuals and entities of millions of dollars, over a long period of time, and Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau are still doing so and victims need to be protected from Defendant Hok Kwai Chau, Defendant Bo Jin Zhu, and Defendant Wing Fung Chau.

As clearly and articulately set forth in the Complaint, Defendant Tu Kang Yang was a spoke in the wheel of a RICO enterprise.

Among the allegations specifically pled against Defendant Tu Kang Yang, it is alleged that Defendant Tu Kang Yang was and still is a silent partner with Defendant Wing Fung Chau.

At the time of the contracts of sale for the sale of houses, and later during the pendency of the bankruptcy proceeding, Defendant Tu Kang Yang was also Defendant Wing Fung Chau's silent partner at the time of the first "Stalking Horse" bid for the Debtor's Real Property. Defendant Tu Kang Yang *always knew* and was a willing and fully involved participant in Defendant Wing Fung Chau's elaborate and clandestine scheme to manipulate the sale of the Debtor's Real Property in a racketeering enterprise and conspiracy.

It is respectfully submitted that this is an ideal case of an actual RICO enterprise and conspiracy.

As alleged in the Complaint, prior to the conveyance of title to the Debtor's Real Property by the bankruptcy trustee, Defendant Tu Kang Yang and others perpetrated a scheme, attempting to defraud Plaintiffs and many other individuals and entities, to bid on purchasing the Debtor's Real Property, secretly and not disclosing that Defendant Tu Kang Yang was and had been a business associates of Defendant Wing Fung Chau. Defendant Tu Kang Yang defaulted on the First Stalking Horse bid to purchase the Debtor's Real Property by failing to make a payment of the multimillion dollar down payment for the First Stalking Horse purchase of the Debtor's Real Property.

Thereafter, Defendant Tu Kang Yang, in association with other Defendants, attempted to offer for sale and to immediately sell some of the Debtor's houses without and knowledge or consent of the bankruptcy trustee. Defendant Tu Kang Yang along with the other Defendants conducted an "open house" on May 20, 2020 where they sought potential purchasers for the Debtor's houses. Thereafter, as a result of the discovery of this scheme, on June 26, 2020, the Bankruptcy Court granted a Preliminary Injunction ordering and prohibiting Defendant Tu Kang Yang (Wing Fung Chau's partner), from interfering with, or taking any adverse action against,

the properties within the Debtor's assets, which enjoined from soliciting or accepting any funds in relation to Debtor's Real Property.

In support of his motion to dismiss, Defendant Tu Kang Yang has submitted his own Declaration in an effort to distance himself and exonerate himself from the allegations made against him personally. Defendant Tu Kang Yang acknowledged that on or about March 20, 2020, he with Salena Chau, made a stalking horse bid (the "Bid") to acquire the Debtor's Real Property. He also acknowledged that because he was unable to secure the necessary funds to support the Bid, resulting in the bankruptcy court's grant of the bankruptcy trustee's motion to retain the balance of the partial deposit he had made in connection with the Bid. Defendant Tu Kang Yang boldly asserts that he played no part in directing the affairs of any of the other Defendants in this action.

Unbelievably, Defendant Tu Kang Yang claims to have never had any business interactions, of any kind, with the Plaintiffs prior to the above-noted action. Defendant Tu Kang Yang also claims to have never been an owner, shareholder, or officers of the Debtor, nor to have played any part in directing the affairs of the Debtor.

As can be seen herein, there are substantial issues of fact contesting Defendant Tu Kang Yang's claims of innocence that are not proper for deciding pursuant to FRCP 12(b)(6).

Initially, this Court should take judicial notice of various pleadings and filings that dispute Defendant Tu Kang Yang's effort to distance himself and exonerate himself from the allegations made against him and his co-defendants.

The fact is that Tu Kang Yang and Wing Fung Chau were co-plaintiffs in a lawsuit. The lawsuit is entitled <u>Tu Kang Yang and Wing Fung Chau v. 45 John Lofts LLC</u>, et.al., Index No. 161844/2014, Supreme Court of the State of New York, County of Queens. Tu Kang Yang and Wing Fung Chau were partners.

In the complaint in <u>Tu Kang Yang and Wing Fung Chau v. 45 John Lofts LLC</u>, et.al., Tu Kang Yang and Wing Fung Chau stated that "On or about February 4, 2014, Plaintiffs and defendants entered into a written agreement wherein, plaintiffs agreed to lend defendants the sum of $4,000,000.00 and defendants agreed to repay the said loan by August 5, 2014 plus $1,920,000.00 preferred return".

There is no question that Tu Kang Yang and Wing Fung Chau conspired together with regard to the real property which is the subject of this action, as shown herein and in the Declaration of Gary Rosen, Esq. in opposition to this motion to dismiss. Additionally, Tu Kang Yang and Wing Fung Chau violated the provisions of RICO as fully articulated in the complaint.

