UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                          Chapter 11

41-23 HAIGHT STREET REALTY INC.,                                Case No.: 19-43441 (NHL)

               Debtor.
---------------------------------------------------------------x

## ORDER GRANTING THE CHAPTER 11 TRUSTEE'S INJUNCTIVE RELIEF

Upon the Consent Order Resolving the Motion of the Chapter 11 Trustee to Enforce the Automatic Stay as against Wing Fung Chau a/k/a Andy Chau entered by the Court on November 12, 2019 [dkt. no. 90], amended on December 1, 2019 [dkt. no. 100], the terms of which are incorporated herein by reference; and upon the Declaration in Support of Order to Show Cause and Temporary Restraining Order filed by Ming Yun Yang dated June 8, 2020 (the "Yang TRO") [dkt. no. 161]; and upon the Declaration in Support of the Order to Show Cause and Temporary Restraining Order filed by LDWS, LLC and the Affidavit of Xiu Mei Chen on June 15, 2020 (the "LDWS, LLC and Chen TRO") [dkt. no. 165]; and the Court having conducted an initial telephonic hearing on the relief sought by the Yang TRO on June 10, 2020, which was adjourned to June 15, 2020 (the "June 15 Hearing"); and the Court having conducted the June 15 Hearing on both the Yang TRO and LDWS, LLC and Chen TRO, at which the Court "So Ordered" the record, which is incorporated herein by reference; and upon the application dated June 17, 2020 (the "Trustee's Application")[1] [dkt. no. 167] of Gregory Messer, solely in his capacity as the Chapter 11 Trustee (the "Trustee") of the 41-23 Haight Street Realty Inc. a/k/a 41-23 Haight Realty Inc. (the "Debtor"), by his counsel, seeking the entry of an Order temporarily restraining Wing Fung Chau a/k/a Andy Chau, Xiu Qin Shi a/k/a Amy Shi (Wing Fung Chau's wife and statutory insider of the

---

[1] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Trustee's Application.

Debtor), Mei Yang Ko (Wing Fung Chau's mother and statutory insider of the Debtor), Salena Chau (Wing Fung Chau's daughter and statutory insider of the Debtor), Bo Jin Zhu (shareholder of Debtor), Hok Kwai Chau (a statutory insider of Debtor), Chun Yin Chen (a statutory insider of Debtor), Tu Kang Yang (Wing Fung Chau's partner), Dongmei Li, 77 Shi Inc., Ken Chung, and any of their representatives, agents or any other party purporting to act on behalf of, or in concert with, these individuals (collectively, the "Parties") from interfering with, or taking any adverse action against, the administration of the Debtor's estate, including, but not limited to, those actions that may violate 11 U.S.C. § 362, and the sale of the Debtor's real properties located in Queens County and identified as Block 5063, Lots 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 and 55 Haight Street, Flushing, New York 11355 (collectively, the "Real Property") and for related relief; and upon the Affirmation Pursuant to Rule 7065 of the Federal Rules of Civil Procedure; and upon the Affirmation Pursuant to Local Bankruptcy Rule 9077-1; and there having been no objections to the relief being sought in the Trustee's Application, ***although counsel to some of the Parties expressed disagreement with characterizations and allegations being made (NHL)***; and upon the Court having conducted a telephonic hearing on shortened notice on Tuesday, June 23, 2020 at 4:30 p.m. to consider the Trustee's Application, the record of which is incorporated herein by reference; and after due deliberation and sufficient cause appearing, therefore, it is hereby

**ORDERED**, that the Trustee's Application is granted as set forth herein; and, it is further

**ORDERED**, that the Trustee and his retained professionals shall have exclusive control of the Real Property and none of the Parties shall interfere with the Trustee's control and possession of the Real Property; and, it is further

**ORDERED**, that such interference by the Parties with the Trustee's control and possession of the Real Property shall be deemed a violation of the automatic stay under Bankruptcy Code § 362; and, it is further,

**ORDERED**, that the Parties shall be prohibited from entering the Real Property and entering the Real Property shall be deemed a violation of the automatic stay under Bankruptcy Code § 362; and, it is further

**ORDERED**, that the Parties are enjoined from interfering with, or taking any adverse action against, any and all property of the Debtor's estate, including, but not limited to, the Real Property and such interference or adverse action shall be deemed a violation of the automatic stay under Bankruptcy Code § 362; and, it is further,

**ORDERED**, that the Parties are enjoined from taking any action or contacting any party interested in purchasing the Real Property for the purpose of, among other things, preventing such party from making an offer for the Real Property, soliciting offers to purchase the Real Property or accepting down payments in cash or other property for the purchase of the Real Property, or contacting any of the creditors of this estate for the purpose of intimidating or threatening any such creditor in connection with this case and such actions shall be deemed a violation of the automatic stay under Bankruptcy Code § 362; and, it is further,

**ORDERED**, that the Parties are enjoined from soliciting or accepting any funds from the creditors with pre-petition contracts for the purpose of purchasing any unit and/or townhouse of the Real Property and such actions shall be deemed a violation of the automatic stay under Bankruptcy Code § 362; and, it is further,

**ORDERED**, that this Court shall retain exclusive jurisdiction over the Real Property during the pendency of this case and over any controversy related to the enforcement of this Order; and it is further

**ORDERED**, that the Trustee is authorized to take such steps, execute such documents and expend such funds, including, but not limited to, the translation of this Order into Mandarin, as may be reasonably necessary to effectuate and implement the terms and conditions of this Order.



**Dated: June 26, 2020**
**Brooklyn, New York**

_Nancy Hershey Lord_
**Nancy Hershey Lord**
**United States Bankruptcy Judge**