UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHEN XIA LIU and CHEN HUA LIU,

                Plaintiffs,                        Index No.: 20-cv-6369-FB-RER

   -against-

HOK KWAI CHAU,
BO JIN ZHU,
WING FUNG CHAU, a/k/a ANDY CHAU,
SALENA CHAU,
TU KANG YANG,
MEI YANG KO,
WING FUNG HOME REALTY GROUP INC.,
WING FUNG CHAU D/B/A
WING FUNG REALTY GROUP

                Defendants.
------------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TU KANG YANG'S MOTION TO DISMISS**

 

HUANG, CHEN & WU PLLC
Xue Huang, Esq.
*Attorneys for Defendant*
*TU KANG YANG*
38-08 Union Street, Suite 9B
Flushing, New York 11354
718-886-5900

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    PLAINTIFFS FAILED TO MEET THE RULE 9(B) PLEADING STANDARD.............. 2

    II.   PLAINTIFFS HAVE IMPROPERLY ATTEMPTED TO CURE THEIR DEFICIENT COMPLAINT BY PLEADING NEW FACTUAL ALLGATIONS IN THEIR OPPOSITION 3

    III.  COUNTS V AND VII OF THE RICO CLAIMS AGAISNT DEFENDANT YANG SHOULD BE DISMISSED ................................................................................................ 4

        A.    Plaintiffs Have Not Pleaded the Existence of a RICO Enterprise ................................ 4

        B.    Plaintiffs Have not Pleaded that Defendant Yang Operated or Managed the Affairs of a RICO Enterprise. ................................................................................................... 6

        C.    Plaintiffs Have Not Pleaded Any Injuries Caused by Defendant Yang's Actions ....... 6

        D.    Plaintiffs Have Not Pleaded the Required Number of Predicate Acts to Form a Pattern of Racketeering Activity ............................................................................... 7

        E.    Plaintiffs Have Not Pleaded Any Conspiracy to Violate RICO Against Defendant Yang ………………………………………………………………………………..8

    IV.  Plaintiffs Should Not be Granted Leave to Amend the Complaint Because it Would Be Futile ................................................................................................................................. 9

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

Allstate Ins. Co. v. Batsiyan,
  No. CV 05-5933(SJ)(VVP), 2008 WL 11434462 (E.D.N.Y. Mar. 12, 2008)……………...8

Cedar Swamp Holdings, Inc. v. Zaman,
  487 F. Supp. 2d 444 (S.D.N.Y. 2007)……………………………………...…....4, 5

City of New York v. Chavez,
  944 F. Supp. 2d 260 (S.D.N.Y. 2013)……………………………………………...5

Cofacredit, S.A. v. Windsor Plumbing Supply Co.,
  187 F.3d 229 (2d Cir. 1999)……………………………………………………….....8

Cruz v. FXDirectDealer, LLC,
  720 F.3d 115 (2d Cir. 2013)……………………………………………………….6

Dietrich v. Bauer,
  76 F. Supp. 2d 312 (S.D.N.Y. 1999)……………………………………………10

First Nationwide Bank v. Gelt Funding, Corp.,
  820 F. Supp. 89 (S.D.N.Y. 1993)…………………………………..…………..5

Foman v. Davis,
  371 U.S. 178 (1962)……………………………………………………….....9

Halvorssen v. Simpson,
  807 Fed.Appx. 26 (2d Cir. 2020)…………………………………………….....8

Holmes v. Securities Investor Protection Corp.,
  503 U.S. 258 (1992)…………………………………………………………….....7

Ideal Steel Supply Corp. v. Anza,
  373 F.3d 251 (2d Cir. 2004)………………………………………….................7

In re American Express,
  39 F.3d 395 (2d Cir. 1994)……………………………………………………7, 9

In re China Mobile Games & Entm't Grp., Ltd. Sec. Litig.,
  No. 14 Civ. 447 (KMW), 2016 WL 922711 (S.D.N.Y. Mar. 7, 2016)……………….…3

