# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                  Chapter 11

41-23 HAIGHT STREET REALTY INC.,                        Case No. 19-43441 (NHL)

                Debtor.
---------------------------------------------------------------x

### ORDER PARTIALLY GRANTING THE CHAPTER 7 TRUSTEE'S MOTION AUTHORIZING THE RETENTION OF CERTAIN FUNDS RECEIVED FROM STALKING HORSE BIDDERS TU KANG YANG AND SELENA CHAU

Upon the motion (the "Motion") [ECF No. 172][1] of Gregory Messer, solely in his capacity as the Chapter 11 Trustee (the "Trustee") of 41-23 Haight Street Realty, Inc. (the "Debtor"), by his counsel, seeking the entry of an order, pursuant to 11 U.S.C. §§ 105 and 541 of the Bankruptcy Code, authorizing the retention by the estate of the deposit in the amount of $2,580,000 (the "Partial Deposit"), as liquidated damages, paid to the Trustee by Tu Kang Yang (partner of Wing Fung Chau a/k/a Andy Chau and a statutory insider to the Debtor) and Selena Chau (daughter of Wing Fung Chau a/k/a Andy Chau and a statutory insider to the Debtor), as the stalking horse bidders (the "Stalking Horse Bidders"), for their Default under Stalking Horse Order, the stalking horse agreement by and between the Trustee and the Stalking Horse Bidders dated March 20, 2020 (the "Stalking Horse Agreement") and the Court-approved Sale Terms in connection with the sale of the Debtor's Real Property for the purchase price of $31,000,000, *plus* the Buyer's Premium and payment of any and all transfer taxes owed to New York State and New York City and for related relief; and upon the opposition (and its related pleadings) to the relief sought in the Motion, filed on behalf of the Stalking Horse Bidders on July 10, 2020 (the "Opposition") [ECF Nos. 204 and 206]; and upon the joinder and statement in support of the Motion filed on behalf of 41-31

---

[1]    Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Motion.

Haight Street Lender, LLC [ECF No. 212]; and upon the Trustee's reply to the Opposition filed on July 13, 2020 [ECF Nos. 213 and 214]; and upon the hearing conducted in the Bankruptcy Court on July 14, 2020 (the "<u>July 14 Hearing</u>"), which was adjourned to July 17, 2020 (the "<u>July 17 Hearing</u>"), and once again adjourned to July 20, 2020 (the "<u>July 20 Hearing</u>" and collectively with the July 14 Hearing and the July 17 Hearing, the "<u>Hearings</u>"), the records of which are incorporated by reference herein; and no additional notice or hearing being required; and, based upon the Motion, the representations made to the Court at the Hearings, and the finding of facts and conclusions of law made by the Court at the Hearings (the "<u>Ruling</u>"); and upon the Official Committee of Unsecured Creditors, by and through its proposed counsel, stating its support of the Motion at the July 20 Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate; and after due deliberation thereon and good cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is granted in part as set forth in the Ruling, which is incorporated herein by reference, and the remainder of the Motion shall be decided upon further order of the Court.

2. The Objection is overruled in part as set forth in the Ruling.

3. The Stalking Horse Bidders' oral application at the July 20 Hearing for a stay pending appeal is denied.

4. On April 7, 2020, the Trustee was advised that the check in the amount of $340,000 paid by the Stalking Horse Bidders to the Trustee on account of the Partial Deposit was rejected from, and did not clear, the estate's bank account.

5. As a result of the Stalking Horse Bidders' default, the Trustee, on behalf of the estate, is entitled to retain $1,810,000 paid by the Stalking Horse Bidders on account of the Partial

Deposit, and the said amount is property of the Debtor's estate pursuant to Bankruptcy Code § 541 and 41-31 Haight Street Lender LLC has a first priority lien in such funds.

6.  The disposition of the balance of the Partial Deposit totaling $770,000 (the "Remaining Funds") currently in the estate's account shall be determined upon further order of the Bankruptcy Court.

7.  The Trustee is authorized to take such steps necessary to enforce the terms of this Order.

8.  This Court shall retain jurisdiction to: (i) interpret and construe and enforce the provisions of this Order and any ancillary documents in connection therewith; (ii) hear and determine any disputes arising under or related to the foregoing; and (iii) enforce the provision of this Order.

9.  The Court reserves its right to supplement its Ruling with a written decision.



Dated: August 28, 2020  
   Brooklyn, New York

Nancy Hershey Lord  
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                             Chapter 11

41-23 HAIGHT STREET REALTY INC.,                                   Case No.: 19-43441 (NHL)

               Debtor.
---------------------------------------------------------------x

## ORDER GRANTING THE SUPPLEMENTAL MOTION AND AUTHORIZING THE RETENTION OF THE BALANCE OF PARTIAL DEPOSIT RECEIVED FROM TU KANG YANG AND SELENA CHAU

Upon the supplemental motion (the "Supplemental Motion") [Dkt. No. 274] of Gregory Messer, solely in his capacity as Chapter 11 Trustee ("Trustee") of the estate of 41-23 Haight Street Realty Inc. ("Debtor"), seeking entry of an Order authorizing the retention by the estate of the balance of the partial deposit received from Tu Kang Yang ("Yang") and Selena Chau ("Chau") in the amount of $770,000 (the "Remaining Balance") as liquidated damages for Yang and Chau's breach of the Court-approved Stalking Horse Proposal and Terms and Conditions of Sale, along with the Affirmation of Gary F. Herbst, Esq. ("Herbst Affirmation") [Dkt. No. 274-1]; and upon the objection (the "Objection") to the relief sought in the Supplemental Motion, filed on behalf of Yang and Chau [Dkt. No. 320]; and upon the hearing conducted in the Bankruptcy Court on September 22, 2020, which was adjourned to November 4, 2020 and once again adjourned to November 10, 2020 (the "Hearings"), the records of which are incorporated by reference herein; and Gregory Messer, Esq. (Ch 11 Trustee), Jacqulyn Loftin, Esq. and Gary Herbst, Esq. (Counsel to Gregory Messer), Reema Lateef (Office of the US Trustee), Scott Bogucki (Counsel to Creditors Committee), Eric J. Snyder, Esq. and Ariel Wasserman, Esq. (Counsel to Selena Chau and Tu Kang Yang) having appeared at the November 10, 2020 hearing; and no additional notice or hearing being required; and, based upon the Supplemental Motion, the representations and oral argument made to the Court at the Hearings, and the finding of facts and conclusions of law made

1

by the Court at the November 10, 2020 hearing (the "Decision"); and it appearing that the relief requested in the Supplemental Motion is in the best interests of the Debtor's estate; and after due deliberation thereon and good cause appearing therefor,

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Supplemental Motion is granted as set forth in the Decision.

2. The Objection is overruled as set forth in the Decision.

3. The Debtor's estate shall retain the Remaining Balance of $770,000 and the Remaining Balance shall be deemed property of the Debtor's estate pursuant to 11 U.S.C. § 541.

4. The Trustee is authorized to take such steps necessary to enforce the terms of this Order.

5. This Court shall retain jurisdiction to: (i) interpret and construe and enforce the provisions of this Order and any ancillary documents in connection therewith; (ii) hear and determine any disputes arising under or related to the foregoing; and (iii) enforce the provision of this Order.



**Dated: November 22, 2020**
       **Brooklyn, New York**

**Nancy Hershey Lord**
**United States Bankruptcy Judge**

2