UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
CHEN XIA LIU and CHEN HUA LIU

            Plaintiffs,

    -against-

HOK KWAI CHAU; BO JIN ZHU;
WING FUNG CHAU a/k/a ANDY
CHAU; SALENA CHAU; TU KANG
YANG; MEI YANG KO; WING FUNG
HOME REALTY GROUP INC.; WING
FUNG CHAU d/b/a WING FUNG
REALTY GROUP,

            Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-006369

*Appearances:*
GARY ROSEN
Rosen Law LLC
216 Lakeville Road
Great Neck, New York 11020
*For Plaintiffs*

VICTOR TSAI
562 Coney Island Avenue
Brooklyn, New York 11218
*For Chau Family Defendants*

XUE J. HUANG
Huang, Chen & Wu PLLC
38-08 Union Street, Suite 9B
Flushing, NY 11354
*For Defendant Tu Kang Yang*

**BLOCK, Senior District Judge:**

      Plaintiffs claim that they were defrauded into paying $750,000 towards the

purchase of real property, after which the owner, 41-23 Haight Realty, Inc. ("Haight

Realty"), failed to convey the property or return their deposits.  The corporation then

1

declared bankruptcy, rejected the contract of sale with the plaintiffs, and sold the property in bankruptcy.

With respect to Haight Realty, therefore, plaintiffs' claim is that of an unsecured creditor against a bankrupt corporation. To recover their investments, the plaintiffs have sued the defendants in this case, who are connected in various ways to the alleged fraud. Defendants Hok Kwai Chau, Bo Jin Zhu and Wing Fung Chau a/k/a Andy Chau are the owners and officers of Haight Realty. Wing Fung Realty Group—also owned by Andy Chau, Bo Jin Zhu, and Hok Kwai Chau—promoted the development. Salena Chau (Andy's daughter), Mei Yang Ko (Andy's mother), and Tu Kang Yang (Andy's business partner) allegedly placed "stalking horse" bids to drive up the selling price of the property in bankruptcy.

All defendants have moved to dismiss. Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Salena Chau, Mei Yang Ko and Wing Fung Realty (collectively, "the Chau Family") move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(7), and 12(b)(6). Yang separately moves to dismiss Counts 5, 6, and 7 as they pertain to him. For the following reasons, the motions are granted in part and denied in part.

## I.   The 12(b)(1) Motion

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to

adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). The Chau Family argues that this matter is not within the Court's jurisdiction because plaintiffs stipulated to the bankruptcy court's exclusive jurisdiction when accepting the rejection of their contract of sale.

The Chau Family's argument fails. A judgment in this case will not disturb anything in the bankruptcy court's stipulation, which precludes the plaintiffs from receiving title to the property from Haight Realty. In the case, plaintiffs are seeking money damages from individuals and entities other than Haight Realty. In addition, none of the defendants were parties to the bankruptcy proceeding, and the settlement of the bankruptcy does not discharge their individual liability. *See In re Purdue Pharma, L.P.*, No. 21 CV 7532 (CM), 2021 WL 5979108 (S.D.N.Y. Dec. 16, 2021) (vacating bankruptcy settlement that released non-debtors from direct claims by third parties). Therefore, this Court has jurisdiction.

## II.   The 12(b)(7) Motion

"In determining whether an action should be dismissed for nonjoinder [under Federal Rule of Civil Procedure 12(b)(7)], the court ... must initially determine whether the party should be joined as a 'necessary party' under Rule 19(a)." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.,* 102 F.3d 677, 681 (2d Cir.1996). The Chau Family argues that Haight Realty is a necessary party. The Court disagrees.

3

An absent person may be "necessary" if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Haight Realty's absence does not affect the Court's ability to provide complete relief by imposing money damages on the defendants. Nor has Haight Realty claimed an interest in the action. Even if it had, its absence does not "impair or impede [its] ability to protect [its] interest," as its liability for failing to provide title or a refund to the plaintiffs has been settled by the bankruptcy court. Finally, Haight Realty's absence does not expose the defendants to multiple or inconsistent obligations.

### III.    The 12(b)(6) Motions

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions,"

4

"conclusory" allegations, or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S.at 678.

The Chau Family moves to dismiss all plaintiffs' claims against them pursuant to Rule 12(b)(6). As noted, Yang separately moves to dismiss Counts 5, 6 and 7 as they pertain to him.

## A. General Arguments

Before turning to the individual counts, the Court must address several overarching arguments made by the Chau Family. First, plaintiffs' claims are not barred by res judicata or collateral estoppel. While bankruptcy allowed Haight Realty to reject the contract of sale, "[r]ejection merely frees the estate from the obligation to perform; it does not make the contract disappear." *In re Lavigne*, 114 F.3d 379, 386–88 (2d Cir. 1997) (citing *In re The Drexel Burnham Lambert Group,* 138 B.R. 687, 703 (Bkrtcy. S.D.N.Y. 1992)). In addition, defendants were not parties to the bankruptcy. *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995) (citing *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190-91 (2d Cir. 1985)) ("[R]es judicata applies to 'a case involving the same parties or their privies.'").

