UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHEN XIA LIU AND CHEN HUA LIU,                          Case No. 20-cv-6369

                              Plaintiff,
                                                        (Block, J.)

               -against-
                                                        (Reyes, M.J)

HOK KWAI CHAU,
BO JIN ZHU,
WING FUNG CHAU, a/k/a ANDY CHAU,
SALENA CHAU,
TU KANG YANG,
MEI YANG KO,
WING FUNG HOME REALTY GROUP INC.,
WING FUNG CHAU D/B/A
WING FUNG REALTY GROUP,

                              Defendants.
----------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**HOK KWAI CHAU, WING FUNG CHAU, SALENA CHAU, MEI YANG KO,**
**WING FUNG HOME REALTY GROUP INC. AND WING FUNG CHAU**
**D/B/A WING FUNG REALTY GROUP ("CHAU FAMILY")**
**MOTION FOR RECONSIDERATION OR**
**ALTERNATIVELY, FOR INTERLOCUTORY APPEAL CERTIFICATION**


Victor Tsai, Esq. (VT9956)
Attorney for Chau Family Defendants
*Brooklyn Office & Post Address:*
562 Coney Island Avenue,
Brooklyn NY 11218
(212) 625-9028
Email: ourlawyers@gmail.com

# TABLE OF AUTHORITIES

## CASES

*ARB Upstate Commc'ns LLC v R.J. Reuter, LLC*
93 A.D.3d 929, 940 N.Y.S.2d 679 (2021)……………………….        6, 8

*Chase Manhattan Bank, N.A. v Celotex Corp.*
56 F.3d 343………………………………………………………        4

*Ciancimino v Town of East Hampton*
266 A.D.2d 311 (1999)……………………………………….        5

*Commissioner v Sunnen*
333 U.S. 591, 68 S.Ct 715, 92 L.Ed. 898 (1948)………………...        4

*EDP Medical Computer Systems, Inc. v U.S.*
480 F.3d 621 (2007)………………………………………………..        3

*Federated Dep't Stores, Inc. v Moitie*
452 U.S.394, 101 S.Ct. 2424, 69 L.Ed.2d 103………………..        3

*Fogel v Chestnutt*
668 F.2d 100 (2d Cir. 1981)…………………………………………        7

*Houdet v U.S. Tennis Ass'n*
2014 WL 6804109, No. 13-CV-5131(FB)(LB)Signed Dec. 3, 2014        5

*In re Purdue Pharma, L.P.*
No. 21-CV-7532 (CM), 2021 WL 5979108 (SDNY Dec. 16, 2021)        8

*In re Teltronics Servs., Inc.*
762 F.2d 185 (2d Cir. 1985)…………………………………………        3, 4

*Johnson v Burken*
930 F.2d 1202 (7th Cir. 1991)……………………………………..        10

i

*Katchen v Landy*
382 U.S. 323, 86 S.Ct. 467, L.ed.2d 391 (1966)…………………….          3

*Klinghoffer v*
*S.N.C. Achille Lauro Ed Atri-Gestione Motonave*
*Achille Lauro in Amministrazione Straordinaria*
921 F.2d 21 (2d Cir. 1990)…………………………………………..          10

*O'Brien v City of Syracuse*
445 N.Y.S.2d 687 (N.Y. 1981)…………………………………………          5

*Reilly v Reid*
45 N.Y.S.2d 24 (1978)…………………………………………………          5

*Ryan v Flowseerve Corp*
444 F.Supp.2d 718. (N.D. Tex. 2006)……………………………          10, 12

*St. Pierre v Dyer*
208 F.3d 394 (2$^d$ Cir. 2000)………………………………………..          3

*Starbucks Corp. v Wolfe's Borough Coffee, Inc.*
736 F.3d 198 (2d Cir. 2013)………………………………………..          7

*Swint v Chambers Cnty. Comm'n*
514 U.S. 35 (1995)…………………………………………………….          9

*U.S. v Nagelberg*
772 F.Supp. 120 (1991)……………………………………………          6

## STATUTES

28 U.S.C. § 1291...………………………………………………. 9

28 U.S.C. § 1292(a)…………………………………………… 9

28 U.S.C. § 1292(b)……………………………………………… 9, 10, 11, 12

Fed. R. App. P 5(a)(3)…………………………………………… 10

FRCP 12(b)(1)…………………………………………………….. 1

FRCP 12(b)(6)…………………………………………………….. 1

FRCP 12(b)(7)…………………………………………………….. 1

Local Rule 6.3………………………………………………… 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHEN XIA LIU AND CHEN HUA LIU,                         Case No. 20-cv-6369
                                    Plaintiff,

                    -against-                          (Block, J.)

HOK KWAI CHAU,                                         (Reyes, M.J)
BO JIN ZHU,
WING FUNG CHAU, a/k/a ANDY CHAU,
SALENA CHAU,
TU KANG YANG,
MEI YANG KO,
WING FUNG HOME REALTY GROUP INC.,
WING FUNG CHAU D/B/A
WING FUNG REALTY GROUP,
                                    Defendants.
----------------------------------------------------------------X


**CHAU FAMILY DEFENDANTS' MOTION FOR RECONSIDERATION OF THE
FEBRUARY 10, 2022 MEMORANDUM AND ORDER PURSUANT TO RULE 6.3,
AND ON RECONSIDERATION, DISMISSING THE COMPLAINT UNDER
RULE 12(b)(1), (6) & (7) OF THE FEDERAL RULES OF CIVIL PROCEDURE, OR
ALTERNATIVELY, TO CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL**

Defendants Hok Kwai Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, Wing Fung Home Realty Group Inc. and Wing Fung Chau D/B/A Wing Fung Realty Group, (collectively, the "Chau Family") respectfully request the Court for reconsideration of their previous motion to dismiss with prejudice the Complaint filed against them by plaintiffs Chen Xia Liu and Chen Hua Liu ("Plaintiffs" or "Lius") pursuant to Federal Rules of Civil Procedure 12(b)(1), (6) & (7), and dismissing the Complaint upon reconsideration, and in the alternative to reconsideration, the Court should certify the denial of the Defendants' motion to dismiss for interlocutory appeal.

Chau Family's motion for reconsideration is timely pursuant to Local Civil Rule 6.3 as it is made within fourteen (14) days of the Court's Memorandum and Order dated February 10, 2022 (ECF Doc. No. 34) reproduced and attached hereto as **Exhibit 1**.

Chau Family respectfully seek to clarify its arguments, some of which were not clearly articulated, put before the Court on the underlying motion which, had they been considered, might have reasonably altered the result before the Court.

The Plaintiffs do not dispute that they are unsecured creditors in the involuntary bankruptcy proceeding of non-party debtor-in-bankruptcy 41-23 Haight Realty Inc. ("Debtor" or "Haight Realty") and that their contract of sale with non-party Haight Realty which underly their claims in the herein Complaint were adjudicated in the bankruptcy action by two voluntary stipulations and orders ("So Ordered Stipulations"), the first of which rejected their contract of sale for the real property that is the subject of the herein action, and the second of which resolved their claim with a payment in the amount of $70,000 and allowing a general unsecured claim against the non-party Haight Realty in the amount of $837,713.  In addition, the So Ordered Stipulations resolved Plaintiffs' claims as final and non-appealable. Furthermore, the Plaintiffs agreed that the Bankruptcy Court "retain the exclusive jurisdiction over the subject matter of this Stipulation in order to resolve any dispute in connection with the rights and duties specified hereunder."

After the Plaintiffs voluntarily had their claims adjudicated in Haight Realty's bankruptcy proceeding, Plaintiffs filed the herein Complaint based upon the same contract of sale and naming the Chau Family as defendants *sans* Haight Realty, alleging breach of contract (piercing the corporate veil), fraud, unjust enrichment, conspiracy to commit fraud, and RICO violations.

