```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHEN XIA LIU AND CHEN HUA LIU,                          Case No. 20-cv-6369

                          Plaintiffs,
                                                        ANSWER TO COMPLAINT,
            -against-                                   AND CROSS-CLAIMS
                                                        AGAINST DEFENDANTS
HOK KWAI CHAU,                                          BO JIN ZHU AND TU KANG
BO JIN ZHU,                                             YANG
WING FUNG CHAU, a/k/a ANDY CHAU,
SALENA CHAU,
TU KANG YANG,
MEI YANG KO,
WING FUNG HOME REALTY GROUP INC.,
WING FUNG CHAU D/B/A WING FUNG REALTY GROUP

                          Defendants.
------------------------------------------------------------------X
```

## DEFENDANT CHAU FAMILY'S
## ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIM

Defendants Hok Kwai Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, Wing Fung Home Realty Group Inc. and Wing Fung Chau D/B/A Wing Fung Realty Group, (collectively, the "Chau Family"), through their attorney Victor Tsai, Esq., answers the Complaint herein and cross-claims against defendant Bo Jin Zhu and Tu Kang Yang as follows:

1. Deny the allegations contained in paragraph "1" of the Complaint.

2. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "2" of the Complaint.

3. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "3" of the Complaint and avers that the alleged contract of sale attached as Exhibit "1" to the Complaint was signed with Bo Jin Zhu.

4. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "4" of the Complaint.

5. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "5" of the Complaint.

6. Deny the allegations contained in paragraph "6" of the Complaint.

7. Deny the allegations contained in paragraph "7" of the Complaint.

8. Deny the allegations contained in paragraph "8" of the Complaint.

9. Object to allegations contained in paragraphs "9", "10", "11", "12", "14", "15", "16", "17", and "18" of the Complaint as improper content which is "redundant, immaterial, impertinent, or scandalous matter" under FRCP 12(f), which is prejudicial to Chau Family's defense, which contains non-specific and generalized statements or opinions as to which no supportive evidence would be admissible, and which would be highly prejudicial to Chau Family upon any trial of this matter. To the extent it alleges any wrongdoing by Chau Family or that plaintiff has any viable cause of action or standing to bring any cause of action, the allegations are denied, and denies knowledge or information sufficient to form a belief concerning each and every remaining allegation thereof.

10. Deny the allegations contained in paragraph "13" of the Complaint.

11. Deny the allegations contained in paragraph "19" of the Complaint and avers that the Plaintiffs agreed to the bankruptcy court having exclusive jurisdiction of this matter.

12. Deny the allegations contained in paragraph "20" of the Complaint and avers that the Plaintiffs have settled this matter in bankruptcy court and obtained a settlement

there.  Therefore, the amount in controversy is zero.

13. Deny the allegations contained in paragraph "21" of the Complaint.

14. Deny the allegations contained in paragraph "22" of the Complaint.

15. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "23" of the Complaint.

16. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "24" of the Complaint.

17. Deny the allegations contained in paragraph "25" of the Complaint.

18. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "26" of the Complaint.

19. Deny the allegations contained in paragraph "27" of the Complaint.

20. Deny the allegations contained in paragraph "28" of the Complaint.

21. Admit the allegations contained in paragraph "29" of the Complaint.

22. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "30" of the Complaint.

23. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "31" of the Complaint.

24. Deny the allegations contained in paragraph "32" of the Complaint.

25. Deny the allegations contained in paragraph "33" of the Complaint except admit Mei Yang Ko is the mother of Andy Chau.

26. Deny the allegations contained in paragraph "34" of the Complaint.

27. Deny the allegations contained in paragraph "35" of the Complaint.

28. Object to allegations contained in paragraphs "36", "37", and "38" of the Complaint as

improper content which is "redundant, immaterial, impertinent, or scandalous matter" under FRCP 12(f), which is prejudicial to Chau Family's defense, which contains non-specific and generalized statements or opinions as to which no supportive evidence would be admissible, and which would be highly prejudicial to Chau Family upon any trial of this matter. To the extent it alleges any wrongdoing by Chau Family or that plaintiff has any viable cause of action or standing to bring any cause of action, the allegations are denied, and denies knowledge or information sufficient to form a belief concerning each and every remaining allegation thereof.

29. Deny the allegations contained in paragraph "39" of the Complaint.

30. Deny the allegations contained in paragraph "40" of the Complaint.

31. Deny the allegations contained in paragraph "41" of the Complaint.

32. Deny the allegations contained in paragraph "42" of the Complaint.

33. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "43" of the Complaint.

