UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
CHEN XIA LIU and CHEN HUA LIU

               Plaintiffs,

   -against-

HOK KWAI CHAU; BO JIN ZHU;
WING FUNG CHAU a/k/a ANDY
CHAU; SALENA CHAU; TU KANG
YANG; MEI YANG KO; WING FUNG
HOME REALTY GROUP INC.; WING
FUNG CHAU d/b/a WING FUNG
REALTY GROUP,

               Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-006369

*Appearances:*
GARY ROSEN
Rosen Law LLC
216 Lakeville Road
Great Neck, New York 11020
*For Plaintiffs*

VICTOR TSAI
562 Coney Island Avenue
Brooklyn, New York 11218
*For Chau Family Defendants*

**BLOCK, Senior District Judge:**

      Defendants Hok Kwai Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, Wing Fung Home Realty Group Inc. and Wing Fung Chau d/b/a/ Wing Fung Realty Group (the "Chau Family") move for reconsideration of this Court's denial of their motion to dismiss. In the alternative, the Chau Family seeks certification for interlocutory appeal. Plaintiffs oppose the motion. For the following reasons, the motion is denied.

1

## I. STANDARD OF REVIEW

"In general, the three grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Buell v. Hughes*, 596 F. Supp. 2d 380, 384 (D. Conn. 2009) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "The standard [for granting a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative," nor is it "appropriate to use a motion to reconsider solely to re-litigate an issue already decided." *SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91–2 (D. Conn. 2006), *rev'd in part on other grounds* 505 F.3d 183, 197 (2d Cir. 2007).

"A denial of a motion to dismiss for failure to state a claim is neither a final decision, nor a basis for interlocutory review…, and is not, standing alone, immediately appealable." *Hill v. City of New York*, 45 F.3d 653, 663 (2d Cir. 1995). However, a district judge may certify an appeal to the circuit court when an "order involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An interlocutory appeal is considered an "extraordinary remedy" that lies within a district court's "unfettered discretion." *Transp. Workers Union of Am., Local 100 v. NYC Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005).

## II.   DISCUSSION

The Court will assume the parties' familiarity with the facts. The Chau Family has not presented a "change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Buell*, 596 F. Supp. 2d at 384. Instead, the Chau Family attempts "to plug gaps in an original argument or to argue in the alternative," and to "re-litigate an issue already decided." *SPGGC*, 408 F. Supp. 2d at 91–2. This is insufficient to grant a motion for reconsideration.

In its motion, the Chau Family primarily attempts to clarify the original, muddled argument in its motion to dismiss for res judicata, which failed to show that the elements were met. *See In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985) ("[T]his doctrine applies to preclude later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action."). Its second attempt fares no better.

3

The Chau Family specifically argues that they are in privity to the debtor, 41-23 Haight Realty, Inc., and thus res judicata should apply.[1] This Court disagrees. The Chau Family is neither a party to the bankruptcy nor in privity to the debtor, though they now suggest that the Court should view some of the individual defendants as alter egos of Haight Realty.[2] "[Privity] includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995) (noting the federal and New York state definitions of privity are functionally the same). Defendants have not shown that any of these apply.

Similarly, the Chau Family reiterates its other concerns such as the failure to join Haight Realty, the unjust enrichment claim, and the corporate veil piercing remedy, but is simply attempting to fill in the many gaps in its prior arguments for

---

[1] Salena Chau, Mei Yang Ko, Wing Fung Home Realty Group Inc., and Wing Fung Chau d/b/a/ Wing Fung Realty Group, who are not principals of Haight Realty, would not be dismissed from litigation, even under this theory.

[2] The Court notes that in many of its arguments, the Chau Family seeks to be acknowledged as both separate from and identical to Haight Realty, as is convenient to them. In the bankruptcy court, they are accepting the benefit of separation from the corporate entity, which generally precludes imputing the debtor's obligations to the officers as individuals. In civil court, they seek protection by arguing they are, in fact, functionally identical to Haight Realty. The Chau Family cannot have it both ways.

4

dismissal. The Chau Family has not demonstrated sufficient reason to reconsider this Court's prior decision. Therefore, the motion for reconsideration is denied.

*Interlocutory Appeal*

The Chau Family also seeks certification for an interlocutory appeal. Having made no new showings and having provided very little in the first instance, the Defendants have failed to show that, among other things, "there is substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b). For those reasons, the Court denies the motion to certify an interlocutory appeal.

## CONCLUSION

For the foregoing reasons, the Chau Family's motion for reconsideration is denied. The motion to certify interlocutory appeal is also denied.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 24, 2022