In action commenced in Supreme Court, Queens County, Index # 161844/2014 Defendant Tu Kang Yang, along with is partner Wing Fung Chau, sued <u>45 John Lofts, LLC</u> in regard to their claim involving breach of contract **(Exhibit "1").** This matter was thereafter removed to Federal Court when 45 John Lofts, LLC filed for Bankruptcy protection. Attached is a copy of their proof of claim filed on behalf of both Defendant Tu Kang Yang and Defendant Wing Fung Chau. **(Exhibit "2").**

Additionally, Defendant Tu Kang Yang should be collaterally estopped to deny that he has already been found by the Bankruptcy Court to be Defendant "Wing Fung Chau's partner". **(See Exhibit "3", the "Restraining Order" dated June 26, 2020)** Defendant Tu Kang Yang, having appeared and participated in the Bankruptcy proceeding prior to this Order, had an opportunity to contest this finding that he is and has been Defendant Wing Fung Chau's partner. Beyond determining that Defendant Tu Kang Yang was Defendant Wing Fung Chau's partner, this Restraining Order is important in establishing Defendant Tu Kang Yang's conspiracy to defraud the Bankruptcy Trustee when he and others attempted to sell part of the Debtor's assets in violation of the Court's and the Trustee's sole authority to dispose of the Debtor's assets.

6

Defendant Tu Kang Yang's involvement in this conspiracy was detailed in a supporting motion papers submitted there.

Xue Mei Chen, one of the purchasers of a house at the Debtor's Real Property, submitted his Declaration to support an order to show cause to enjoin and restrain among others, Defendant Tu Kang Yang (Defendant Wing Fung Chau's partner), from interfering with the assets of the Debtor, including the Debtor's Real Properties **(See Exhibit "4" the "Declaration in Support" – "Chen's Declaration")**. Xue Mei Chen detailed how Defendant Tu Kang Yang and Dongmei Li were Defendant Wing Fung Chau's partners. Xue Mei Chen had entered into a contract of sale with the Debtor on June 11, 2012 to purchase one of the houses, specifically, the house located at 41-23 Haight Street, Flushing, New York.

As stated in Chen's Declaration, on June 4, 2019, an involuntary Chapter 11 petition was filed. Nevertheless, on May 20, 2020, Xiu Qin Shi (Amy), Defendant Wing Fung Chau's wife contacted people to attend an open house at the Debtor's Real Property. Defendant Tu Kang Yang appeared at this Open House. There were around 100 people who also appeared at this open house (Chen's Declaration). Xue Mei Chen and his son went to the open house and took some videos of the open house.

Xiu Qin Shi stated that Xue Mei Chen could not get the title of the House of the Debtor's Real Property even though he put a down payment of $150,000 because Xue Mei Chen had listed his name on the Bankruptcy creditors' list.

Xue Mei Chen also stated that on May 28, 2020, Defendant Tu Kang Yang sent the Contract of Sale that Xue Mei Chen had signed to his son. From June 2, 2020 to June 10, 2020, Xiu Qin Shi told Xue Mei Chen to immediately pay $350,000.00 to purchase a house the balance of the purchase price would be paid later, otherwise she would sell his condo unit to another

person. On June 10, 2020, Xiu Qin Shi told Xue Mei Chen that she could provide the keys to the condo unit to him and he could move in immediately if he paid her $350,000.00.

As a result of Defendant Tu Kang Yang involvement in the foregoing, the Bankruptcy Court granted an Order restraining Defendant Tu Kang Yang form any acts that impaired or interfered with the Debtor's estate or real property. **(See Exhibit "3", Order dated June 26, 2020).**

## ARGUMENT
## POINT I
## THE COMPLAINT CONTAINS
## SUFFICIENT ALLEGATIONS TO PLEAD A CLAIM FOR RELIEF

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) must establish that a complaint fails to meet the liberal notice pleading standard of Fed.R.Civ.P. 8(a)(2), requiring provision of "a short and plain statement of the claim showing that the pleader is entitled to relief.". In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court accepts the truth of the facts alleged in the complaint and draws all reasonable inferences in the Plaintiffs' favor.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Rozier v. Financial Recovery Systems, Inc., 2011 U.S. Lexis 61307 (E.D.N.Y. Jun. 7, 2011) citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint should not be dismissed for failure to state a claim unless it is beyond doubt that the Plaintiffs can prove no set of facts in support of his claim that would entitle it to relief.