In re GeoPharma, Inc. Sec. Litig.,

    399 F.2d 432 (S.D.N.Y. 2005)……………………………………………………….3

John Hancock Life Ins. Co. v. Amerford Int'l Corp.,

    22 F.3d 458 (2d Cir. 1994)……………………………………………………………9

Lundy v. Cath. Health Sys. of Long Island Inc.,

    711 F.3d 106 (2d Cir. 2013)……………………………………………………...2, 10

New York Automobile Insurance Plan v. All Purpose Agency and Brokerage, Inc.,

    No. 97 Civ. 3164(KTD), 1998 WL 695869 (S.D.N.Y. Oct. 6, 1998)…………………….5

Reich v. Lopez,

    858 F.3d 55 (2d Cir. 2017)…………………………………………………………...8

Reves v. Ernst & Young,

    507 U.S. 170, 113 S. Ct. 1163 (1993)……………………………………………….6

Ruffolo v. Oppenheimer & Co., Inc.,

    987 F.2d 129 (2d Cir. 1993)………………………………………………………......9

Southwick Clothing LLC v. GFT (USA) Corp.,

    NO. 99-CV-10452, 2004 WL 2914093 (S.D.N.Y. Dec. 15, 2004)……………..………….3

United States v. Burden,

    600 F.3d 204 (2d Cir. 2010)………………………………………………………......8

Wilson v. Toussie,

    260 F. Supp. 2d 530 (E.D.N.Y. 2003)……………………………………………….10

Wright v. Ernst & Young LLP,

    142 F.3d 169 (2d Cir. 1998)………………………………………………………….3

**Statutes**

18 U.S.C. § 1962(a)…………...……………………………………………………………….10

18 U.S.C. § 1962(c)……………………………………………………………………....…..4, 6, 8, 10

18 U.S.C. § 1962(d)…..………………………………………………………………….....…4, 8, 10

**PRELIMINARY STATEMENT**

Defendant Yang submits this reply memorandum in further support of his motion to dismiss Count V, VI and VII - the only counts against Defendant Yang - of the Plaintiffs' Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

As discussed in Defendant Yang's initial memorandum, the Complaint should be dismissed as against Defendant Yang because it fails to allege: (A) the existence of a RICO enterprise, (B) the operation or management of the alleged RICO enterprise by Defendant Yang; (C) that Plaintiffs' injuries were caused by any actions of Defendant Yang; (D) the commitment of the required number of predicate acts to form a pattern of racketeering activity by Defendant Yang; (E) any racketeering income or investment of such income by Defendant Yang; and (F) any act of conspiracy to violate RICO by Defendant Yang.

At the outset, it should be noted that Plaintiffs' opposition papers offer neither argument nor support to oppose Defendant's motion to dismiss Court VI of the Complaint as against Defendant Yang. Therefore, Defendant Yang respectfully request the Court to dismiss Count VI of the Complaint as against Defendant Yang.

Plaintiffs attempted to cure the deficiencies contained in the Complaint by improperly introduceing a host of new alleged facts in their opposition papers. The newly introduced allegations relate to: (i) the case <u>Yang v. 45 John Lofts LLC</u>, a case initiated in 2014 by Defendants Yang and Wing Fung Chau, to which Plaintiffs were not a party; and (ii) the Haight Realty bankruptcy proceeding. The improperly introduced allegations in the opposition papers should be disregarded by the Court. However, even with the newly introduced allegations, Plaintiffs' pleadings are still deficient, and should be dismissed. Therefore, Plaintiffs' request to amend their pleadings should be denied because the attempt would be futile.

1

The inescapable fact is that Plaintiffs have not alleged any fraud on the part of Defendant Yang, and that Defendant Yang's only action was making a failed stalking horse bid on the Haight Realty properties in bankruptcy. Based on the foregoing pleading deficiencies, the Complaint should be dismissed in its entirety as against Defendant Yang.

## ARGUMENT

### I. PLAINTIFFS FAILED TO MEET THE RULE 9(B) PLEADING STANDARD

Where a RICO claim is predicated on allegations of fraud, committed by a defendant, the complaint must meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b). Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 119 (2d Cir. 2013).

Plaintiffs acknowledge in the opposition papers that their claims revolve around allegations of a fraudulent scheme. See Pls.' Opp'n at 2. However, the Complaint fails to identify a single statement by Defendant Yang that was allegedly false or misleading. In fact, the Complaint provides no specificities as to when and where the statements were made by Defendant Yang.