Second, the Court disagrees that plaintiffs' claims are based solely on a veil-piercing theory. Rather, plaintiffs have made "allegations reflecting on the individual's liability for the corporation's wrongdoing." *ARB Upstate Commc'ns*

*LLC v. R.J. Reuter, L.L.C.*, 93 A.D.3d 929, 931, 940 N.Y.S.2d 679, 683–84 (2012) (finding managing director, who signed on corporation's behalf, may be held liable for breach of contract based on allegations that he managed or owned corporate defendants, provided business advice to plaintiffs that benefited corporation). Plaintiffs have sufficiently alleged that Hok Kwai Chau, Bo Jin Zhu and Andy Chau owned and controlled Haight Realty, and that they used the entity to defraud plaintiffs. On that basis, they may be liable for the corporation's conduct. *See United States v. Nagelberg*, 772 F. Supp. 120, 123–24 (E.D.N.Y. 1991) (citing *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 933 F.2d 131, 138 (2d Cir.1991) ("[U]nder New York law, a corporate veil will be pierced upon a showing of fraud or upon complete control by the dominating [entity] that leads to a wrong against third parties.").

Third, the complaint does not improperly rely on allegations based on "information and belief." The Court can accept those allegations made "upon information and belief" that tend to "specify the time, place, speaker, and…even the content" of the misrepresentation or that allege facts related to "matters peculiarly within the opposing party's knowledge." *Luce v. Edelstein*, 802 F.2d 49, 54 n.1 (2d Cir. 1986).

**B. Count 1 – Breach of Contract against Hok Kwai Chau, Bo Jin Zhu, and Andy Chau (Piercing the Corporate Veil)**

As explained above, rejection of a contract in bankruptcy does not terminate the contract.  Moreover, a breach of contract has been properly alleged.  To pierce the corporate veil and demonstrate personal liability, Plaintiffs have adequately alleged that Hok Kwai Chau, Bo Jin Zhu, and Andy Chau had control over Haight Realty as officers and directors and used the corporation to commit fraud by misappropriating the plainitffs' deposits for other purposes.

C. **Count 2 – Fraud against Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Wing Fung Realty Group, and Wing Fung Home Realty Group, Inc.**

To state a claim for fraud, "[a] party must state with particularity the circumstances constituting fraud…. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Where "the facts are exclusively within the adverse parties' knowledge," "less particularity" is required.  *Elgin Sweeper Co. v. Melson Inc.,* 884 F. Supp. 641, 653 (N.D.N.Y. 1995).

"To maintain a separate claim for fraud, a plaintiff must '(i) demonstrate a legal duty separate from the duty to perform under the contract; (ii) point to a fraudulent misrepresentation that is collateral or extraneous to the contract; or (iii) seek special damages that are unrecoverable as contract damages.'" *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 87 A.D.3d 287, 293–94 (2011) (citing *Merrill Lynch & Co.* v. *Allegheny Energy, Inc.*, 500 F.3d 171, 183 (2d Cir. 2007)). "A fraud claim will be upheld when a plaintiff alleges that it was induced to enter into a transaction because a defendant misrepresented material facts, even though the same

circumstances also give rise to the plaintiff's breach of contract claim." *Id.* "Unlike a misrepresentation of future intent to perform, a misrepresentation of present facts is collateral to the contract...and therefore involves a separate breach of duty." *Id.*

Plaintiffs allege that Hok Kwai Chau, Bo Jin Zhu, and Andy Chau failed to disclose their common ownership of Haight Realty and Wing Fung Realty. These defendants also misrepresented their ability to develop the properties, overstated the time constraints on construction and the urgent need for funds to cover construction costs, inducing plaintiffs to forego use of an escrow account. They also failed to disclose that they were acquiring bank loans to finance development of the property, which would have undermined the need for immediate cash funds from the buyers. *Id.* at ¶¶258-260. These are all misrepresentations of present facts, rather than promises for future performance. *See MBIA Ins. Corp.,* 87 A.D.3d at 293–94.

In addition, plaintiffs' allegation that their funds were misappropriated is an independent fraud claim. *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, 525 F. Supp. 3d 482, 515 (S.D.N.Y. 2021) (separate claim for fraud supported where defendants breached contract terms and "took the separate, additional step of arranging for the funds to be directed into their possession….").

### D. Count 3 – Unjust Enrichment against Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Wing Fung Realty Group, and Wing Fung Home Realty Group, Inc.