Thereafter, Chau Family moved to dismiss the Complaint citing the Plaintiffs' So Ordered Stipulations in Haight Realty's bankruptcy proceeding where the Plaintiffs settled their contract of sale and deposit claims for payment of $70,000 from the Debtor and an allowed unsecured claim against the Debtor's estate in the amount of $837,713, which the Chau Family argued, barred the same contract of sale and deposit claims in the herein Complaint by the doctrine of *res judicata*

and collateral estoppel as these claims in the Complaint arise from the same contract of sale and deposit that was adjudicated in bankruptcy court to which Plaintiffs have voluntarily consented to have exclusive jurisdiction over the subject matter.  The settlement by the Plaintiffs of their claims arising from the contract of sale and their deposit which was memorialized by the So Ordered Stipulations is not disputed by Plaintiffs as the Plaintiffs do not even mention or address the So Ordered Stipulations.

This Court has held in *EDP Medical Computer Systems, Inc. v. U.S.*, 480 F.3d 621 (2007), "Under the doctrine of res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the action'" [*citing St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir.2000)(quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (108).  Thus, the doctrine bars "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." [*Citing*]  *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985). This rule applies with full force to matters decided by the bankruptcy courts.  *See Katchen v. Landy*, 382 U.S. 323, 334, 86 S.Ct. 467, 15 L.ed.2d 391 (1966); *In re Teltronics Servs.*, 762 F.2d at 190."…Res judicata does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim.  *See Federated Dep't Stores*, 452 U.S. 398, 101 S.Ct. 2424 (*Res judicata* extends to all claims that "were or could have been raised in that action."  (emphasis added)).  In the herein action, Plaintiffs have voluntarily entered into a final settlement of their claims by a court of competent jurisdiction involving the same contract of sale and deposit that they are claiming in the Complaint herein.

While the Chau Family were not parties to the So Ordered Stipulations in Debtor's bankruptcy, the Chau Family are in privity with the Debtor given the allegations of the Plaintiffs' Complaint that they are shareholders and officers of the Debtor.

In *re Teltronics Servs*., *supra*, the Court there found Beagan was in privity with Teltronics in that it was undisputed that Beagan was the founder, president, chairman of the board, and a substantial shareholder in Teltronics.

In *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, the Court held that, "*Res judicata* assures the finality of judgments by precluding a party to a lawsuit from litigating a claim more than once.  [*Citing In re Teltronics Servis.*]  A voluntary dismissal with prejudice is an adjudication on the merits for purposes of *res judicata… Res judicata* may also preclude claims by parties who were not involved in the earlier lawsuit.  When an asserted claim is identical to one that has been previously litigated, relitigation may be barred to conserve judicial resources and to allow the prevailing party to enjoy the benefits of its victory and avoid further costs…The Court of Appeals went on to enumerate certain parties encompassed by the term privity:  'It includes those who are successors to a property interests, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action.'  Privity is a well-established component of the federal law of *res judicata*.  A privy is bound with respect to all the issues that were raised or could have been raised in the previous lawsuit.  [*Citing*] *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).  As federal doctrine of *res judicata* applies to a 'case involving the same parties or their privies,'  [*citing*] *In re Teltronics Servs., Inc.*, 762 F.2d at 190, the federal doctrine uses privity in a way similar to its use under New York law.  In the case herein, the Chau Family are privies to the Debtor in bankruptcy, a fact which the herein Plaintiffs acknowledged by the

4

allegations asserted in their Complaint, including allegations that Chau Family owned and controlled the Debtor.

This Court has held in *Houdet v. U.S. Tennis Ass'n*, 2014 WL 6804109, No. 13-CV-5131(FB)(LB) Signed Dec. 3, 2014, "Under New York's 'transactional approach' to res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transactions or series of transactions are barred, even if based upon different theories or if seeking a different remedy.' [*citing*] *O'Brien v. City of Syracuse*, 445 N.Y.S.2d 687, 688 (N.Y.1981).  As New York Court of Appeals has directed:  What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage. [*citing*] *Reilly v. Reid*, 45 N.Y.S.2d 24, 29 (1978)."…The Court finds it irrelevant that plaintiffs' federal complaint alleges one ostensibly new cause of action…The Court also finds it irrelevant that plaintiffs have added new defendants…Putting aside the scant nature of the allegations, however, the claims are nonetheless barred because res judicata applies not just to the parties in a prior litigation but also to "those in privity with them".

The Second Department has held in *Ciancimino v. Town of East Hampton,* 266 A.D.2d 311 (1999), "Res judicata bars future litigation between the same parties, or those in privity with the parties, of a cause of action arising out of the same transaction or series of transactions as a cause of action that was either raised or could have been raised in a prior proceeding…Moreover, by virtue of their privity with the parties in the prior action, the addition of a new plaintiff and a new defendant in the present action does not bar the application of res judicata."  In the case herein, the

Plaintiffs' Complaint is based upon the same transactions or series of transactions as their claims in Haight Realty's bankruptcy proceedings where the same causes of action were raised, if not by the Plaintiffs themselves, then by their representation, the Committee of Unsecured Creditors of Haight Realty. It should be noted that Haight Realty's bankruptcy proceeding is still ongoing and that the Committee of Unsecured Creditors of Haight Realty have commenced adversary proceedings against several individuals in the herein action[1].

Plaintiffs' Complaint made "allegations reflecting on the individual's liability for the corporation's wrongdoing" not unlike the plaintiff in the case of *ARB Upstate Commc'ns LLC v. R.J. Reuter, LLC.*, 93 A.D.3d 929, 931, 940 N.Y.S.2d 679, 683-84 (2021). In *ARB Upstate Commc'cns LLC,* the corporation, R.J. Reuter, LLC, was a named defendant given that the plaintiff sought to hold the owner of the corporate entity individually liable for the obligations of the corporation by piercing the corporate veil. In that case, the Third Department held, "Piercing the corporate veil is not a separate cause of action, but is a way to hold an individual liable for a corporation's tort." Likewise, the Plaintiffs in the case herein seek to hold the Chau Family as alleged owners of the Haight Realty liable for the obligations of the Haight Realty on the contract of sale and their deposit. But unlike *ARB Upstate Commc'ns LLC*, Plaintiffs failed and refused to name Haight Realty as a defendant despite the fact that Haight Realty's obligations was voluntarily settled by the Plaintiffs as evidenced in the So Ordered Stipulations by which Plaintiffs received settlement payments of $70,000 from the Debtor along with an allowed unsecured claim against the Debtor's estate in the amount of $837,713 after the rejection of their contract by the Debtor.

---

[1] *See* Exhibit 2 for list of adversary proceedings commenced by the Official Committee of Unsecured Creditors of Haight Realty which were filed in Haight Realty's bankruptcy proceeding on 10/04/2021 after the submission of the prior motion.

And, unlike claims for unjust enrichment in *U.S. v. Nagelberg*, 772 F.Supp. 120 (1991) where deposits were made directly into the accounts of the individual defendants, the claims of the herein Plaintiffs are based upon their contract of sale with the Haight Realty for the purchase of real property and the deposits they paid were given directly to the Haight Realty on their contract of sale and thus, it was the obligation(s) of the Haight Realty to build and deliver the real property.

"Although not binding," the law of the case doctrine "ordinarily forecloses relitigation of issues" that a court has "expressly or impliedly decided." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013). It can be applied to every issue decided expressly, or "by necessary implication." *Fogel v. Chestnutt*, 668 F.2d 100, 108 (2d Cir. 1981).