34. Deny the allegations contained in paragraph "44" of the Complaint.

35. Deny the allegations contained in paragraph "45" of the Complaint.

36. Deny the allegations contained in paragraph "46" of the Complaint as to the Chau Family and, as to others, deny knowledge or information sufficient to form a belief.

37. Deny the allegations contained in paragraph "47" of the Complaint as to the Chau Family and, as to others, deny knowledge or information sufficient to form a belief.

38. Deny the allegations contained in paragraph "48" of the Complaint as to the Chau Family and, as to others, deny knowledge or information sufficient to form a belief.

39. Object to allegations contained in paragraphs "49", "50", "51", "52", 53", "54", "55",

4

"56", 57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", 70", "71", "72", "73", "74", "75", "76", "77", "78", "79", 80", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", 130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146", "164", "165", "166", "167", "168", "171", "172", "173", "174", "175", "176", "177", "178", "179", "180", "181", "238", and "248", of the Complaint as improper content which is "redundant, immaterial, impertinent, or scandalous matter" under FRCP 12(f), which is prejudicial to Chau Family's defense, which contains non-specific and generalized statements or opinions as to which no supportive evidence would be admissible, and which would be highly prejudicial to Chau Family upon any trial of this matter.  To the extent it alleges any wrongdoing by Chau Family or that plaintiff has any viable cause of action or standing to bring any cause of action, the allegations are denied, and denies knowledge or information sufficient to form a belief concerning each and every remaining allegation thereof.

40. Deny the allegations contained in paragraphs "147", "154", "160", "161", "162", "163", "184", "185", "188", "189", "191", "193", "194""195", "196", "211", "212", "213", "215", "216", "217", "218", "225", "226", "227", "228", "229", "230", "231", "233", "234", "235", "246", "247", "249", "250", "251", "252", "253", "254", "255", "256", "257", "258", "259", "260", "261", "262", "263", "264", "265", "267", "271", "272", "273", "274", "275", "276", "277", and "278" of the Complaint.

41. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs "148", "149", "150", "151", "152", "153", "155", "156", "157", "158", "159", "169", "170", "182", "186", "187", "197", "199", "200", "201", "202", "203", "204", "205", "206", "207", "208", "209", "214", "219", "220", "221", "222", "223", "224", "236", "237", "239", "240", "241", "242", "243", "244", "266", "268", "269", and "270" of the Complaint.

42. Deny the allegations contained in paragraph "183", "198" and "245" of the Complaint as to the Chau Family and, as to others, deny knowledge or information sufficient to form a belief.

### ANSWERING THE FIRST CAUSE OF ACTION: COUNT ONE

43. Chau Family repeats and realleges the foregoing responses as realleged in paragraph "279" of the Complaint thereof.

44. Denies each and every one of the allegations contained in paragraphs "280" through "328" of the Complaint to the extent asserted against, referring to or relating to Chau Family, and denies knowledge or information sufficient to form a belief as to allegations concerning the defendants other than Chau Family.

### ANSWERING THE SECOND CAUSE OF ACTION: COUNT TWO

45. Chau Family repeats and realleges the foregoing responses as realleged in paragraph "329" of the Complaint thereof.

46. Denies each and every one of the allegations contained in paragraphs "330" through "338" of the Complaint to the extent asserted against, referring to or relating to Chau Family, and denies knowledge or information sufficient to form a belief as to

allegations concerning the defendants other than Chau Family.

### ANSWERING THE THIRD CAUSE OF ACTION: COUNT THREE

47. Chau Family repeats and realleges the foregoing responses as realleged in paragraph "339" of the Complaint thereof.

48. Denies each and every one of the allegations contained in paragraphs "340" through "352" of the Complaint to the extent asserted against, referring to or relating to Chau Family, and denies knowledge or information sufficient to form a belief as to allegations concerning the defendants other than Chau Family.

### ANSWERING THE FOURTH CAUSE OF ACTION: COUNT FOUR

49. Chau Family repeats and realleges the foregoing responses as realleged in paragraph "353" of the Complaint thereof.

50. Denies each and every one of the allegations contained in paragraphs "354" through "361" of the Complaint to the extent asserted against, referring to or relating to Chau Family, and denies knowledge or information sufficient to form a belief as to allegations concerning the defendants other than Chau Family.

### ANSWERING THE FIFTH CAUSE OF ACTION: COUNT FIVE

51. Chau Family repeats and realleges the foregoing responses as realleged in paragraph "362" of the Complaint thereof.

52. Denies each and every one of the allegations contained in paragraphs "363" through "458" of the Complaint to the extent asserted against, referring to or relating to Chau Family, and denies knowledge or information sufficient to form a belief as to allegations concerning the defendants other than Chau Family.