8

As stated in <u>Gutterman v. Herzog</u>, No. 20CV1081AMDLB, 2020 WL 6728787 (E.D.N.Y. Nov. 16, 2020), "a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp., Id.</u> "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft, Id.</u> Pleadings are to be construed in the light most favorable to the plaintiff. <u>Hayden v. Paterson</u>, 594 F.3d 150, 160 (2d Cir. 2010)."

The various points raised by Defendant Tu Kang Yang, in regard to the claimed deficiencies of the Fifth Count of Plaintiffs' Complaint are all unfounded and otherwise refuted by Plaintiffs' submissions herein. There is more than a single predicate act alleged, there is in fact a pattern of racketeering activity. Defendant Tu Kang Yang's concealment of his involvement with the Debtor's principals in Defendant Tu Kang Yang's failed stalking horse bid, along with his concealment of his prior business relationship with Defendant Wing Fung Chau, Defendant Tu Kang Yang's complicity in the open house scam to entice and defraud new potential purchasers of condo units within the Debtor's Real Property without Bankruptcy Court or Trustee authority and in violation of stay provisions.

Among the allegations stated in the Complaint include activities during the period since at least 2010, when Defendants, including Defendant Tu Kang Yang, engaged in "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5). Defendants, including Tu Kang, as partners devised and engaged in a series of schemes and artifices to defraud the purchasers of the condo units of the Debtor's Real Property, including Plaintiffs, and caused matters to be mailed and delivered by the U.S. Postal Service. This pattern of activity included entering into multiple sales contracts for the same unit to different purchasers, concealing prior business affiliations with the principals of the Debtor when attempting a stalking horse purchase of the Debtor's Real Property at below-market value, by assisting and facilitating a scheme to

9

solicit new purchasers for the Debtor's Real Property without authority of the Bankruptcy Court or the Trustee and in violation of stay provisions. In addition, for the purposes of executing such schemes and artifices to defraud, Defendants requested payments from house purchasers, including Plaintiffs, some of whom lived out of state and transmitted payments by means of US Postal Service or wire communications in interstate commerce.

In Ideal Steel Supply Corp. v. Anza, 652 F.3d 310 (2d Cir. 2011), the Court, on appeal, reinstated the complaint finding that the plaintiff's RICO allegations did sufficiently alleged harm proximately due to the defendant's activities. In doing so the Court stated: "… assuming the truth of the Complaint's allegations and of evidence in the record supporting those allegations, if defendants' investment of the proceeds of their alleged pattern of mail and wire frauds has not sufficiently directly harmed Ideal to meet the standard of proximate cause, we find it difficult to envision anyone who could show injury proximately caused by that investment—or to fathom to whom Congress meant to grant a private right of action under subsection (a). We conclude that the district court erred in dismissing Ideal's Complaint pursuant to Rule 12(c)."

As the Court stated in Giuliano v. Everything Yogurt, Inc., 819 F. Supp. 240 (E.D.N.Y. 1993) "a complaint need not specify the time, place and content of each mail communication where the nature and mechanics of the underlying scheme is sufficiently detailed, and it is enough to plead the general content of the misrepresentation without stating the exact words used," Center Cadillac, 808 F.Supp. at 229; Vereins–Und Westbank AG v. Carter, 639 F.Supp. 620, 623 (S.D.N.Y.1986); Galerie Furstenberg, 697 F.Supp. at 1288, especially where the information is exclusively in the possession of the defendants. Landy v. Mitchell Petroleum Technology Corp., 734 F.Supp. 608, 622 (S.D.N.Y.1990); Grunwald, 668 F.Supp. at 131."

These Complaint allegations go well beyond "upon information and belief", are based upon State and Bankruptcy Court records, more that satisfying pleading requirements.

10

While Defendant Tu Kang Yang's Declaration attempts to distance himself from his co-Defendants, the record here supports Plaintiffs' allegations that Defendant Tu Kang Yang assisted and facilitated the operation of the schemes in the RICO enterprise as alleged in the Complaint. It is hard for Defendant Tu Kang Yang to distance himself from the Bankruptcy Court finding that Defendant Tu Kang Yang is and was Defendant Wing Fung Chau's partner as well as a co-plaintiffs in a prior litigation, see **Exhibit "1"**.

The Complaint more than sufficiently pleads the existence of a RICO enterprise. The record of fraudulent sales to multiple purchasers for the same condo units, the record of Wing Fung Chau's fraudulent ACRIS recording to back date a favored claimant's status, and the open house scheme to entice and defraud new potential purchasers of Debtor's condo units with Bankruptcy Court or Trustee authority and in violation of stay provisions.