In their Opposition, Plaintiffs contend that their pleadings are sufficient by making conclusory statements that Defendants, including Defendant Yang, acted as partners to devise and engage in a series of schemes to defraud purchases or condo units, concealed prior business affiliations with the principals of the Debtor when attempting a stalking horse purchase, and requested payments from Plaintiffs using the U.S. Postal Service or wire communications.

Plaintiffs have attempted to include Defendant Yang in their claims despite specifically leaving out Defendant Yang from their allegations of fraud against the Chau Family Defendants. These conclusory statements gloss over the fact that Defendant Yang is not party to any contracts regarding the Haight Realty properties, had nothing to disclose in making the stalking horse bid, and never requested any payments from Plaintiffs for any reason. In short, these allegations have

nothing to do with Defendant Yang, and they were made merely string Defendant Yang along in this action.

Moreover, Plaintiffs' entire argument hinges on an incorrect assertion that Defendant Yang has somehow committed fraud by making a failed stalking horse bid on the Haight Realty properties which actually increased the value of the debtor's estate.

It should be noted that the Complaint even fails to correctly identify who Defendant Yang was, misidentifying him as Defendant Mei Yang Ko's granddaughter. To misidentify a party to this extent clearly does not satisfy the particularity requirements of Rule 9(b) and raises serious questions of whether or not Plaintiffs even know who Defendant Yang was.

## II. **PLAINTIFFS HAVE IMPROPERLY ATTEMPTED TO CURE THEIR DEFICIENT COMPLAINT BY PLEADING NEW FACTUAL ALLGATIONS IN THEIR OPPOSITION**

It is well understood that a plaintiff cannot amend its pleading through its opposition papers Wright v. Ernst & Young LLP, 142 F.3d 169, 178 (2d Cir. 1998). Where a plaintiff does attempt to plead new facts in their papers opposing a motion to dismiss, the court should disregard the newly added allegations. In re China Mobile Games & Entm't Grp., Ltd. Sec. Litig., No. 14 Civ. 447 (KMW), 2016 WL 922711 at *5 n.9 (S.D.N.Y. Mar. 7, 2016); In re GeoPharma, Inc. Sec. Litig., 399 F.2d 432, 445 n. 100 (S.D.N.Y. 2005); Southwick Clothing LLC v. GFT (USA) Corp., NO. 99-CV-10452, 2004 WL 2914093, at * 6 (S.D.N.Y. Dec. 15, 2004).

Plaintiffs introduced for the first time several new allegations against Defendant Yang. Plaintiffs' newly introduced allegations relate to:

(i)   the case Yang v. 45 John Lofts, LLC, a case initiated by Tu Kang Yang and Wing Fung Chau, as plaintiffs, in 2014. The 45 John Lofts, LLC case is completely unrelated to the instant action, does not involve any allegations of fraud against Defendants Yang or Wing Fung Chau, and was for a completely unrelated business venture; and

3

(ii)   the Haight Realty bankruptcy proceeding, including allegations that Defendant Yang was present at an open house with around 100 other people, Defendant Yang sent a contract of sale to Xue Mei Chen's son, and additional allegations regarding the Temporary Restraining Order.

Plaintiffs also introduced several exhibits in their opposition for the first time. The exhibits include documents related to the 45 John Lofts, LLC case, the Order Granting the Chapter 11 Trustee's Injunctive Relief, the Declaration of Xue Mei Chen, and the Declaration of Gary Rosen, Esq., Plaintiffs' counsel.

The allege facts introduced for the first time in the opposition was an attempt to characterize Defendant Yang and Defendant Wing Fung Chau as partners. Despite the futility of this attempt, the newly introduced allegations in the opposition papers should be disregarded by the Court.

### III.   COUNTS V AND VII OF THE RICO CLAIMS AGAISNT DEFENDANT YANG SHOULD BE DISMISSED

As discussed in Defendant Yang's initial memorandum, Plaintiffs' claims under 18 U.S.C. §§ 1962(c), 1962(d) should be dismissed as to Defendant Yang because the Complaint fails to adequately allege (A) the existence of a RICO enterprise; (B) the operation or management of the alleged RICO enterprise by Defendant Yang; (C) Plaintiffs' injuries were caused by any actions of Defendant Yang; (D) the commission of the required number of predicate acts to form a pattern of racketeering activity by Defendant Yang; and (E) any act conspiracy to violate RICO by Defendant Yang.