Plaintiffs allege unjust enrichment as an alternative to a breach of contract claim.  In the event the Court finds there is no contractual liability, they allege they paid money as a down payment; that they received no benefit in return; and that Hok Kwai Chau, Andy Chau, and Bo Jin Zhu, as well as Wing Fung Realty and Wing Fung Home, were the improper recipients of those funds.  This is sufficient to plead unjust enrichment. *See Delaware Cty. v. Leatherstocking Healthcare, LLC*, 110 A.D.3d 1211, 1213, 973 N.Y.S.2d 817, 819 (2013).

### E.  Count 4 – Conspiracy to Commit Fraud against Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Wing Fung Realty Group, and Wing Fung Home Realty Group, Inc.

The Chau Family has not clearly articulated many of its arguments. They argue, for example, that "Count Four...must be also dismissed given the undisputed facts stated above and the acts of Plaintiffs state [sic] above and below as to fraud-based predicates."  Chau Br. 8.  As best the Court can glean, they mean to argue that fraud conspiracy requires an underlying fraud.  But as fraud has been sufficiently pled, their argument fails. *See Great Lakes Motor Corp. v. Johnson*, 68 N.Y.S.3d 614, 617 (2017) (citing *Abacus Fed. Sav. Bank v. Lim*, 905 N.Y.S.2d 585 (1st Dept. 2010)).

### F.  Count 5 – RICO 18 U.S.C. § 1962(c) against All Defendants

To establish a violation of 18 U.S.C. § 1962(c), a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Kim*

*v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001)).  Through employment or association, plaintiffs allege that all defendants comprised an enterprise which defrauded the purchasers of Haight Realty properties.  As predicate acts, plaintiffs allege instances of wire fraud, mail fraud, and "interference with interstate commerce" by the enterprise. They allege that between November 2010 and December 2019, in the regular course of their business, the enterprise used emails, cell phones, text messages, and the U.S mail service to contract with plaintiffs, receive payments, and continuously misrepresent that the closing would occur "shortly."  They also allege a series of fraudulent filings in violation of the Martin Act.

Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Wing Fung Realty, and Wing Fung Home were allegedly responsible for directing Haight Realty's business affairs, accepting and redirecting funds from purchasers, executing contracts, and promoting and closing deals for the property.  Though Salena Chau, Mei Yang Ko and Tu Kang Yang were not directors or officers of the entities, they were allegedly involved in the scheme. All three allegedly participated in stalking horse bids on the property.

G. **Count 6 – RICO 18 U.S.C. § 1962(a) against All Defendants**

While § 1962(c) is concerned with the conduct of a racketeering enterprise, § 1962(a) requires a plaintiff to allege that the defendant "derived income from a pattern of racketeering activity."  *Smithfield Foods, Inc. v. United Food & Com.*

10

*Workers Int'l Union*, 633 F. Supp. 2d 214, 222 (E.D. Va. 2008) (citing *United States v. Vogt,* 910 F.2d 1184, 1193 (4th Cir.1990); *see also Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983). Plaintiffs clearly allege that Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Wing Fung Realty and Wing Fung Home misappropriated funds from Haight Realty and used that money for personal use and to invest into other development projects. However, the allegations as to Salena Chau, Tu Kang Yang and Mei Yang Ko are conclusory. While all three are implicated in the scheme, plaintiffs have not alleged how income they derived from the scheme was invested or used in the enterprise.

## H. **Count 7 – RICO Conspiracy 18 U.S.C. § 1962(d) against All Defendants**

Plaintiffs have successfully alleged that Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Wing Fung Realty, and Wing Fung Home were aware and involved in violations of 1962(c). *See United States v. Zemlyansky*, 908 F.3d 1, 11 (2d Cir. 2018). For defendants Salena Chau, Tu Kang Yang and Mei Yang Ko, documents from the Haight Realty bankruptcy support the allegations that Salena, Yang and Ko knowingly participated in the enterprise's scheme, as all three worked with Andy Chau to submit their stalking horse bids, even if their plan was ultimately unsuccessful.

Yang argues that, at best, this describes a hub-and-spoke association, with him being an unwitting "spoke" in Andy Chau's scheme. But such an association can

11

amount to a RICO conspiracy if there are "allegations or evidence of 'each defendant's necessary and symbiotic contribution to the overall scheme.'" *City of New York v. Chavez*, 944 F. Supp. 2d 260, 272 (S.D.N.Y. 2013) (quoting *Cedar Swamp Holdings, Inc. v. Zaman*, 487 F. Supp. 2d 444, 450 (S.D.N.Y. 2007)). Plaintiffs satisfy this standard by alleging the first stalking horse bid was made together by Yang and Salena Chau without proper disclosures and in coordination with Andy Chau.

## CONCLUSION

For the foregoing reasons, the Chau Family's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(7) is denied.  Their motion to dismiss pursuant to Rule 12(b)(6) is granted as to Count 6 against Salena Chau and Mei Yang Ko, and otherwise denied.  Yang's motion to dismiss pursuant to Rule 12(b)(6) is granted as to Count 6 and otherwise denied.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 10, 2022

12