While the Court finds no problem imposing money damages on the defendants nor finds the absence of Haight Realty exposes the existing defendants to multiple or inconsistent obligations, fundamental fairness requires the Court to dismiss all claims of Plaintiffs that relates to obligations of Haight Realty which were settled by Plaintiffs with Haight Realty, i.e., the contract of sale and deposit thereon, which if not dismissed, exposes the existing defendants to multiple or inconsistent obligations if by this finding the Court is setting down the law of the case that the existing defendants will not be exposed to Haight Realty's obligations. Otherwise, it would be fundamentally unfair to allow nonjoinder of the Haight Realty and subject the existing defendants to the obligations of Haight Realty which would then "(ii) leave an existing party [Chau Family] subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations."

In addition, the existing defendants cannot possibly defend this action without Haight Realty given that the contract of sale and the deposit thereon was made directly to Haight Realty and the fact the Plaintiffs' settlement with Haight Realty makes it unlikely for Plaintiffs or Haight

Realty to involve Haight Realty in this action.  It should also be noted, as recited in the So Order

Stipulations, "As of the Petition Date, the Debtor's estate was the fee owner of the real property

consisting of ten (10) townhouses, each consisting of commercial use on the ground level with

three floors of residential units (collectively, "Townhouses"), and one residential building with

twenty-one (21) units ("Residential Building")". [Exhibit A, ii. F.].  "The Lius assert that the

Contract of Sale was recorded in the Office of the New York City Register on May 20, 2011 in

CRFN #2011000183365."  [Exhibit A, iii. M.].  "The Lius assert that pursuant to the terms of the

Contract of Sale, they paid $750,000 to the Debtor during the construction of the 41-15

Townhouse, and the Trustee disputes the amount."  [Exhibit A, iii. N.].  The Townhouses and

Residential Building did not get built by themselves.

　　　Plaintiffs have not provided any basis why the So Ordered Stipulations are inapplicable to

bar their claims in the herein action and, in fact, Plaintiffs completely refuse to even acknowledge

the existence of the So Ordered Stipulations.  Nevertheless, "New legal theories do not amount to

a new cause of action as to defeat the application of the principle of res judicata." *See ARB Upstate*

*Commc'ns LLC, supra*.

　　　There is no dispute that the bankruptcy court has jurisdiction over the Plaintiffs who

voluntarily entered into the two stipulations and orders that resolved their claims and paid them a

settlement and that Plaintiffs agreed to have the bankruptcy court retain exclusive jurisdiction of

the subject matter of the stipulations.  Unlike the bankruptcy court in *In re Purdue Pharma, L.P.*,

No. 21 CV 7532 (CM), 2021 WL 5979108 (S.D.Y.Y. Dec. 16, 2021) where the bankruptcy court

concluded, albeit erroneously, that it had subject matter jurisdiction to impose upon third-parties

not before the bankruptcy court, releases and injunctions so as to enjoin the claims of the third-

parties, the herein Plaintiffs voluntarily subjected themselves to the subject matter jurisdiction of

the bankruptcy court by filing claims against the Debtor and Plaintiffs then voluntarily entered into the So Ordered Stipulations adjudicating and settling their claims and agreed to the bankruptcy court having exclusive jurisdiction over the settlement of their claims, i.e., the contract of sale and the deposit paid thereon.  Therefore, the subject matter - the contract of sale and the deposit paid thereon, are to be the exclusive jurisdiction of the bankruptcy court pursuant to the So Ordered Stipulations.

Wherefore, given the Plaintiffs' herein Complaint is based upon the contract of sale and the deposit paid thereon, the subject matter of which is to be the exclusive jurisdiction of the bankruptcy court, the Complaint herein should be dismissed.

Finally, and in the alternative to reconsideration, the Court should certify the denial of the Defendants' motion to dismiss for interlocutory appeal.

The Court's approval is necessary to appeal because the Memorandum and Order is neither a "final decision" under 28 U.S.C. § 1291, nor an order for which Congress has specifically authorized an interlocutory appeal, such as an order granting, denying, or modifying an injunction, under 28 U.S.C. § 1292(a).  Courts may approve the interlocutory appeal of an order not otherwise appealable when (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The decision to permit an interlocutory appeal under § 1292(b) is within the district court's discretion.  *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); 16 CHARLES ALAN WRIGHT, ET AL., FEDERAL PROCEDURE § 3929 (3d ed. 2017)(explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility).

9

To qualify for appeal under § 1292(b), an interlocutory order must state that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance termination of the litigation." 28 U.S.C. § 1292(b) (requiring the district court to "state in writing in such order" that the elements are met). If the original order does not identify a question of law suitable for interlocutory appeal, it may be amended to include the requisite language. Fed. R. App. P 5(a)(3) (calling for the district court to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement"). Upon the Court's certification of the Order for interlocutory appeal, Defendants must petition the Second Circuit for interlocutory review within ten days. 28 U.S.C. § 1292(b).

Appeal to the Second Circuit under § 1292(b) is proper here because the Memorandum and Order is neither a final appealable order nor an interlocutory order granting or denying an injunction. Interlocutory appeal is appropriate because the Memorandum and Order satisfy all three elements of § 1292(b).

There can be no doubt that the Memorandum and Order involves a controlling question of law. The Memorandum and Order involves the Court's subject matter jurisdiction over the Plaintiffs' claims on the contract of sale and the deposit paid thereon and application of the doctrine of res judicata and collateral estoppel of the So Ordered Stipulations upon the Plaintiffs' claims in the herein action. "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Atri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990).; *see also Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (finding that a question of law can be

controlling if it determines the outcome or "even the future course of the litigation'). "On the other hand, an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings." *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723 (N.D. Tex. 2006). Thus, whether an issue of law is "controlling" depends on "its potential to have some impact on the course of the litigation.

A ruling from the Second Circuit on the Court's subject matter jurisdiction would have an impact on the litigation because it would bind the Court and end litigation regarding the contract of sale and the deposit paid thereon as would the application of the doctrine of res judicata and collateral estoppel of the So Ordered Stipulations upon the Plaintiffs' claims in the herein action.

An interlocutory appeal under § 1292(b) is also warranted because "a substantial ground for difference of opinion" exists with respect to the Court's subject matter jurisdiction, the applicable res judicata and collateral estoppel of the So Ordered Stipulations upon the Plaintiffs' claims in the herein action and non-joinder of Haight Realty as a necessary party. As explained in prior motion and clarified in the arguments for reconsideration above, the Plaintiffs' So Ordered Stipulations in Haight Realty's bankruptcy proceeding, wherein the Plaintiffs settled their contract of sale and deposit claims for payment of $70,000 from the Debtor and an allowed unsecured claim against the Debtor's estate in the amount of $837,713, which the Chau Family argued, barred the same contract of sale and deposit claims in the herein Complaint by the doctrine of *res judicata* and collateral estoppel as these claims in the Complaint arise from the same contract of sale and deposit that was adjudicated in bankruptcy court to which Plaintiffs have voluntarily settled with Debtor; That defendants were in privity with the Debtor; That the bankruptcy court has exclusive subject matter jurisdiction over the So Ordered Stipulations Plaintiffs entered into with Debtor; That the non-joinder of Debtor - Haight Realty exposes the existing defendants to multiple or

11

inconsistent obligations unless the Court, by its finding, is setting down the law of the case that the existing defendants will not be exposed to Haight Realty's obligations.