## ANSWERING THE SIXTH CAUSE OF ACTION:  COUNT SIX

53. Chau Family repeats and realleges the foregoing responses as realleged in paragraph "459" of the Complaint thereof.

54. Denies each and every one of the allegations contained in paragraphs "460" through "470" of the Complaint to the extent asserted against, referring to or relating to Chau Family, and denies knowledge or information sufficient to form a belief as to allegations concerning the defendants other than Chau Family.

## ANSWERING THE SEVENTH CAUSE OF ACTION:  COUNT SEVEN

55. Chau Family repeats and realleges the foregoing responses as realleged in paragraph "471" of the Complaint thereof.

56. Denies each and every one of the allegations contained in paragraphs "472" through "475" of the Complaint to the extent asserted against, referring to or relating to Chau Family, and denies knowledge or information sufficient to form a belief as to allegations concerning the defendants other than Chau Family.

## PRAYER FOR RELIEF

Defendant Chau Family deny Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief," including paragraphs (A) through (E) therein, and deny the factual allegations, if any, contained in the Prayer for Relief section of the Complaint.  Defendant Chau Family further denies that it violated the any of the statutes stated therein or any other statutory or common law;

denies that it engaged in any conduct which caused Plaintiffs to suffer harm; and deny that Plaintiffs are entitled to the relief prayed for in the Complaint.

Each and every allegation which has not been expressly admitted above is denied.

## AFFIRMATIVE AND OTHER DEFENSES

The statement of any defense or affirmative defense in this Answer to Complaint does not assume the burden of proof for any issue as to which applicable law places the burden on the Plaintiffs.

## FIRST DEFENSE

### (Res judicata, claim preclusion & collateral estoppel)

1. Plaintiffs' Complaint failed to state a claim upon which relief may be granted, either on Plaintiffs' own behalf or on behalf of those persons whom Plaintiffs purported to represent.

2. There is no allegation in the Plaintiffs' Complaint that either Plaintiff was a party to any of the alleged lawsuits, no allegation that they were subjected to any of the alleged wrongs in the any of the alleged lawsuits in Complaint, no allegation that they signed any agreement with defendant Chau Family as the only alleged agreement was signed with Bo Jin Zhu on behalf of non-party 41-23 Haight Realty Inc. ["Haight Realty"].  There is no allegation by Plaintiffs that Chau Family was obligated to fulfill any other obligations other than Haight Realty's obligations which Plaintiffs settled with Haight Realty in Haight Realty's bankruptcy proceeding.

3. The alleged claims in the Complaint are barred by the doctrine of res judicata, claim preclusion and collateral estoppel given that Plaintiffs entered into court ordered stipulations of settlement in Haight Realty's bankruptcy proceeding.

## SECOND DEFENSE

### (lack of subject matter jurisdiction, barred by the doctrine of election of remedies)

4. That the Court lacks subject matter jurisdiction over the alleged claims in the Complaint as Plaintiffs expressly agreed to the exclusive subject matter jurisdiction of the bankruptcy court.

5. In addition, the Court lacks subject matter jurisdiction as Plaintiffs elected to be subject to the subject matter jurisdiction of the bankruptcy court by the filing of their proof of claim and thereafter entering into the bankruptcy proceedings of Haight Realty as creditors and consenting to a stipulation of settlement and obtaining a settlement therein.

6. Therefore, the claims in the Complaint are barred by the election of remedies doctrine.

## THIRD DEFENSE

### (failure to pled fraud with particularity, no predicate acts pled)

7. The disputed allegations concerning the purported scope, effect, purpose or impact of, along with the general allegations of misrepresentation, fraud, crimes, along with allegations of harm, with no-specific and no particular statements or what was represented, who, when and what was represented, what crime was committed, as to which no supportive evidence would be admissible, which Chau Family is not and should not be required to refute or rebut, constitute "redundant, immaterial, impertinent or scandalous matter" under Fed. R. Civ. P. 12(f), and which, unless stricken by the Court, would be highly prejudicial to Chau Family upon any trial of this matter.

8. Therefore, the claims of misrepresentation and fraud should be dismissed for failure to pled with specificity.

9.    Therefore, the claims of RICO violations should be dismissed for failure to state any predicate acts.

## FOURTH DEFENSE

### (privity with Haight Realty's settlement)

10.   This action may not be maintained against Chau Family because Plaintiffs alleged that Chau Family was in privy with Haight Realty involving the same cause of action arising from the same transaction or series of transactions which were settled in Haight Realty's bankruptcy.