In Boyle v. United States, 556 U.S. 938, 945, 129 S. Ct. 2237, 173 L. Ed. 2d 1265 (2009) the Supreme Court stated that: "an enterprise includes any union or group of individuals associated in fact" and that RICO reaches "a group of persons associated together for a common purpose of engaging in a course of conduct." 452 U.S., at 580, 583, 101 S.Ct. 2524. Such an enterprise, we said, "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." Id., at 583, 101 S.Ct. 2524." The efforts and activities alleged about the Defendants satisfy this requirement.

The Complaint adequately alleges that Defendant Tu Kang Yang had agreed to conspire with other co-Defendants to commit a pattern of racketeering activity. These allegations are supported by specific facts which include Defendant Tu Kang Yang's concealment of his involvement with the Debtor's principals in Defendant Tu Kang Yang's failed stalking horse attempt, along with his concealment of his prior business relationship with Defendant Wing Fung Chau, Defendant Tu Kang Yang's complicity in the open house scam to entice and defraud new

11

potential purchasers of Debtor's condo units with Bankruptcy Court or Trustee authority and in violation of stay provisions.

These Complaint allegations go well beyond "upon information and belief", are based upon State and Bankruptcy Court records, more that satisfying pleading requirements. While Defendant Tu Kang Yang's Declaration attempts to distance himself from his co-Defendants, the record here supports Plaintiffs' allegations that Defendant Tu Kang Yang assisted and facilitated the operation of the schemes in the RICO enterprise alleged in the Complaint. It is hard for Defendant Tu Kang Yang to distance himself from the Bankruptcy Court finding that Defendant Tu Kang Yang is and was Defendant Wing Fung Chau's partner.

Finally, Defendant Tu Kang Yang would like this Court to believe that his activities caused no injury to Plaintiffs. Defendant Tu Kang Yang would have this Court ignore the diminished Plaintiffs' bankruptcy claim due to successive Stalking Horse failed bids that reduced the final auction price/fair market value of Debtor's assets, which further reduced funds available to pay bankruptcy claims including Plaintiffs' claim in Bankruptcy.

As the Court noted in <u>Baisch v. Gallina</u>, 346 F.3d 366 (2d Cir. 2003), "The allegation of harm or injury suffered by Plaintiffs is sufficient in their RICO claim. The racketeer does not necessarily intend to harm the specific victim. He or she may, instead, intend no more than to create a substantial risk of injury to the victim. In a Ponzi scheme, for example, the racketeer targets investors through fraud, but he does not consciously intend for those investors to lose their money; he simply wants to perpetuate the Ponzi scheme for as long as possible. Similarly, in a case where a racketeer collects loans under false pretenses, he may intend to repay the loan so that no one suffers an injury, but he has fraudulently created a high risk of default, and the plaintiff may be injured as a result of that risk. Where a racketeering enterprise intends no specific harms to any particular individual, but causes harm by the creation of substantial risk of

harm, the victim injured by that enterprise's harm may have RICO standing under *Abrahams.*" The substantial risk of harm and injury to Plaintiffs obtaining full recovery from the Bankruptcy Court proceedings due to Defendants' fraudulent activities will permit a valid claim for recovery.

## POINT II
## IN THE ALTERNATIVE PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT

Fed.R.Civ.P 15 governs amendments to pleadings and provides, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave.. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). MB v. Islip Sch. Dist., 2015 U.S. Dist. LEXIS 77916, 11 (E.D.N.Y. June 16, 2015).

It is respectfully submitted that leave to amend the complaint should be granted in the in the alternative in the interests of justice.

There is no undue delay on the part of the Plaintiffs, as Plaintiffs wishes to proceed expeditiously with this action. There is no bad faith shown by the Plaintiffs in filing an amended complaint if one is required.

Generally, mere delay, without a showing of bad faith or prejudice on the part of the Plaintiffs, would not constitute a basis for denying a motion to amend the complaint. State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). However, after "'a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay.'" Sanders v. Thrall Car Mfg. Co., 582 F. Supp. 945, 952 (S.D.N.Y. 1983) (quoting Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, 19-20 (1st Cir. 1979) (internal quotations omitted); see State Farm Mut. Auto Ins. Co. v. CPT Medical Services, P.C., 246 F.R.D. 143, 147 (E.D.N.Y. 2007). There has been no delay and no neglect on the part of the Plaintiffs as the defendants recently answered the complaint and/or moved to dismiss.

13

## **CONCLUSION**

It is respectfully submitted that the Defendant's Motion to Dismiss should be denied in its entirety for the reasons set forth herein.

Dated: June 30, 2021
      Great Neck, New York

                                      Respectfully submitted,

                                      Gary S. Rosen, Esq. (GR-8007)
                                      Rosen Law LLC
                                      Attorneys for Plaintiffs
                                      216 Lakeville Road
                                      Great Neck, New York 11020
                                      516-437-3400
                                      grosen@rosenlawllc.com