#### A.  Plaintiffs Have Not Pleaded the Existence of a RICO Enterprise

A RICO enterprise cannot consist of a "hub-and-spokes" structure – that is, allegations that a common defendant perpetrated various independent frauds, each with the aid of a different co-defendant – do not satisfy the enterprise element of a RICO claim. Cedar Swamp Holdings, Inc. v.

4

Zaman, 487 F. Supp. 2d 444, 450 (S.D.N.Y. 2007); New York Automobile Insurance Plan v. All Purpose Agency and Brokerage, Inc., No. 97 Civ. 3164(KTD), 1998 WL 695869 (S.D.N.Y. Oct. 6, 1998); City of New York v. Chavez, 944 F. Supp. 2d 260 (S.D.N.Y. 2013).

Especially, where a plaintiff fails to allege how the "hub" and each of the "spokes" joined together as a group to defraud the plaintiff, a "hub-and-spokes" association does not constitute a RICO enterprise. City of New York v. Chavez, 944 F. Supp. 2d 260, 272 (S.D.N.Y. 2013) (citing First Nationwide Bank v. Gelt Funding, Corp., 820 F. Supp. 89, 98 (S.D.N.Y. 1993). To show the sufficiency of a "hub-and-spokes" association, there must be allegations or evidence of "each defendant's necessary and symbiotic contribution to the overall scheme. City of New York v. Chavez, 944 F. Supp. 2d 260, 272 (S.D.N.Y. 2013) (quoting Cedar Swamp Holdings, Inc. v. Zaman, 487 F. Supp. 2d 444, 450 (S.D.N.Y. 2007)).

Plaintiffs allege in their opposition papers that "Defendant Tu Kang Yang was a spoke in the wheel of a RICO enterprise." Pls.' Opp'n at 3. To support this allegation, Plaintiffs allege for the first time that Defendants Yang and Wing Fung Chau were co-plaintiffs in the case of Yang v. 45 John Lofts, LLC, an unrelated matter which does not involve any allegations of fraud against Defendants Yang. Plaintiffs' argument is without merit, it leads to an unreasonable conclusion that doing any business with a RICO defendant will establish participation in a RICO enterprise.

Plaintiffs' allegations regarding Defendant Yang's association with the other Defendants can be boiled down to allegations that he had previously done business with Defendant Wing Fung Chau, that Defendant Yang made a failed stalking horse bid on the Haight Realty properties in bankruptcy, and that Defendant Yang was present at an open house where approximately 100 other people were present. These conclusory allegations are insufficient to establish the existence of a RICO enterprise that involves Defendant Yang.

### B. Plaintiffs Have not Pleaded that Defendant Yang Operated or Managed the Affairs of a RICO Enterprise.

As stated in Defendant Yang's initial memorandum, to violate § 1962(c), the defendant must operate or manage the enterprise's affairs, not merely its own affairs. Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 121 (2d Cir. 2013). The defendant must be aware of the enterprise's conduct and play some role on behalf of the enterprise. Id. at 120-21. Specifically, to be guilty of a violation of § 1962(c), "one must participate in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170, 113 S. Ct. 1163, 1173 (1993) (noting that the verb "conduct" means "to lead, run, manage, or direct.").

Neither the Complaint nor the opposition papers allege that Defendant Yang did anything to "conduct" the alleged enterprise. The allegations contained in the Complaint consist of nothing more than conclusory statements that Defendant Yang is a partner of Wing Fung Chau because he had a prior business relationship with Defendant Wing Fung Chau, that Defendant Yang made a failed stalking horse bid, that Defendant Yang allegedly concealed a prior business relationship with Defendant Wing Fung Chau, and that Defendant Yang was somehow complicit in a scheme to defraud or scam potential purchasers of condo units. Notably, Plaintiffs fail to plead with any particularity as to how Defendant Yang was purportedly complicit in a scheme to defraud anyone.