An immediate interlocutory appeal under § 1292(b) would materially advance the ultimate termination of this case in at least two ways: (1) it would eliminate the need for further proceedings in this Court related to the contract of sale and the deposit paid thereon, if the Complaint is not eliminated entirely, and (2) it would reaffirm that the existing defendants will not be exposed to obligations of Haight Realty that were adjudicated by the So Ordered Stipulations in bankruptcy court caused by Plaintiffs' nonjoinder of Haight Realty, either by reaffirming the law of the case that there will be no exposure to the existing defendants or by dismissing the Complaint for nonjoinder of Haight Realty. The requirement that a § 1292(b) appeal materially advance the litigation is closely related to the requirement that the underlying order present a controlling question of law. *See Flowserve Corp.*, 444 F.Supp.2d at 723 (explaining "a controlling question of law…means a question of law the resolution of which could materially advance the ultimate termination of the litigation"); 16 WRIGHT, ET AL., *supra*, § 3930 (explaining that the two elements are "closely tied'). An interlocutory appeal resolving the Court's subject matter jurisdiction over the claims of the contract of sale and deposit or the lack thereof pursuant to the So Ordered Stipulations, would, if decided in Defendants' favor, advance the ultimate termination of this case by pretermitting further litigation of claims that were settled by the So Ordered Stipulations, both in this Court and on appeal as the settlements are final and non-appealable. If the Second Circuit were to conclude that the Court lacks subject matter jurisdiction, those claims would be dismissed and the litigation could be narrowed and proceed in a more efficient and streamlined manner.

Wherefore, Defendants respectfully request that the Court amend its Memorandum and Order of February 10, 2022, to state that the Order involves a controlling question of law regarding the Court's subject matter jurisdiction as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Dated: February 23, 2022
      Brooklyn, New York

Respectfully submitted

/s/_____

Victor Tsai, Esq. (VT9956)
Attorney for Chau Family Defendants
*Brooklyn Office & Post Address:*
562 Coney Island Avenue,
Brooklyn NY 11218
(212) 625-9028
Email:  ourlawyers@gmail.com

13

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this filing was sent on February 23, 2022,

via the Court's CM/ECF system and/or email and/or mail to the following counsel of record:

Gary Rosen, Esq.
Rosen Law LLC
Attorney for Plaintiffs
CHEN XIA LIU and CHEN HUA LIU
216 Lakeville Road
Great Neck, NY 11020
(516) 437-3400
grosen@rosenlawllc.com

Xue J. Huang, Esq.
Huang, Chen & Wu PLLC
Attorneys for Defendant
TU KANG YANG
38-08 Union Street, Suite 9B
Flushing, NY 11354
(718) 886-5900
xhuang@hcwlawgroup.com

/s/_____

Victor Tsai, Esq. (VT9956)
Attorney for Chau Family Defendants

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
CHEN XIA LIU and CHEN HUA LIU

          Plaintiffs,

     -against-

HOK KWAI CHAU; BO JIN ZHU;
WING FUNG CHAU a/k/a ANDY
CHAU; SALENA CHAU; TU KANG
YANG; MEI YANG KO; WING FUNG
HOME REALTY GROUP INC.; WING
FUNG CHAU d/b/a WING FUNG
REALTY GROUP,

          Defendants.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-006369

*Appearances:*
GARY ROSEN
Rosen Law LLC
216 Lakeville Road
Great Neck, New York 11020
*For Plaintiffs*

VICTOR TSAI
562 Coney Island Avenue
Brooklyn, New York 11218
*For Chau Family Defendants*

XUE J. HUANG
Huang, Chen & Wu PLLC
38-08 Union Street, Suite 9B
Flushing, NY 11354
*For Defendant Tu Kang Yang*

**BLOCK, Senior District Judge:**

     Plaintiffs claim that they were defrauded into paying $750,000 towards the

purchase of real property, after which the owner, 41-23 Haight Realty, Inc. ("Haight

Realty"), failed to convey the property or return their deposits. The corporation then

1

declared bankruptcy, rejected the contract of sale with the plaintiffs, and sold the property in bankruptcy.

With respect to Haight Realty, therefore, plaintiffs' claim is that of an unsecured creditor against a bankrupt corporation. To recover their investments, the plaintiffs have sued the defendants in this case, who are connected in various ways to the alleged fraud. Defendants Hok Kwai Chau, Bo Jin Zhu and Wing Fung Chau a/k/a Andy Chau are the owners and officers of Haight Realty. Wing Fung Realty Group—also owned by Andy Chau, Bo Jin Zhu, and Hok Kwai Chau—promoted the development. Salena Chau (Andy's daughter), Mei Yang Ko (Andy's mother), and Tu Kang Yang (Andy's business partner) allegedly placed "stalking horse" bids to drive up the selling price of the property in bankruptcy.

All defendants have moved to dismiss. Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Salena Chau, Mei Yang Ko and Wing Fung Realty (collectively, "the Chau Family") move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(7), and 12(b)(6). Yang separately moves to dismiss Counts 5, 6, and 7 as they pertain to him. For the following reasons, the motions are granted in part and denied in part.

## I.    The 12(b)(1) Motion

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to

adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). The Chau Family argues that this matter is not within the Court's jurisdiction because plaintiffs stipulated to the bankruptcy court's exclusive jurisdiction when accepting the rejection of their contract of sale.

The Chau Family's argument fails. A judgment in this case will not disturb anything in the bankruptcy court's stipulation, which precludes the plaintiffs from receiving title to the property from Haight Realty. In the case, plaintiffs are seeking money damages from individuals and entities other than Haight Realty. In addition, none of the defendants were parties to the bankruptcy proceeding, and the settlement of the bankruptcy does not discharge their individual liability. *See In re Purdue Pharma, L.P.*, No. 21 CV 7532 (CM), 2021 WL 5979108 (S.D.N.Y. Dec. 16, 2021) (vacating bankruptcy settlement that released non-debtors from direct claims by third parties). Therefore, this Court has jurisdiction.

## II.    The 12(b)(7) Motion

"In determining whether an action should be dismissed for nonjoinder [under Federal Rule of Civil Procedure 12(b)(7)], the court ... must initially determine whether the party should be joined as a 'necessary party' under Rule 19(a)." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.,* 102 F.3d 677, 681 (2d Cir.1996). The Chau Family argues that Haight Realty is a necessary party. The Court disagrees.

3

> An absent person may be "necessary" if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Haight Realty's absence does not affect the Court's ability to provide complete relief by imposing money damages on the defendants. Nor has Haight Realty claimed an interest in the action. Even if it had, its absence does not "impair or impede [its] ability to protect [its] interest," as its liability for failing to provide title or a refund to the plaintiffs has been settled by the bankruptcy court. Finally, Haight Realty's absence does not expose the defendants to multiple or inconsistent obligations.

### III.    The 12(b)(6) Motions

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions,"

4

"conclusory" allegations, or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S.at 678.

The Chau Family moves to dismiss all plaintiffs' claims against them pursuant to Rule 12(b)(6). As noted, Yang separately moves to dismiss Counts 5, 6 and 7 as they pertain to him.

### A.  General Arguments

Before turning to the individual counts, the Court must address several overarching arguments made by the Chau Family.  First, plaintiffs' claims are not barred by res judicata or collateral estoppel.  While bankruptcy allowed Haight Realty to reject the contract of sale, "[r]ejection merely frees the estate from the obligation to perform; it does not make the contract disappear."  *In re Lavigne*, 114 F.3d 379, 386–88 (2d Cir. 1997) (citing *In re The Drexel Burnham Lambert Group*, 138 B.R. 687, 703 (Bkrtcy. S.D.N.Y. 1992)).  In addition, defendants were not parties to the bankruptcy. *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995) (citing *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190-91 (2d Cir. 1985)) ("[R]es judicata applies to 'a case involving the same parties or their privies.'").