## FIFTH DEFENSE

### (failure to join necessary party)

11.   That the Complaint should be dismissed for failure to join a necessary party, namely Haight Realty.

## SIXTH DEFENSE

### (statute of limitations)

12.   Plaintiffs' claims are barred by the statute of limitations as the alleged contract of sale was dated over ten years ago.

## SIXTH DEFENSE

(no proximate cause)

13.   Plaintiffs' claims, as well as any alleged damages or losses that Plaintiff incurred as a result of any act or conduct by Chau Family would be speculative at best and, thus, too uncertain for recovery, given that the obligation pursuant to the contract of sale and the deposit were Haight Realty's which were settled.

## SEVENTH DEFENSE

**(assumption of risk)**

14. Plaintiffs are precluded from recovery because defendant Chau Family had no part by which unsecured creditors colluded with the secured creditor to force Haight Realty into involuntary bankruptcy so that the secured creditor could force Haight Realty to capitulate its fight against the secured creditor over its loan amount and default rate of interest, and that by forcing Haight Realty into involuntary bankruptcy, Haight Realty had to give the secure creditor super priority status and pay it default rates of interest on the loans because Haight Realty needed additional financing which it cannot obtain while it is in bankruptcy.

15. That the Plaintiffs voluntary relinquished their right to enforce the contract of sale which they attached prior to the involuntary bankruptcy knowing very well that the secured lender had supermajority status and were charging default rates of interest.

16. That the Plaintiffs' assumed all risks of their stipulation of settlement in bankruptcy.

## EIGHTH DEFENSE

(business purpose)

17. If Chau Family perpetrated any of the acts or omissions alleged in Plaintiff's Complaint, all of which Chau Family deny, then Chau Family assert that said acts or omissions were not carried out willfully, knowingly, intentionally, recklessly or with any malice or harm towards Plaintiffs or any purported claimant, and that Chau Family had, or would have had, a business purpose and lawful reason to do so.

## ADDITIONAL DEFENSES

18. Defendant Chau Family currently have insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses beyond those listed above. Defendant Chau Family hereby reserve its right to assert such other and further defenses to Plaintiff's Complaint as further investigation and discovery of the facts may warrant.

## CROSS-CLAIM

19. While Defendant Chau Family denies liability to Plaintiffs, if Defendant Chau Family is found liable to Plaintiffs, then such liability will have been brought about by the active and primary negligence or other liability on the part of defendants Bo Jin Zhu and Tu Kang Yang, and if Defendant Chau Family is found liable to any degree in this action to the Plaintiffs, then Defendant Chau Family will be entitled to indemnification and/or contribution and judgment over and against defendants Bo Jin Zhu and Tu Kang Yang for the full amount of such liability or for such proportion as represents the full amount, degree or kind of negligence attributable to defendant Bo Jin Zhu and Tu Kang Yang pursuant to applicable law.

## REPLY TO ALL CROSS-CLAIMS

20. All cross-claims for contribution or indemnification are hereby denied.

**WHEREFORE**, Defendant Chau Family deny that Plaintiffs are entitled to any of the relief demanded in the Complaint, and respectfully request that the Court enter judgment in the favor of Chau Family and against Plaintiffs, dismissing any and all of Plaintiff's claims against Chau Family with prejudice, and awarding Chau Family their attorneys' fees, costs and such other and further relief as the Court deems equitable and just.

Dated:  March 2, 2022
      Brooklyn, New York

                Respectfully submitted,

                /s/ *Victor Tsai*_____
                Victor Tsai, Esq. (VT9956)
                Attorney for Defendant
                CHAU FAMILY
                *Brooklyn Office & Post Address:*
                562 Coney Island Avenue,
                Brooklyn NY 11218
                (212) 625-9028
                Email:  ourlawyers@gmail.com

## CERTIFICATE OF SERVICE

      I, hereby certify that a true and correct copy of this filing was sent on MARCH 2, 2022, via the Court's CM/ECF system and/or email and/or mail to the following counsel of record:

Gary Rosen, Esq.
Rosen Law LLC
Attorney for Plaintiffs
CHEN XIA LIU and CHEN HUA LIU
216 Lakeville Road
Great Neck, NY 11020
(516) 437-3400
grosen@rosenlawllc.com

Kevin Kerveng Tung, Esq.
Kevin Kerveng Tung, PC
Attorneys for Defendant
TU KANG YANG
136-20 38th Ave, Suite 3D
Flushing, NY 11354
(718) 939-4633
ktung@kktlawfirm.com

                /s/_____

                Victor Tsai, Esq. (VT9956)
                Attorney for Chau Family Defendant