At best, the Complaint may have alleged that Defendant Yang was managing his own affairs. Based on the foregoing, Plaintiffs have failed to Plead that Defendant Yang operated or managed the affairs of a RICO enterprise.

### C. Plaintiffs Have Not Pleaded Any Injuries Caused by Defendant Yang's Actions

As discussed in Defendant Yang's initial memorandum, the class of RICO defendants is confined to "those proximately responsible for the plaintiff's injury and excluding those

6

tangentially 'connected to it.'" Holmes v. Securities Investor Protection Corp.,503 U.S. 258, 285 (1992).

"[T]he central question . . . is whether the alleged violation led directly to plaintiff's injuries." If the answer is no, the plaintiff will not be able to establish proximate cause. Ideal Steel Supply Corp. v. Anza, 373 F.3d 251, 260 (2d Cir. 2004) rev'd in part, vacated in part, 547 U.S. 451 (2006). In particular, a RICO plaintiff must show that they were the intended target of a RICO scheme. In re American Express, 39 F.3d 395, 400 (2d Cir. 1994).

Plaintiffs allege for the first time in their opposition papers that Plaintiffs' injuries were caused by Defendant Yang because of "the diminished Plaintiffs' bankruptcy claim due to successive Stalking Horse failed bids that reduced the final auction price/fair market value of Debtor's assets, which further reduced funds available to pay bankruptcy claims including Plaintiffs' claim in Bankruptcy." Pls.' Opp'n at 12.

This is precisely the type of speculative injury that cannot sustain a RICO action. Plaintiffs' entire argument relies on painting Defendant Yang's failed bid as somehow reducing the final auction price/fair market value of the Debtor's assets, with no consideration of any external factors. Moreover, in reality the Defendant Yang's failed stalking horse bid actually added $2,580,000 to the debtor's estate. Exhibit "A", "Orders Authorizing Retention of Partial Deposits. Therefore, Defendant Yang's conduct did not cause any injury to Plaintiffs.

### D. **Plaintiffs Have Not Pleaded the Required Number of Predicate Acts to Form a Pattern of Racketeering Activity**

As stated in Defendant Yang's initial memorandum, Plaintiffs have failed to allege Defendant Yang have committed the required number of predicate acts to form a pattern of racketeering activity. In fact, Plaintiffs have failed to allege a single predicate act.

The only alleged predicate act asserted against Defendant Yang in the Complaint was that Defendant Yang had failed to disclose his relationship with Defendant Wing Fung Chau in his failed stalking horse bid on the Haight Realty properties. However, as discussed in Defendant Yang's initial memorandum, this alleged predicate act does not constitute a required predicate act within the purview of the applicable laws because Defendant Yang was not required to do so under the law. Compl. ¶¶ 386, 473.

Moreover, Plaintiffs does not refute Defendant Yang's arguments that the Complaint fails to allege any vertical or horizontal relatedness necessary for predicate acts. See Halvorssen v. Simpson, 807 Fed.Appx. 26 (2d Cir. 2020) (summary order); United States v. Burden, 600 F.3d 204 (2d Cir. 2010); Reich v. Lopez, 858 F.3d 55 (2d Cir. 2017)

Based on the foregoing, and the arguments in Defendant Yang's initial memorandum, Plaintiffs have failed to allege that Defendant Yang has committed a single predicate act.

**E. Plaintiffs Have Not Pleaded Any Conspiracy to Violate RICO Against Defendant Yang**

To state a claim for conspiracy to violate 18 U.S.C. § 1962(c), a plaintiff must "plead facts the existence of an agreement, as well as facts demonstrating that the defendants understood the scope of the enterprise and knowingly agreed to further its aims through the commission of the offenses." Allstate Ins. Co. v. Batsiyan, No. CV 05-5933(SJ)(VVP), 2008 WL 11434462, at *8 (E.D.N.Y. Mar. 12, 2008).

Even a defendant who agrees to commit isolated predicate acts, without the requisite knowledge of or agreement to facilitate a larger pattern of criminal conduct by the alleged co-conspirators, has not conspired to commit a "pattern of racketeering activity" and cannot be liable under § 1962(d). See e.g. Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 244-45 (2d Cir. 1999).