 Second, the Court disagrees that plaintiffs' claims are based solely on a veil-piercing theory.  Rather, plaintiffs have made "allegations reflecting on the individual's liability for the corporation's wrongdoing." *ARB Upstate Commc'ns*

5

*LLC v. R.J. Reuter, L.L.C.*, 93 A.D.3d 929, 931, 940 N.Y.S.2d 679, 683–84 (2012) (finding managing director, who signed on corporation's behalf, may be held liable for breach of contract based on allegations that he managed or owned corporate defendants, provided business advice to plaintiffs that benefited corporation). Plaintiffs have sufficiently alleged that Hok Kwai Chau, Bo Jin Zhu and Andy Chau owned and controlled Haight Realty, and that they used the entity to defraud plaintiffs. On that basis, they may be liable for the corporation's conduct. *See United States v. Nagelberg*, 772 F. Supp. 120, 123–24 (E.D.N.Y. 1991) (citing *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 933 F.2d 131, 138 (2d Cir.1991) ("[U]nder New York law, a corporate veil will be pierced upon a showing of fraud or upon complete control by the dominating [entity] that leads to a wrong against third parties.").

Third, the complaint does not improperly rely on allegations based on "information and belief." The Court can accept those allegations made "upon information and belief" that tend to "specify the time, place, speaker, and…even the content" of the misrepresentation or that allege facts related to "matters peculiarly within the opposing party's knowledge." *Luce v. Edelstein*, 802 F.2d 49, 54 n.1 (2d Cir. 1986).

### B. Count 1 – Breach of Contract against Hok Kwai Chau, Bo Jin Zhu, and Andy Chau (Piercing the Corporate Veil)

6

As explained above, rejection of a contract in bankruptcy does not terminate the contract.  Moreover, a breach of contract has been properly alleged.  To pierce the corporate veil and demonstrate personal liability, Plaintiffs have adequately alleged that Hok Kwai Chau, Bo Jin Zhu, and Andy Chau had control over Haight Realty as officers and directors and used the corporation to commit fraud by misappropriating the plainitffs' deposits for other purposes.

C. **Count 2 – Fraud against Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Wing Fung Realty Group, and Wing Fung Home Realty Group, Inc.**

To state a claim for fraud, "[a] party must state with particularity the circumstances constituting fraud…. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Where "the facts are exclusively within the adverse parties' knowledge," "less particularity" is required.  *Elgin Sweeper Co. v. Melson Inc.,* 884 F. Supp. 641, 653 (N.D.N.Y. 1995).

"To maintain a separate claim for fraud, a plaintiff must '(i) demonstrate a legal duty separate from the duty to perform under the contract; (ii) point to a fraudulent misrepresentation that is collateral or extraneous to the contract; or (iii) seek special damages that are unrecoverable as contract damages.'" *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 87 A.D.3d 287, 293–94 (2011) (citing *Merrill Lynch & Co.* v. *Allegheny Energy, Inc.*, 500 F.3d 171, 183 (2d Cir. 2007)). "A fraud claim will be upheld when a plaintiff alleges that it was induced to enter into a transaction because a defendant misrepresented material facts, even though the same

circumstances also give rise to the plaintiff's breach of contract claim." *Id.* "Unlike a misrepresentation of future intent to perform, a misrepresentation of present facts is collateral to the contract...and therefore involves a separate breach of duty." *Id.*

Plaintiffs allege that Hok Kwai Chau, Bo Jin Zhu, and Andy Chau failed to disclose their common ownership of Haight Realty and Wing Fung Realty. These defendants also misrepresented their ability to develop the properties, overstated the time constraints on construction and the urgent need for funds to cover construction costs, inducing plaintiffs to forego use of an escrow account. They also failed to disclose that they were acquiring bank loans to finance development of the property, which would have undermined the need for immediate cash funds from the buyers. *Id.* at ¶¶258-260. These are all misrepresentations of present facts, rather than promises for future performance. *See MBIA Ins. Corp.,* 87 A.D.3d at 293–94.

In addition, plaintiffs' allegation that their funds were misappropriated is an independent fraud claim. *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, 525 F. Supp. 3d 482, 515 (S.D.N.Y. 2021) (separate claim for fraud supported where defendants breached contract terms and "took the separate, additional step of arranging for the funds to be directed into their possession….").

**D. Count 3 – Unjust Enrichment against Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Wing Fung Realty Group, and Wing Fung Home Realty Group, Inc.**

Plaintiffs allege unjust enrichment as an alternative to a breach of contract claim. In the event the Court finds there is no contractual liability, they allege they paid money as a down payment; that they received no benefit in return; and that Hok Kwai Chau, Andy Chau, and Bo Jin Zhu, as well as Wing Fung Realty and Wing Fung Home, were the improper recipients of those funds. This is sufficient to plead unjust enrichment. *See Delaware Cty. v. Leatherstocking Healthcare, LLC*, 110 A.D.3d 1211, 1213, 973 N.Y.S.2d 817, 819 (2013).

### E. Count 4 – Conspiracy to Commit Fraud against Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Wing Fung Realty Group, and Wing Fung Home Realty Group, Inc.

The Chau Family has not clearly articulated many of its arguments. They argue, for example, that "Count Four...must be also dismissed given the undisputed facts stated above and the acts of Plaintiffs state [sic] above and below as to fraud-based predicates." Chau Br. 8. As best the Court can glean, they mean to argue that fraud conspiracy requires an underlying fraud. But as fraud has been sufficiently pled, their argument fails. *See Great Lakes Motor Corp. v. Johnson*, 68 N.Y.S.3d 614, 617 (2017) (citing *Abacus Fed. Sav. Bank v. Lim*, 905 N.Y.S.2d 585 (1st Dept. 2010)).

### F. Count 5 – RICO 18 U.S.C. § 1962(c) against All Defendants

To establish a violation of 18 U.S.C. § 1962(c), a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Kim*

9

*v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001)).  Through employment or association, plaintiffs allege that all defendants comprised an enterprise which defrauded the purchasers of Haight Realty properties.  As predicate acts, plaintiffs allege instances of wire fraud, mail fraud, and "interference with interstate commerce" by the enterprise. They allege that between November 2010 and December 2019, in the regular course of their business, the enterprise used emails, cell phones, text messages, and the U.S mail service to contract with plaintiffs, receive payments, and continuously misrepresent that the closing would occur "shortly."  They also allege a series of fraudulent filings in violation of the Martin Act.

Hok Kwai Chau, Bo Jin Zhu, Andy Chau, Wing Fung Realty, and Wing Fung Home were allegedly responsible for directing Haight Realty's business affairs, accepting and redirecting funds from purchasers, executing contracts, and promoting and closing deals for the property.  Though Salena Chau, Mei Yang Ko and Tu Kang Yang were not directors or officers of the entities, they were allegedly involved in the scheme. All three allegedly participated in stalking horse bids on the property.

### G. **Count 6 – RICO 18 U.S.C. § 1962(a) against All Defendants**

While § 1962(c) is concerned with the conduct of a racketeering enterprise, § 1962(a) requires a plaintiff to allege that the defendant "derived income from a pattern of racketeering activity."  *Smithfield Foods, Inc. v. United Food & Com.*

*Workers Int'l Union*, 633 F. Supp. 2d 214, 222 (E.D. Va. 2008) (citing *United States*

*v. Vogt,* 910 F.2d 1184, 1193 (4th Cir.1990); *see also Moss v. Morgan Stanley, Inc.*,

719 F.2d 5, 17 (2d Cir. 1983).  Plaintiffs clearly allege that Hok Kwai Chau, Bo Jin

Zhu, Andy Chau, Wing Fung Realty and Wing Fung Home misappropriated funds

from Haight Realty and used that money for personal use and to invest into other

development projects. However, the allegations as to Salena Chau, Tu Kang Yang

and Mei Yang Ko are conclusory. While all three are implicated in the scheme,

plaintiffs have not alleged how income they derived from the scheme was invested

or used in the enterprise.