8

As stated repeatedly above, Plaintiffs only pleaded a single act by Defendant Yang, the making of a failed stalking horse bid on the Haight Realty properties. Compl. ¶ 386. Plaintiffs did not allege, beyond impermissible boilerplate allegations, that Defendant Yang was part of any agreement, let alone part of an agreement to violate RICO's substantive provisions.

Similarly, in their opposition papers, the only allegation advanced by Plaintiffs was that "Defendant Tu Kang Yang *always knew* and was a willing and fully involved participant in Defendant Wing Fung Chau's elaborate and clandestine scheme to manipulate the sale of the Debtor's Real Property in a racketeering enterprise and conspiracy." Pls.' Opp'n at 4. Plaintiffs also argue that because Defendant Yang and Defendant Wing Fung Chau were previously plaintiffs in an unrelated case, they must have conspired together with regards to any fraudulent scheme involving real properties. Plaintiffs' argument is completely unavailing.

Even considering Plaintiffs' newly pleaded allegations, Plaintiffs' new allegations also fail to specify with any particularity the existence of an agreement to violate RICO, or any facts demonstrating that Defendant Yang knew and understood the scope of the alleged enterprise, and knowingly agreed to further its aims through the commission of any offenses. Without the requisite knowledge of or agreement to facilitate a larger pattern of criminal conduct, this is insufficient to sustain a claim of conspiracy to violate RICO.

Based on the foregoing, Plaintiffs have failed to plead any conspiracy to violate RICO.

### IV. PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND THE COMPLAINT BECAUSE IT WOULD BE FUTILE

Leave to amend should be denied if the amendment would be futile. Foman v. Davis, 371 U.S. 182 (1962).; In re American Express Co., 39 F.3d 395, 402 (2d Cir. 1994); John Hancock Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994); Ruffolo v. Oppenheimer & Co., Inc., 987 F.2d 129, 131 (2d Cir. 1993).

9

In evaluating futility, the standard of Rule 12(b)(6) and 9(b) is applicable in this case. Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 119 (2d Cir. 2013); Wilson v. Toussie, 260 F. Supp. 2d 530, 539 (E.D.N.Y. 2003).

In particular, the courts have noted that "Rule 9(b) is not satisfied by a complaint in which 'defendants are clumped together in vague allegations.'" Wilson v. Toussie, 260 F. Supp. 2d 530, 537 (E.D.N.Y. 2003) (quoting Dietrich v. Bauer, 76 F. Supp. 2d 312, 330 (S.D.N.Y. 1999)).

Even considering the alleged facts and allegations introduced for the first time in Plaintiffs' opposition papers, Plaintiffs still failed to allege a single interaction between themselves and Defendant Yang. As discussed above in detail, Plaintiffs have essentially amended their Complaint to still only allege a single potential predicate act, for which Plaintiffs have suffered no injury, that Defendant Yang and Defendant Wing Fung Chau had previous business interactions, while adding conclusory statements that Defendant Yang was somehow complicit in some scheme to defraud. Notably, in all of Plaintiffs' newly pleaded allegations, Plaintiffs fail to plead, with the particularity required by Rule 9(b), any fraud that actually qualifies as "racketeering activity" let alone the required three predicate acts.

Therefore, Plaintiffs should not be granted leave to amend the Complaint, because any future amended complaint would still be deficient warranting dismissal.

## **CONCLUSION**

For the reasons set forth above, and in Defendant Yang's opening memorandum, Plaintiffs have failed to plausibly allege violations of 18 U.S.C. §§ 1962(a), (c), or (d) with respect to Defendant Yang, and Defendant Yang respectfully requests that Plaintiffs' Complaint be dismissed as against Defendant Yang with prejudice, that Plaintiffs request for leave to amend be denied, and granting such other and further relief as the court deems just and proper.

Dated: Queens, New York
       August 13, 2021

                                              HUANG, CHEN & WU PLLC

                                              /s/ Xue Huang
                                              Xue Huang, Esq.
                                              *Attorneys for Defendant*
                                              *TU KANG YANG*
                                              38-08 Union Street, Suite 9B
                                              Flushing, New York 11354
                                              xhuang@hcwlawgroup.com
                                              Tel: (718) 886-5900
                                              Fax: (718) 886-5993