H. **Count 7 – RICO Conspiracy 18 U.S.C. § 1962(d) against All Defendants**

Plaintiffs have successfully alleged that Hok Kwai Chau, Bo Jin Zhu, Andy

Chau, Wing Fung Realty, and Wing Fung Home were aware and involved in

violations of 1962(c). *See United States v. Zemlyansky*, 908 F.3d 1, 11 (2d Cir. 2018).

For defendants Salena Chau, Tu Kang Yang and Mei Yang Ko, documents from the

Haight Realty bankruptcy support the allegations that Salena, Yang and Ko

knowingly participated in the enterprise's scheme, as all three worked with Andy

Chau to submit their stalking horse bids, even if their plan was ultimately

unsuccessful.

Yang argues that, at best, this describes a hub-and-spoke association, with him

being an unwitting "spoke" in Andy Chau's scheme.  But such an association can

11

amount to a RICO conspiracy if there are "allegations or evidence of 'each defendant's necessary and symbiotic contribution to the overall scheme.'" *City of New York v. Chavez*, 944 F. Supp. 2d 260, 272 (S.D.N.Y. 2013) (quoting *Cedar Swamp Holdings, Inc. v. Zaman*, 487 F. Supp. 2d 444, 450 (S.D.N.Y. 2007)). Plaintiffs satisfy this standard by alleging the first stalking horse bid was made together by Yang and Salena Chau without proper disclosures and in coordination with Andy Chau.

## CONCLUSION

For the foregoing reasons, the Chau Family's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(7) is denied.  Their motion to dismiss pursuant to Rule 12(b)(6) is granted as to Count 6 against Salena Chau and Mei Yang Ko, and otherwise denied.  Yang's motion to dismiss pursuant to Rule 12(b)(6) is granted as to Count 6 and otherwise denied.

**SO ORDERED.**

  _/S/ Frederic Block_____
  FREDERIC BLOCK
  Senior United States District Judge

Brooklyn, New York
February 10, 2022

# EXHIBIT 2

| AP No.: | Defendant | co-Defendant | Amount in Dispute | Defendant(s) Counsel | Stip 90 | Answer Deadline | Answer Filed | Informal Discovery |
|---|---|---|---|---|---|---|---|---|
| 1-21-01061-nhl | 131-36 40 Realty, Inc. et al | Xiu Qin Shi | $ 20,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01062-nhl | 42-29 Parsons Realty Inc. et al | Xiu Qin Shi | $ 173,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01063-nhl | 82-25 Queens Mansion LLC et al | Wing Fung Chau | $ 90,000.00 | Eric J. Snyder (Wilk Auslander LLP) | Y | 12/07/21 | N | |
| 1-21-01064-nhl | 114-08 Taipei Inc et al | Xiu Qin Shi | $ 70,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01065-nhl | 19 Bogart Realty Development Inc. et al | Wing Fung Chau | $ 380,000.00 | Eric J. Snyder (Wilk Auslander LLP) | Y | 12/07/21 | N | |
| 1-21-01066-nhl | 326 Grand Realty Inc. et al | Bo Jin Zhu | n/a | n/a | | Voluntarily Dismissed | n/a | |
| 1-21-01067-nhl | 41-23 Haight Realty Inc. et al | Bo Jin Zhu | n/a | n/a | | Voluntarily Dismissed | n/a | |
| 1-21-01068-nhl | 62-08 Holding Inc. et al | Aiyun  Chen | $ 7,500.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | 12/07/21 | N | |
| 1-21-01069-nhl | 86-55 Grand Realty Inc. et al | Tu Kang Yang | $ 20,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01070-nhl | 888 Queens Inc. et al | Bo Jin Zhu | n/a | n/a | | Voluntarily Dismissed | N | |
| 1-21-01071-nhl | 90-14 51 Realty Inc. et al | Xiu Qin Shi | $ 10,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01072-nhl | 90-56 L&Z Realty LLC et al | Wing Fung Chau | $ 101,700.00 | Eric J. Snyder (Wilk Auslander LLP) | Y | 12/07/21 | N | |
| 1-21-01073-nhl | 77 Shi Inc. et al | Xiu Qin Shi | $ 7,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01074-nhl | 64-03 Realty LLC | none | $ 1,580,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01075-nhl | 88 Canal Realty Inc. | none | $ 71,875.00 | Barry Haberman | | 09/08/21 | N | |
| 1-21-01076-nhl | 120 Central Realty Inc. | none | $ 400,000.00 | Sophie Wang (Muchmore & Associates PLLC) | Y | 12/07/21 | N | |
| 1-21-01077-nhl | 40-70 Realty LLC | none | $ 9,250.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | 12/07/21 | N | |
| 1-21-01078-nhl | 81 Rose Hotel LLC | none | $ 80,000.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | 12/07/21 | N | |
| 1-21-01079-nhl | 8105 Kneeland Avenue LLC | none | $ 10,000.00 | Dawn Kirby (Kirby Aisner & Curley LLP) | Y | 12/07/21 | N | |
| 1-21-01080-nhl | Fowler Loft LLC | none | $ 20,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01081-nhl | Ponce Bank Mutual Holding Company | none | $ 10,000.00 | Edward Feldman (Feldman & Associates, PLLC) | Y | 12/07/21 | N | |
| 1-21-01082-nhl | DYD Flooring USA Inc. | none | $ 35,000.00 | Yangting Guo | | 09/08/21 | N | |
| 1-21-01083-nhl | Hallmark Management Solutions LLC | none | $ 179,000.00 | Bo Shi (Shi & Associates) | | 09/08/21 | Y | |
| 1-21-01084-nhl | Sunrise Tile Inc. | none | $ 78,440.45 | Victor Tsai (Law Offices of Victor Tsai) | | 09/08/21 | N | |
| 1-21-01085-nhl | Super Plumbing and Building Supply Inc. | none | $ 714,501.14 | Pro Se | Y | 12/07/21 | N | |
| 1-21-01086-nhl | U-Tek Elevator Inc. | none | $ 107,820.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01087-nhl | A & B Trading Corp. | none | $ 50,000.00 | Pro Se | | 09/08/21 | Y | Documents submitted with Answer |
| 1-21-01088-nhl | F W Z Management Inc. | none | $ 23,000.00 | Bo Shi (Shi & Associates) | | 09/08/21 | N | |
| 1-21-01089-nhl | Logo Mechanical Inc. | none | $ 10,000.00 | Victor Tsai (Law Offices of Victor Tsai) | | 09/08/21 | Y | Documents submitted with Answer |
| 1-21-01090-nhl | Meng Wang | none | $ 30,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01091-nhl | Andy Lee | none | $ 90,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01092-nhl | Zhong Zheng | none | $ 15,000.00 | Pro Se | | 09/08/21 | Y | |
| 1-21-01093-nhl | Chung Sum Cheng | none | $ 13,950.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01094-nhl | 102-08 Holding Inc. | none | $ 10,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01095-nhl | 108-36 Holdings Corp. | none | $ 184,250.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01096-nhl | 135-03 Northern LLC | none | $ 15,000.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | 12/07/21 | N | |
| 1-21-01097-nhl | 149-17 Realty Inc. | none | $ 34,875.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | 12/07/21 | N | |
| 1-21-01098-nhl | 2128 Holding Inc. | none | $ 657,500.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01099-nhl | 37-10 Corona Realty LLC | none | $ 535,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01100-nhl | 62-98 Realty LLC | none | $ 10,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01101-nhl | 70-05 Realty Inc. | none | $ 40,000.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | 12/07/21 | N | |
| 1-21-01102-nhl | 730 Grand Realty Corp. | none | $ 40,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01103-nhl | 88-28 Property Inc. | none | $ 100,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01104-nhl | A & T Engineering, P.C. | none | $ 14,102.49 | Xue Huang (Huang, Chen & Wu, PLLC) | | 09/08/21 | N | |
| 1-21-01105-nhl | All American Transit Mix Corp. | none | $ 117,648.99 | Rachel S. Blumenfeld (Law Office of Rachel S. Blumenfeld PLLC) | Y | 12/07/21 | N | |
| 1-21-01106-nhl | Ava Agency Insurance Inc. | none | $ 18,811.50 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01107-nhl | Billy Enterprises Inc. | none | $ 15,630.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01108-nhl | BP3 Capital LLC | none | $ 10,000.00 | M. David Graubard & Howard Wasseman | Y | 12/07/21 | N | |
| 1-21-01109-nhl | Capital Hardware Supply Inc. | none | $ 27,516.57 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01110-nhl | CNY Engineering, P.C. | none | $ 22,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01111-nhl | ECM Experta Management Inc. | none | $ 350,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01112-nhl | Caulkiste Corp. | none | $ 48,351.20 | Philip A. Bocketti (Mazur, Bocketti, Nisonoff & Khavulya, P.C.) | Y | 12/07/21 | N | |
| 1-21-01113-nhl | Elfran, Inc. | none | $ 350,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01114-nhl | Everyday Convenient Store Inc. | none | $ 45,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01115-nhl | Federal Standard Abstract, Inc. | none | $ 52,400.00 | Sal Fichera (Pun & Associates) | Y | 12/07/21 | N | Documents received from Defendant |
| 1-21-01116-nhl | First Class Management Contracting Corp. | none | $ 540,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01117-nhl | Flushing Building Supply LLC | none | $ 134,044.93 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01118-nhl | Flushing Northern LLC | none | $ 12,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01119-nhl | Flushing Point Holding LLC | none | $ 10,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01120-nhl | Fuhao Realty LLC | none | $ 500,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01121-nhl | G4 Capital Bridge, LLC | none | $ 22,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01122-nhl | H & F Plumbing Inc. | none | $ 12,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01123-nhl | J & H Equity Group Inc. | none | $ 190,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01124-nhl | Jian Feng LLC | none | $ 720,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01125-nhl | K & J Lift Inc. | none | $ 33,600.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01126-nhl | Leo International, Inc. | none | $ 15,000.00 | Stuart Zisholtz (Zisholtz & Zisholtz, LLP) | Y | 12/07/21 | N | |
| 1-21-01127-nhl | Linden Lin LLC | none | $ 70,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01128-nhl | Maxim Capital Funding, LLC | none | $ 25,000.00 | UNKNOWN | | 09/08/21 | N | |
| 1-21-01129-nhl | Miles Glass & Metal Sign Corp. | none | $ 26,484.00 | Seni Popat (Law Office of Seni Popat, P.C.) | Y | 12/07/21 | N | |

| Case | Debtor | | Amount | | Counsel | | Date | |
|---|---|---|---|---|---|---|---|---|
| 1-21-01130-nhl | MMM Distribution Corp. | none | $ | 28,000.00 | UNKNOWN | | 09/08/21 | N |
| 1-21-01131-nhl | Monda Window & Door Systems, Inc. | none | $ | 16,965.51 | Mark W. Schlussel (Zeichner Ellman & Krause LLP) | Y | 12/07/21 | N |
| 1-21-01132-nhl | Neptune I Inc. | none | $ | 34,250.00 | UNKNOWN | | 09/08/21 | N |
| 1-21-01133-nhl | NY Allied Asphalt Paving Inc. | none | $ | 21,000.00 | UNKNOWN | | 09/08/21 | N |
| 1-21-01134-nhl | NYC Main Man Corp. | none | $ | 50,000.00 | Pro Se | | 09/08/21 | Y | Documents submitted with Answer |
| 1-21-01135-nhl | P.C. Richard & Son, LLC | none | $ | 19,711.16 | Robert Webber (In House Counsel) | Y | 12/07/21 | N |
| 1-21-01136-nhl | Queens Lumber Co., Inc. | none | $ | 25,234.01 | UNKNOWN | | 09/08/21 | N |
| 1-21-01137-nhl | RS Capital Holding LLC | none | $ | 873,500.00 | Sophia Perna-Plank (Jaspan Schlesinger LLP) | Y | 09/08/21 | N |
| 1-21-01138-nhl | The Home Depot, Inc. | none | $ | 26,828.00 | UNKNOWN | | 09/08/21 | N |
| 1-21-01139-nhl | Time Marble and Granite Inc. | none | $ | 29,283.28 | Michelle Cheng (Zisholtz & Zisholtz, LLP) | | 12/07/21 | N |
| 1-21-01140-nhl | Weng's Property LLC | none | $ | 30,000.00 | UNKNOWN | | 09/08/21 | N |
| 1-21-01141-nhl | Marly Building Supply Corp. | none | $ | 90,403.04 | UNKNOWN | | 09/08/21 | N |
| 1-21-01142-nhl | Urban Architectural Design, P.C. | none | $ | 25,000.00 | UNKNOWN | | 09/08/21 | N |
| 1-21-01143-nhl | Kevin Kerveng Tung P.C. et al | none | $ | 2,000.00 | UNKNOWN | | 09/08/21 | N |
| 1-21-01144-nhl | Wing Fung Chau a/k/a Andy Chau | none | unk | | Eric J. Snyder (Wilk Auslander LLP) | Y | 12/07/21 | N |
| 1-21-01145-nhl | Hok Kwai Chau | none | unk | | Nathan R. Jones (Forchelli Deegna Terrana LLP) | Y | 12/07/21 | N |
| 1-21-01146-nhl | Chun Yin Chen | none | unk | | Chris Han (Han LLP) | | 09/08/21 | Y |
| 1-21-01147-nhl | Xiu Qin Shi a/k/a Amy Shi | none | unk | | UNKNOWN | | 09/08/21 | N |
| 1-21-01148-nhl | Ken Cheng | none | $ | 13,950.00 | UNKNOWN | | 09/08/21 | N |
| 1-21-01149-nhl | Mei Yang Ko | none | unk | | UNKNOWN | | 09/08/21 | N |
| 1-21-01150-nhl | Salena Chau | none | unk | | UNKNOWN | | 09/08/21 | N |
| 1-21-01151-nhl | Tu Kang Yang | none | unk | | Kevin K. Tung (Kevin Kerveng Tung, P.C.) | | 09/08/21 | Y |
| 1-21-01152-nhl | Dongmei Li | none | unk | | Kevin K. Tung (Kevin Kerveng Tung, P.C.) | | 09/08/21 | Y |
| 1-21-01153-nhl | Wendy Chau | none | unk | | UNKNOWN | | 09/08/21 | N |
| 1-21-01154-nhl | Yuzheng Miao | none | unk | | Andrew Muchmore (Muchmore & Associates PLLC) | Y | 12/07/21 | N |
| 1-21-01155-nhl | Aiyun Chen | none | unk | | Anthony F. Giuliano (Giuliano Law PC) | Y | 12/07/21 | N |
| 1-21-01156-nhl | Victor Tsai | none | $ | 30,500.00 | Victor Tsai (Law Offices of Victor Tsai) | | 09/08/21 | N |
| 1-21-01157-nhl | M Int'l Engineering PLLC | none | $ | 4,000.00 | UNKNOWN | | 09/08/21 | N |
| 1-21-01158-nhl | 326 Grand Realty Inc. | none | $ | 84,000.00 | UNKNOWN | | 09/08/21 | N |
| 1-21-01159-nhl | 888 Queens Inc. | none | $ | 230,000.00 | UNKNOWN | | 09/08/21 | N |

| AP No.: | Defendant | Amount in Dispute | Defendant(s) Counsel | Answer Deadline | Answer Filed | Informal Discovery |
|---|---|---|---|---|---|---|
| 1-21-01083-nhl | Hallmark Management Solutions LLC | $ 179,000.00 | Bo Shi (Shi & Associates) | 09/08/21 | Y | |
| 1-21-01084-nhl | Sunrise Tile Inc. | $ 78,440.45 | Victor Tsai (Law Offices of Victor Tsai) | 09/08/21 | Y | |
| 1-21-01087-nhl | A & B Trading Corp. | $ 50,000.00 | Pro Se | 09/08/21 | Y | Documents submitted with Answer |
| 1-21-01088-nhl | F W Z Management Inc. | $ 23,000.00 | Bo Shi (Shi & Associates) | 09/08/21 | Y | |
| 1-21-01089-nhl | Logo Mechanical Inc. | $ 10,000.00 | Victor Tsai (Law Offices of Victor Tsai) | 09/08/21 | Y | Documents submitted with Answer |
| 1-21-01092-nhl | Zhong Zheng | $ 15,000.00 | Pro Se | 09/08/21 | Y | |
| 1-21-01134-nhl | NYC Main Man Corp. | $ 50,000.00 | Pro Se | 09/08/21 | Y | Documents submitted with Answer |
| 1-21-01137-nhl | RS Capital Holding LLC | $ 873,500.00 | Sophia Perna-Plank (Jaspan Schlesinger LLP) | 09/08/21 | Y | |
| 1-21-01146-nhl | Chun Yin Chen | unk | Chris Han (Han LLP) | 09/08/21 | Y | |
| 1-21-01151-nhl | Tu Kang Yang | unk | Kevin K. Tung (Kevin Kerveng Tung, P.C.) | 09/08/21 | Y | |
| 1-21-01152-nhl | Dongmei Li | unk | Kevin K. Tung (Kevin Kerveng Tung, P.C.) | 09/08/21 | Y | |
| 1-21-01156-nhl | Victor Tsai | $ 30,500.00 | Victor Tsai (Law Offices of Victor Tsai) | 09/08/21 | Y | |

| AP No. | Defendant | co-Defendant | Amount in Dispute | Defendant(s) Counsel | Stip 90 | | Answer Deadline | Answer Filed | Informal Discovery |
|---|---|---|---|---|---|---|---|---|---|

| Date | AP No.: | Plaintiff | Plaintiff Counsel | Defendant | co-Defendant | Amount in Dispute | Defendant(s) Counsel | Stip 90 | | Answer Deadline | Answer Filed | Informal Discovery |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/06/2021 | 1-21-01063-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 82-25 Queens Mansion LLC et al | Wing Fung Chau | $ 90,000.00 | Eric J. Snyder (WIlk Auslander LLP) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01065-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 19 Bogart Realty Development Inc. et al | Wing Fung Chau | $ 380,000.00 | Eric J. Snyder (WIlk Auslander LLP) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01068-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 62-08 Holding Inc. et al | Aiyun Chen | $ 7,500.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01072-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 90-56 L&Z Realty LLC et al | Wing Fung Chau | $ 101,700.00 | Eric J. Snyder (WIlk Auslander LLP) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01076-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 120 Central Realty Inc. | none | $ 400,000.00 | Sophie Wang (Muchmore & Associates PLLC) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01077-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 4D-70 Realty LLC | none | $ 9,250.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01078-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 81 Rose Hotel LLC | none | $ 80,000.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01079-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 8105 Kneeland Avenue LLC | none | $ 10,000.00 | Dawn Kirby (Kirby Aisner & Curley LLP) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01085-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Ponce Bank Mutual Holding Company | none | $ 10,000.00 | Edward Feldman (Feldman & Associates, PLLC) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01085-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Super Plumbing and Building Supply Inc. | none | $ 714,501.14 | Pro Se | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01096-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 135-03 Northern LLC | none | $ 15,000.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01097-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 149-17 Realty Inc. | none | $ 34,875.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01101-nhl | Committee of Uns | Scott J. Bogucki, Esq. | 70-05 Realty Inc. | none | $ 40,000.00 | Anthony F. Giuliano (Giuliano Law PC) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01105-nhl | Committee of Uns | Scott J. Bogucki, Esq. | All American Transit Mix Corp. | none | $ 117,648.99 | Rachel S. Blumenfeld (Law Office of Rachel S. Blumenfeld PLLC) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01108-nhl | Committee of Uns | Scott J. Bogucki, Esq. | BP3 Capital LLC | none | $ 10,000.00 | M. David Graubard & Howard Wasserman | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01112-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Caulkitie Corp. | none | $ 48,351.20 | Philip A. Rocketti (Masur, Rocketti, Nissonoff & Khavulya, P.C.) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01115-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Federal Standard Abstract, Inc. | none | $ 52,400.00 | Sal Fichera (Pun & Associates) | Y | | 12/07/21 | N | Documents received from Defendant |
| 08/06/2021 | 1-21-01129-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Leo International, Inc. | none | $ 15,000.00 | Stuart Zisholtz (Zisholtz & Zisholtz, LLP) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01129-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Miles Glass & Metal Sign Corp. | none | $ 26,484.00 | Seni Popat (Law Office of Seni Popat, P.C.) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01133-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Monda Window & Door Systems, Inc. | none | $ 16,965.51 | Mark W. Schlussel (Dechner Ellman & Krause LLP) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01135-nhl | Committee of Uns | Scott J. Bogucki, Esq. | P.C. Richard & Son, LLC | none | $ 19,711.16 | Robert Webber (In House Counsel) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01144-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Wing Fung Chau a/k/a Andy Chau | none | unk | Eric J. Snyder (WIlk Auslander LLP) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01145-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Hok Kwai Chau | none | unk | Nathan R. Jones (Forchelli Deegna Terrana LLP) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01154-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Yusheng Miao | none | unk | Andrew Muchmore (Muchmore & Associates PLLC) | Y | | 12/07/21 | N | |
| 08/06/2021 | 1-21-01155-nhl | Committee of Uns | Scott J. Bogucki, Esq. | Aiyun Chen | none | unk | Anthony F. Giuliano (Giuliano Law PC) | Y | | 12/07/21 | N | |

| Transferee | Transferee's Counsel | Stip 120 | Complaint Due |
|---|---|---|---|
| Law Offices of Xianfeng Zou n/k/a Bill Zou & Associates PLLC | William X. Zou (Pro Se) | Y | 12/6/2021 |
| Bo Jin Zhu | Robert Sasloff (Robinson Brog Leinwand Greene Genovese & Gluck PC) | Y | 12/6/2021 |
| Cathay Bank | Conrad Chiu (Pryor Cashman LLP) | Y | 12/6/2021 |
| Certilman Balin Adler & Hyman LLP | Richard J. McCord (Pro Se) | Y | 12/6/2021 |
| Esagoff Law Group | Janet Nina Esagoff (Pro Se) | Y | 12/6/2021 |
| Wilk Auslander LLP | Eric J. Snyder (Pro Se) | Y | 12/6/2021 |

| AP No.: | Defendant | co-Defendant | Answer Deadline |
|---|---|---|---|
| 1-21-01066-nhl | 326 Grand Realty Inc. et al | Bo Jin Zhu | Voluntarily Dismissed |
| 1-21-01067-nhl | 41-23 Haight Realty Inc. et al | Bo Jin Zhu | Voluntarily Dismissed |
| 1-21-01070-nhl | 888 Queens Inc. et al | Bo Jin Zhu | Voluntarily Dismissed |