UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHEN XIA LIU AND CHEN HUA LIU

                       Plaintiffs,

      - against -

HOK KWAI CHAU,
BO JIN ZHU,
WING FUNG CHAU, a/k/a ANDY CHAU,
SALENA CHAU;
TU KANG YANG;
MEI YANG KO;
WING FUNG HOME REALTY GROUP INC.;
WING FUNG CHAU D/B/A WING FUNG REALTY GROUP

                  Defendants.
------------------------------------------------------------X

**Docket No: 20-cv-06369**

**Declaration of Gary Rosen
In Response to Order to Show
Cause dated February 16, 2024**

## DECLARATION OF GARY ROSEN, ESQ.
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to 28 U.S.C. 1746, I, Gary Rosen, Esq., an attorney duly admitted to practice law in the State of New York and in the United States District Court for the Eastern District of New York, declare and state as follows:

1.     I am a member of the Bar of this Court and am an attorney at ROSEN LAW LLC, attorneys for Plaintiffs in the instant action.

2.     I am familiar with all the facts and circumstances in this action.

3.     I respectfully submit this Declaration in Response to the Order to Show Cause dated February 16, 2024.

4.     I called the Court from the zoom deposition with Defendants' counsel, Victor Tsai, Esq. and the court reporter.  The telephone call was made by me with Mr. Tsai and the court reporter on through a zoom connection.

5.     We encountered a problem at the deposition, because Mr. Tsai and I were on a

zoom call for the deposition of Mr. Tsai's client, Defendant Mei Yang Ko, along with Francine Carroll, the Court reporter from Jaguar Court Reporters, and Ray Lin, a Mandarin interpreter as requested by Defendants' counsel, Victor Tsai, Esq.

6.      Defendant Mei Yang Ko failed to appear for the deposition.

7.      On February 6, 2024, Mr. Tsai wrote to Your Honor (DE-92) stating "The depositions of Mei Yang Ko along with the corporate representative of Wing Fung Realty are set for February 16, 2024 at 1:30 p.m. as Mrs. Ko's granddaughter Salena Chau, the broker for the realty company, will be bringing Mrs. Ko to my office for the deposition".

8.      Prior thereto, on January 24, 2024, Mr. Tsai wrote an email to me telling me that his client, Defendant Mei Yang Ko needs a Fujianese Chinese interpreter.

9.      Then on Thursday, February 15, 2024, at 4:45 p.m., one day prior to the deposition, Mr. Tsai wrote an email to me telling me that his client, Defendant Mei Yang Ko needs a Mandarin Chinese interpreter.

10.     Around 5:00 p.m. on Thursday, February 15, 2024, my office scrambled to get a Mandarin Chinese interpreter, because prior to that, Mr. Tsai stated that he needed a Fujianese Chinese interpreter.

11.     The deposition started at 1:30 p.m. on Friday, February 16, 2024, and Mr. Tsai, I, the court reporter and the Mandarin Interpreter waited for some time because Mr. Tsai's client, Defendant Mei Yang Ko failed to appear for the virtual deposition.

12.     I then called the Court with Mr. Tsai and the Court reporter on the zoom while I was on speaker phone so that Mr. Tsai could hear and participate in the call with the Court which he did.

13.     At the time, there had been no decision on the motion for an extension of time to

complete discovery, and Plaintiffs did not want to waive their right to depose Defendant Mei Yang Ko, which would have expired on February 20, 2024.

14.     We were trying to seek direction from the Court as to what we should do – terminate the deposition, wait longer, etc. That is why there was a call to the Court because we were in the midst of a zoom deposition, without a witness, and having a looming discovery deadline on Tuesday, February 20, 2024, with Monday, February 19, 2024 being a federal holiday.

15.     With a Court Ordered deadline to complete depositions by February 20, 2024, I thought that the prudent and responsible thing to do was call the Court with Mr. Tsai and the Court Reporter during the deposition which had not begun because there was no witness produced by Mr. Tsai.

16.     In order to ensure that Plaintiffs' discovery obligations were complied with, I wanted to make sure that I did not terminate the deposition without attempting to seek some guidance from the Court as to how long we should wait for Defendant Mei Yang Ko. At the time that we called the Court, Defendants' counsel, Victor Tsai, Esq. was unable to say why his client did not appear, and at that point in time, Defendants' counsel, Victor Tsai, Esq. did not know if his client would appear or not. After the deposition began at 1:30 p.m. and Mr. Tsai's client did not appear, Mr. Tsai then said that he had been trying to reach his client, but both Mr. Tsai and I did not know how long to wait before terminating the deposition given the February 20, 2024 discovery deadline. Out of an abundance of caution, I also did not want Defendants' counsel, Victor Tsai, Esq. to unilaterally terminate the deposition without attempting to seek some guidance from the Court.

17.     On the call with the Court, Mr. Tsai confirmed to Your Honor's law clerk that we were in the deposition since 1:30 p.m., that there was a court report, that there was a Mandarin interpreter, and there was no witness.

18.     Mr. Tsai told Your Honor's law clerk that the deposition was set up for 1:30 p.m. and that Salena Chau, another defendant, was supposed to take the witness, Ms. Salena Chau's grandmother Defendant Mei Yang Ko to Mr. Tsai's office, but that did not happen.

19.     Your Honor's law clerk was having difficulty hearing Mr. Tsai on the zoom call, stating that there was a lot of feedback, so I told Mr. Tsai that I was going to conference him in though the telephone line instead of through the zoom connection.

20.     I told Your Honor's law clerk that Mr. Tsai was on the telephone with me, after disconnecting him from the connection through zoom as Your Honor's law clerk was having difficulty hearing Mr. Tsai through the Zoom connection.  The call was not ex-parte. Mr. Tsai was speaking directly to Your Honor's law clerk, as was I.

21.     Mr. Tsai told Your Honor's law clerk that we set up the deposition for 1:30 p.m. about a week or so ago.  Mr. Tsai told Your Honor's law clerk that Salena Chau was supposed to take the grandmother (of Defendant Salena Chau), Defendant Mei Yang Ko to his office. Mr. Tsai told Your Honor's law clerk that his client, Defendant Mei Yang Ko was supposed to take the zoom call by herself.  Then Mr. Tsai said that "she's under the weather or something. So, that's what I'm getting from the client". Mr. Tsai did not tell me that "she's under the weather or something. So, that's what I'm getting from the client" before we called the Court.

22.     Mr. Tsai even contacted our office on Thursday, Friday, February 15, 2024 to ask us if we were going to proceed with the deposition of Defendant Mei Yang Ko on Friday, February 16, 2024, at 1:30 p.m., and we confirmed that we would proceed with the deposition.

23.     I told Your Honor's law clerk that Mr. Tsai did not confirm the deposition until 3:30 p.m. on Thursday, February 15, 2024, for the 1:30 p.m. deposition on Friday, February 16, 2024. Although we did not know whether Mr. Tsai would produce his client or not, once Mr. Tsai told us on Thursday, February 15, 2024 that the deposition would be going forward and that he would produce his client, we confirmed with the court reporter and interpreter, and I proceeded for a deposition to be held on Friday, February 16, 2024, as confirmed by Mr. Tsai.

24.     At 4:45 p.m. on Thursday, February 15, 2024 Mr. Tsai sent me a further email stating "Don't forget the Chinese Mandarin Interpreter", so I confirmed and hired a Chinese Mandarin Interpreter for the deposition on Friday, February 16, 2024 and Ray Lin, the Chinese Mandarin Interpreter was present on Friday, February 16, 2024.

25.     Mr. Tsai sent us an email on Thursday, February 15, 2024 at 4:45 p.m. stating:



26.     Mr. Tsai's client Defendant Mei Yang Ko never appeared for the deposition, which was scheduled at the date and time requested by Mr. Tsai.

27.     Based on what occurred on Friday, February 16, 2024, I do not believe that Mr. Tsai ever spoke to or confirmed the deposition for Friday, February 16, 2024, at 1:30 p.m. directly with his client, Defendant Mei Yang Ko.

28.     I believe that Mr. Tsai may have confirmed the deposition with Defendant Wing Fung Chau a/k/a Andy Chau, but I do not think that Mr. Tsai ever spoke with Defendant Mei

Yang Ko to confirm that Defendant Mei Yang Ko would appear for the zoom deposition.

29.     Mr. Tsai should have spoken directly with Defendant Mei Yang Ko regarding the deposition that was to be held at 1:30 p.m. on Friday, February 16, 2024 to insure that she would appear on Friday, February 16, 2024, rather than cause me, the court reporter and the Manderin interpreter being present with no witness.

30.     Pursuant to Your Honor's Individual Part Rule 3(B), I believed that the proper and responsible thing to do was to call your chambers on Friday, February 16, 2024 with Mr. Tsai, due to the unanticipated issue that we encountered when Mr. Tsai's client Defendant Mei Yang Ko failed to appear, and Mr. Tsai was unable to contact his client Defendant Mei Yang Ko at or after the 1:30 p.m. scheduled deposition time.

31.     Mr. Tsai and I tried to work out any dispute during the deposition, but we were faced with a circumstance of a discovery deadline of February 20, 2024, and Mr. Tsai did not know where his client was, why she was not present and whether she would be appearing or not appearing.

32.     Before contacting the Court, both Mr. Tsai and I waited some time, and Mr. Tsai attempted to make phone calls to see where his client, Defendant Mei Yang Ko was, to no avail.

33.     Prior to calling the Court Mr. Tsai and I discussed the deposition and we did not know at what point in time it was appropriate to terminate the deposition due to the non-appearance by Defendant Mei Yang Ko.

34.     Consistent with Your Honor's Individual Part Rule 3(B), Mr. Tsai and I made every effort to resolve the dispute prior to contacting Chambers.

35.     Inasmuch as we were unable to reach a resolution, pursuant to Individual Part Rule 3(B), we contacted Chambers immediately by telephone once we waiting for some time to

see if Defendant Mei Yang Ko would appear.

36.   Mr. Tsai wanted to terminate the deposition and I did not want to terminate the deposition due to the failure of the witness Defendant Mei Yang Ko, to appear without contacting the Court.

37.   We were are now sixteen (16) months past the original deadline for fact discovery to be completed was date was October 28, 2022 set by the Court for end of fact discovery (Scheduling Order 4/14/2022) and we finally had a firm date from Mr. Tsai for the production of Defendant Mei Yang Ko for her deposition, and we wanted to make sure that we terminated the deposition properly due to the non-appearance, given the past orders of this Court setting deposition dates, including specific dates for Defendant Mei Yang Ko.

38.   The docket, record and orders in this case, clearly demonstrates the persistent conduct by the Defendants in failing to comply with the Court's orders regarding discovery. That is why we filed a motion to strike the answer long ago, which motion is still pending. If the Court viewed other cases, where we are not involved and Mr. Tsai is not involved, which other cases involve Defendant Wing Fung Chau, Your Honor would see that there is a pattern by Defendant Wing Fung Chau in stonewalling.

39.   The chronology of this action is as follows:

1.    The complaint in this action was filed on December 30, 2020;

2.    On February 16, 2021, Mr. Tsai's clients, Defendants filed a letter for a premotion conference to file a motion to dismiss the complaint against Defendants Hok Kwai Chau, Salena Chau, Wing Fund Chau, Mei Yang Ko, Wing Fung Home Realty Group Inc. (the "Chau Defendants");

3.    On February 23, 2021, Judge Block issued a scheduling order for a pre-motion conference on March 17, 2021 at 3:00 p.m.;

4.    The pre-motion conference adjourned from March 17, 2021 at 3:00 p.m. to March 22, 2021 at 3:00 p.m. and was held;

5.      On March 29, 2021, Judge Block accepted the proposed schedule by Plaintiffs and the Defendants, and the Defendants were required to file a motion to dismiss and briefs by August 19, 2021;

6.      On June 4, 2021, the case was reassigned from Judge Reyes to Your Honor;

7.      On August 17, 2021, the Chau Defendants filed their motion to dismiss (DE-30);

8.      On August 19, 2021, Defendant Tu Kang Yang filed its motion to dismiss;

9.      On February 10, 2022, Judge Frederic Block denied Defendants' motion to dismiss (DE-35);

10.     On February 23, 2022, the Chau Defendants filed a motion for reconsideration of the motion to dismiss (DE-36) which was denied by Judge Block;

11.     On March 2, 2022, the Chau Defendants filed their Answer (DE-39);

12.     On March 8, 2022, Defendant Tu Kang Yang filed his Answer (DE-40);

13.     On April 14, 2022, the initial conference was held on before Your Honor. At the initial conference, Plaintiffs asked for a clerks' default against Defendant Bo Jin Zhu who did not and has never appeared;

14.     At the initial conference before Your Honor held on April 14, 2022, Your Honor ordered the following discovery schedule:

   a.      Exchange initial disclosures by May 27, 2022;
   b.      First requests for production of documents and interrogatories by June 27, 2022;
   c.      Phase I discovery to be completed by August 15, 2022;
   d.      Deadline to amend pleading or add parties by September 16, 2022;
   e.      Fact discovery to be completed by October 28, 2022;
   f.      Deadline to file a status report on ECF certifying the close of fact discovery by November 4, 2022;
   g.      Expert disclosures by December 5, 2022;
   h.      Expert depositions by January 6, 2023;
   i.      Rebuttal expert disclosures by February 6, 2023;
   j.      Expert discovery to be completed by February 24, 2023;
   k.      File joint status report by March 4, 2023;
   l.      Deadline to initial any dispositive motions was April 3, 2023 in accordance with Judge Block's Individual Motion Practices and Rules;
   m.      Telephone status conference to be held on September 7, 2022 at 10:00 a.m.

15.     On July 5, 2022, the Court changed the September 7, 2022 conference to September 12, 2022 at 10:30 a.m.;

16.     On September 12, 2022, the Court held a conference and issued a new scheduling order as follows: The deadline to join new parties or amend the pleadings was 11/16/2022. Fact discovery shall be completed by 12/30/2022. The deadline to file a status report on ECF certifying the close of fact discovery was 1/6/2023. Expert disclosures shall be exchanged by 2/6/2023. Expert depositions shall be completed by 3/6/2023. Rebuttal expert disclosures shall be exchanged by 4/6/2023. Expert discovery shall be completed by 4/24/2023. The parties are directed to file a joint status report certifying the close of all discovery by 5/1/2023. The deadline to initiate any dispositive motions was 6/1/2023, and should be done in accordance with the Individual Rules of the assigned District Judge.

17.     <u>Due to Defendants failure to participate in discovery, on October 20, 2022, Plaintiff filed a letter to Your Honor for a conference before Plaintiffs filed a motion to strike the answer of the Chau Defendants</u>; The Court denied the request for a pre-motion conference without prejudice.

18.     <u>On November 16, 2022, due to Defendants failure to participate in discovery, Plaintiff filed a letter to Your Honor for a conference before Plaintiffs filed a motion to strike the answer of the Chau Defendants;</u>

19.     On November 17, 2022, the Court issued an Order stating: "The Court is in receipt of Plaintiffs' Motion for Pre Motion Conference ( 55 ), seeking to file a motion to strike the answers of Defendants Hok Kwai Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, Wing Fung Home Realty Group Inc. and Wing Fung Chau d/b/a Wing Fung Realty Group. Defendants Hok Kwai Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, Wing Fung Home Realty Group Inc. and Wing Fung Chau d/b/a Wing Fung Realty Group are directed to respond, if at all, by 11/21/2022, per EDNY Local Rule Rule 37.3". The Court also scheduled a telephonic Pre-Motion Conference for December 7, 2022 at 2:00 p.m.

20.     On December 7, 2022 Your Honor issued an order stating: "A telephonic Pre-Motion Conference was held on 12/7/2022 before Magistrate Judge Taryn A. Merkl. Appearances by Gary Rosen for Plaintiffs; Victor Wen-Li Tsai for Defendants Hok Kawi Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, and Wing Fung Home Realty Group Inc. (the "Chau Defendants"); Ge Li for Defendant Tu Kang Yang. Argument was held regarding Plaintiffs' request, included in their Motion for Pre Motion Conference ( 55 , 57 ), to strike the answers of the Chau Defendants. The premotion conference letter request to file a motion to strike is denied for the reasons stated on the record, without prejudice. <u>Counsel for the Chau Defendants was reminded of the need for his clients to participate in the case and produce discovery, on pain of sanctions</u>". The Court set a new discovery schedule stating: "As discussed on the record, in light of the parties' representations that discovery is delayed, the following discovery deadlines are extended. Plaintiff is respectfully directed to serve the Chau Defendants with a discovery deficiency letter by 12/14/2022. The Chau Defendants are respectfully directed to respond to Plaintiffs' discovery demands, including the issues outlined in the deficiency letter, by 1/13/2023. Should the Chau Defendants be unable to locate any of the requested discovery

material, counsel for the Chau Defendants agreed to prepare one or more signed affidavits explaining what efforts were undertaken to locate the relevant discovery, how the search was conducted, and identifying which documents could not be found. Fact discovery shall be completed by 3/30/2023. The deadline to file a status report on ECF certifying the close of fact discovery is 4/6/2023. Expert disclosures shall be exchanged by 5/5/2023. Expert depositions shall be completed by 6/5/2023. Rebuttal expert disclosures shall be exchanged by 7/5/2023. Expert discovery shall be completed by 7/26/2023. The parties are directed to file a joint status report certifying the close of all discovery by 8/2/2023. The deadline to initiate any dispositive motions is 9/5/2023, and should be done in accordance with the Individual Rules of the assigned District Judge. The parties are directed to file a joint status report by 2/16/2023 indicating their progress as to discovery and any settlement negotiations, and whether the parties would like a referral to the EDNY Mediation Program, or a settlement conference before the Court. The parties are respectfully reminded that Rule 16(f) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney... fails to obey a scheduling or other pretrial order." Under Rule 37(b)(2)(A), the Court may, inter alia, dismiss an action for a party's failure to comply with a court order, strike pleadings, render a default judgment against a disobedient party, or treat the failure to comply with a court order as contempt of court. The Chau Defendants are respectfully put on notice that failure to respond to discovery requests may result in sanctions. See Fed. R. Civ. P. 37(b)(2);

21.    <u>On March 2, 2023, Plaintiffs filed a motion for a conference (DE-60) stating, inter alia, that "The continuing problem is that Mr. Tsai has been just ignoring everything that was served on him for the Chau Defendants, and now six months after we served our demands, he has not responded at all</u> to the (i) Plaintiffs' First Request for Production of Documents…, and he did not produce his clients for depositions pursuant to the notices of deposition served upon him all served on September 3, 2022…which were noticed for depositions scheduled as follows: Wing Fung Chau – noticed for September 26, 2022 at 10:00 a.m.; Hok Kwai Chau – noticed for September 27, 2022 at 10:00 a.m.; Salena Chau – noticed for September 28, 2022 at 10:00 a.m.; Mei Yang Ko – noticed for September 30, 2022 at 10:00 a.m. and Wing Fung Chau d/b/a Wing Fung Realty Group – noticed for October 3, 2022 at 10:00 a.m."

22.    <u>On March 22, 2023, Plaintiffs filed a motion requesting a pre-motion conference (DE-61);</u>

23.    On March 29, 2023, the Court issued an order stating "On 2/21/2023, the Court directed the parties to file a joint status report by 2/28/2023. (See Feb. 21, 2023 ECF Order.) The Court is in receipt of (1) Plaintiffs' and Defendant Tu Kang Yang's counsel's Letter dated 2/28/2023 (ECF No. 58 ), requesting a pre-motion conference for a motion to strike the answers of the Chau Defendants; (2) the Chau Family Defendants' Letter dated 3/2/2023 (ECF No. 59 ), responding to the 2/28/23 Letter; (3) Plaintiffs' Motion for a Pre-Motion Conference dated 3/2/2023 (ECF No. 60 ), responding to the Chau Defendants' 3/2/2023 Letter; and (4) Plaintiffs' Letter dated 3/22/2023 ( 61 ) (again requesting a pre-motion conference). In reading these letters, it appears that the parties have not met and conferred as required by Local Rule 37.3 and my individual rules. All counsel are respectfully reminded that they are expected to comply with both Local Rule 37.3 and Local Rule 26.4, which requires counsel to cooperate with one another

in all phases of the discovery process, and to be courteous with one another. <u>The Chau Family Defendants are respectfully directed to respond to Plaintiffs' two most recent letters (ECF Nos. 60 and 61 ) by 4/5/2023;</u>

24.     <u>By April 5, 2023; the Chau Defendants did not respond to the Court's order to respond to Plaintiffs' two most recent letters (ECF Nos. 60 and 61 ) by 4/5/2023;</u>

25.     On April 7, 2023, the Court issued the following Order: "On 3/29/2023, Defendants (Hok Kwai Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, Wing Fung Home Realty Group Inc., and Wing Fung Chau d/b/a Wing Fung Realty Group (the "Chau Family Defendants") were directed to file a response to Plaintiffs' letters (ECF Nos. 60 and 61) by 4/5/2023. <u>To date, no such filing has been made. The Chau Defendants are respectfully directed to file a response to 60 and 61 no later than 4/21/2023</u>";

26.     <u>By April 21, 2023; the Chau Defendants did not respond to the Court's order of April 7, 2023 to respond to Plaintiffs' two most recent letters (ECF Nos. 60 and 61 ) on later than 4/21/2023;</u>

27.     On May 2, 2023, the Court issued the following Order to show cause: "ORDER TO SHOW CAUSE: The Court is in receipt of the Letter from the "Chau Family Defendants" (Defendants Hok Kwai Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, Wing Fung Home Realty Croup Inc. and Wing Fung Chau D/B/A Wing Fung Realty Group) dated 4/21/2023 (62). <u>The Court notes that, on March 29, 2023, the Chau Family Defendants were directed to respond to Plaintiff's two most recent letters (ECF Nos. 60 and 61 ). After missing that deadline, the Chau Family Defendants were again directed to file a response by 4/21/2023.</u> The Letter submitted ( 62 ) does not respond to Plaintiff's letters, and instead requests additional time for the parties to meet and confer. <u>On pain of sanctions, the Chau Family Defendants are ordered to respond to Plaintiff's two most recent letters (ECF Nos. 60 and 61 ) by Monday, 5/8/2023 at 5:00pm. In addition, also by Monday, 5/8/2023 at 5:00pm, Defense counsel Victor Tsai is directed to show cause why monetary sanctions should not issue against him personally for failing to abide by this Court's Orders. Furthermore, Plaintiff's Motion for Pre-Motion Conference ( 60 ) related to an anticipated motion for sanctions and/or to strike the answer of the Chau Family Defendants is granted.</u> An in-person Pre Motion Conference will be held on 5/24/2023 at 3:00pm in Courtroom 324 North before Magistrate Judge Taryn A. Merkl. The parties are required to meet and confer prior to the conference and to file a joint letter describing the status of case discovery and any outstanding discovery disputes by 5/19/2023.

28.     On May 9, 2023, I sent a letter to Your Honor (DE-64) stating: "Victor Tsai, Esq. disregarded Your Honor's May 2, 2023 Order to Show Cause, as Victor Tsai, Esq. by failing to respond to Plaintiff's two most recent letters (ECF Nos. [60] and [61]) by Monday, 5/8/2023 at 5:00pm. Victor Tsai, Esq. also failed to show cause why monetary sanctions should not issue against him personally for failing to abide by this Court's Orders by Monday, 5/8/2023 at 5:00pm."

29.     An in-person Pre-Motion Conference and Status Conference was held on 5/24/2023 before Your Honor, in connection with Plaintiff's Motion for a Pre-Motion

Conference ( 60 ) and other recent filings. Appearances by Jared Rosen for Plaintiffs; Victor Wen-Li Tsai for Defendants Hok Kawi Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, and Wing Fung Home Realty Group Inc. (the "Chau Defendants"); and Ge Li for Defendant Tu Kang Yang. Discussion held regarding case status and discovery. <u>As discussed on the record, the parties are directed to proceed with the depositions of the Chau Defendants as expeditiously as possible</u>; the Court directed the parties to find mutually-agreed upon dates for deposition of the four defendants represented by Mr. Tsai during June 2023. In addition, the Court hereby directs that the deposition of Wing Fung Chau (AKA Andy Chau) will be held on 6/21/2023, at 10:00 a.m., at the office of Plaintiff's counsel...".

30.     On June 5, 2023, Your Honor issued the following Order: <u>"ORDER: "…Plaintiffs have represented that they have not received any dates for deposing Defendants Hok Kwai Chau, Mei Yang Ko, and Salena Chau, and have again requested that the Court strike the answers of Defendants Hok Kwai Chau, Mei Yang Ko, and Salena Chau based upon their failure to meaningfully participate in this action.</u> The Chau Defendants' counsel Mr. Tsai has represented that he has not been able to communicate with Defendants Hok Kwai Chau, Mei Yang Ko, and Salena Chau, and he intends to move to be relieved as counsel for Defendants Hok Kwai Chau, Mei Yang Ko, and Salena Chau. Mr. Tsai is directed to file any such motion for withdrawal as counsel, and a response to Plaintiffs' request to strike the answer of these three Defendants, by 6/12/2023 at 5:00 p.m. Mr. Tsai is respectfully reminded that any such application must be prepared in accordance with EDNY Local Civil Rule 1.4, and that any motion to withdraw must be served on the affected client. A status conference may be scheduled upon the receipt of Mr. Tsai's submission; it is the Court's usual practice to require the personal appearance of the party affected by any withdrawal motion, and any interpreters that are needed to facilitate the conference must be provided by the party needing translation services".

31.     On June 12, 2023, the Chau Defendant's attorney, Victor Tsai, Esq. filed a motion to withdraw as counsel and sought a stay of discovery (DE-69).

32.     <u>On June 14, 2023, the Chau Defendant's attorney, Victor Tsai, Esq. request for a stay of discovery was denied by Your Honor.</u>

33.     <u>On July 14, 2023, I wrote to Your Honor stating, inter alia, "To date, Mr. Tsai has not produced any responses to the discovery demands that Plaintiffs served back on September 3, 2022 in this case.</u> On May 19, 2023, Mr. Tsai informed the Court that his clients are "out of state and… do not have any responsive documents in their possession." (Doc. No. 66). Then on May 24, 2023 in Court during the Pre-Motion and Status Conference, Mr. Tsai advised us and the Court that he could serve responses but that his clients don't have any responsive records or documents to our voluminous demands. However, it is simply not proper, nor productive, for Mr. Tsai to simply disregard his responsibilities to actually serve responses to the Plaintiffs' September 3, 2022 demands….. We have consistently attempted to confer with Mr. Tsai (and Mr. Li, who has been cooperative in this action as counsel for Defendant Tu Kang Yang), but at this point, further attempts to meet and confer in an effort to resolve and narrow any remaining discovery disputes (as directed by Your Honor) are truly futile due solely to the refusal of Mr. Tsai and his clients to meaningfully respond to questions in depositions, let alone

respond to discovery demands with, or without, production of corresponding records, which is nearly 10 months overdue."

34.     On July 27, 2023, Your Honor issued the following Order: "Minute Entry and Order: An in-person Status Conference was held on 7/27/2023 before Magistrate Judge Taryn A. Merkl. Appearances by Jared Rosen and Gary Rosen (telephonically) for Plaintiffs; Ge Li (telephonically) for Defendant Tu Kang Yang; and Victor Tsai for Chau Defendants. Discussion held regarding case status and discovery, including recent submissions related to the deposition of Wing Fung Chau a/k/a Andy Chau (ECF Nos. 73 , 74 , 75 , and 76 ), and Mr. Tsai's pending Motion to Withdraw as to Defendants Hok Kawi Chau, Salena Chau, and Mei Yang Ko (ECF No. 69 ). Mr. Tsai represented that documents from the corporate entity (not a party to this proceeding) are in the possession of the trustee for the corporation and/or the committee for unsecured creditors in the pending bankruptcy action. The parties confirmed that the deposition of Salena Chau will take place on 8/21/2023. Plaintiffs are permitted to submit up to 25 interrogatories for Defendant Andy Chau, related to unanswered questions at Andy Chau's deposition; Plaintiff shall serve the interrogatories by 8/11/2023, and Defendant Andy Chau shall respond by 9/15/2023. In addition, the parties are respectfully directed to meet and confer regarding all outstanding document discovery in this case, and the Chau Defendants are directed to prepare a certification, affirmation, or declaration by 9/15/2023 regarding (1) what steps were taken to search for documents and (2) the availability, or unavailability, or responsive discovery documents. Given the age of this case and discovery challenges to date, the parties are on notice that failure to comply with these deadlines may result in sanctions." I believe that certification, affirmation, or declaration was never filed with the Court by Mr. Tsai as ordered.

35.     Regarding the interrogatories to be answered by Defendant Wing Fung Chau a/k/a Andy Chau, as ordered by the Court on July 27, 2023, based on my searching of our records, Defendants' counsel, Victor Tsai never responded to the interrogatories.

36.     On September 26, 2023, Jared Rosen, Esq. of my office sent Your Honor a letter stating: "As agreed during our last conference in Court on July 27, 2023, we served Defendant Wing Fung Chau a/k/a Andy Chau ("Andy Chau") with 18 written interrogatories on August 10, 2023 by serving his attorney, Victor Tsai, Esq. via FedEx and email. While our firm has corresponded by email with Mr. Tsai since August 10, 2023, we have not received any answers to our written interrogatories to date. I sent several emails to Mr. Tsai since September 15, 2023 when Defendant Andy Chau's answers to Plaintiffs' interrogatories were due but have not received any response. I also emailed to meet and confer with Mr. Tsai regarding all outstanding document discovery, notably, the document demands which we served on Defendants Hok Kwai Chau, Mei Yang Ko, Salena Chau, Wing Fund Home Realty Group Inc., and Andy Chau dated August 31, 2022, which were served over one year ago, but received no response to that either."

37.    On September 28, 2023, Your Honor issued the following Order: "Minute Entry and Order: An in-person Status Conference was held on 9/28/2023 before Magistrate Judge Taryn A. Merkl. Appearances by Gary Rosen and Jared Rosen for Plaintiffs; Victor Tsai for Chau Defendants; and Ge Li for Defendant Tu Kang Yang. No appearance by Defendant Bo Jin Zhu. Discussion held regarding case status and discovery, including Chau Defendants' compliance, and lack of compliance, with the Court's July 27, 2023 ECF Minute Entry and Order. Defense counsel Mr. Tsai noted that he has been working with Defendant Wing Fung Chau (AKA Andy Chau) to respond to Plaintiffs' supplemental interrogatories, as previously ordered…. the parties are directed to meet and confer regarding the proposed order, which shall be submitted to the Court for review by 10/3/2023. <u>As discussed on the record, Defendant Wing Fung Chau (AKA Andy Chau) is being given one final opportunity to comply with the Court's discovery deadlines. By 11/13/2023, Defendant Andy Chau shall respond to Plaintiffs' supplemental interrogatories. Also by 11/13/2023, the Chau Defendants must prepare a certification, affirmation, or declaration regarding (1) what steps were taken to search for documents and (2) the availability, or unavailability, of responsive discovery documents. Failure to comply with this final deadline is likely to result in the Court recommending that Andy Chau be sanctioned by striking his answer, which would likely result in a default judgment against Andy Chau. **Also by 11/13/2023, the depositions of Hok Kwai Chau and  Mei Yang Ko must be completed.** Sanctions may also apply to these Defendants should they fail to sit for their depositions…"</u>

38.    The deposition of Defendant Mei Yang Ko which the Court ordered to occur by November 13, 2023, has still NOT occurred.

39.    Defendant Mei Yang Ko was the person who was to be deposed by November 13, 2023 and then on February 16, 2024.  <u>The Court stated that "Sanctions may also apply to these Defendants should they fail to sit for their depositions" if Defendant Mei Yang Ko was not deposed by November 13, 2023.</u>

40.    <u>The deposition of Defendant Hok Kwai Chau which the Court ordered to occur by November 13, 2023, has still NOT occurred.</u> The Court stated that "Sanctions may also apply to these Defendants should they fail to sit for their depositions" if Defendant Hok Kwai Chau was not deposed by November 13, 2023.

41.    Defendants' counsel has disregarded this Court's Orders by not producing Defendant Mei Yang Ko or Defendant Hok Kwai Chau for their court ordered depositions to date.

42.    <u>On November 13, 2023, I filed a letter to Your Honor (DE-82) stating, inter alia, "We would request that sanctions be imposed upon Defendant Hok Kwai Chau and Defendant Mei Yang Ko for their failure to appear for their court ordered depositions…. I respectfully submit that we would request that the answer of Defendant Wing Fung Chau be stricken….I respectfully submit that we would request that the court impose sanctions against Defendants Hok Kwai Chau, Mei Yang Ko, Salena Chau, Wing Fund Home Realty Group Inc., and Andy Chau for their failure to provide responses to Plaintiffs' various document demands dated August</u>

31, 2022, or in the alternative, file a certification, affirmation, or declaration on ECF regarding (1) what steps were taken to search for documents and (2) the availability, or unavailability, of responsive discovery documents…. Victor Tsai, Esq. has not cooperated with us, albeit your Honor admonishing Mr. Tsai to comply with discovery.

43.     On November 22, 2023, I filed a letter to Your Honor (DE-84) stating, inter alia:

"We are counsel to Plaintiffs in the above entitled action.

We filed the Complaint in this action on December 30, 2020, almost three years ago.

We had an initial conference with Judge Block on March 22, 2021.

On August 19, 2021, Defendants (i) Hok Kwai Chau, (ii) Wing Fung Chau, (iii) Salena Chau, (iv) Mei Yang Ko, (v) Wing Fung Home Realty Group Inc. and (vi) Wing Fung Chau d/b/a Wing Fung Realty Group ("Chau Defendants") filed a motion to dismiss the Complaint (DOC. NO. 31-34).

On February 10, 2022 (DOC. NO. 35), Judge Block denied the motion to dismiss the Complaint.

On February 23, 2022, Chau Defendants by Victor Tsai, Esq. filed a motion for reconsideration (DOC. NO. 36, 41, 43).

On June 23, 2022, Judge Block denied the Chau Defendants' motion for reconsideration.

On September 12, 2022, a status conference was held before Your Honor setting a schedule and deadlines, with fact discovery to be completed by December 30, 2022.

On October 20, 2022 (DOC. NO. 53), 13 months ago, we made a letter request to Your Honor to allow us to file a motion to strike the answers of Chau Defendants (i) Hok Kwai Chau, (ii) Wing Fung Chau, (iii) Salena Chau, (iv) Mei Yang Ko, (v) Wing Fung Home Realty Group Inc. and (vi) Wing Fung Chau d/b/a Wing Fung Realty Group, all represented by Victor Tsai, Esq. because the aforesaid Chau Defendants failed to respond to discovery demands as ordered by this Court.

Now, it is 13 months later, and we have not had compliance by Chau Defendants (i) Hok Kwai Chau, (ii) Wing Fung Chau, (iii) Salena Chau, (iv) Mei Yang Ko, (v) Wing Fung Home Realty Group Inc. and (vi) Wing Fung Chau d/b/a Wing Fung Realty Group with our discovery demands. Chau Defendants (i) Hok Kwai Chau, (ii) Mei Yang Ko, (iii) Wing Fung Home Realty Group Inc. and (iv) Wing Fung Chau d/b/a Wing Fung Realty Group have not appeared for COURT

*ORDERED depositions, and Victor Tsai, Esq. counsel for Chau Defendants has now asked again to be relieved as counsel.*

*On November 16, 2022, we filed a pre-motion conference letter (DOC. NO. 55) to file a motion to strike the answer of Chau Defendants.*

*On November 17, 2022, Your Honor issued an Order directing Chau Defendants to respond to our November 16, 2022 letter to Your Honor by November 21, 2022.*

*Chau Defendants' counsel, Victor Tsai, Esq. did not respond to Your Honor's November 17, 2022 Order.*

*On December 7, 2022, Your Honor held a telephonic pre-motion conference and stated that "the pre-motion conference letter request to file a motion to strike is denied for the reasons stated on the record, without prejudice. Counsel for the Chau Defendants was reminded of the need for his clients to participate in the case and produce discovery, on pain of sanctions."*

*On December 7, 2022, Your Honor also issued the following orders:*

*"As discussed on the record, in light of the parties' representations that discovery is delayed, the following discovery deadlines are extended. Plaintiff is respectfully directed to serve the Chau Defendants with a discovery deficiency letter by 12/14/2022. The Chau Defendants are respectfully directed to respond to Plaintiffs' discovery demands, including the issues outlined in the deficiency letter, by 1/13/2023. Should the Chau Defendants be unable to locate any of the requested discovery material, counsel for the Chau Defendants agreed to prepare one or more signed affidavits explaining what efforts were undertaken to locate the relevant discovery, how the search was conducted, and identifying which documents could not be found. Fact discovery shall be completed by 3/30/2023. The deadline to file a status report on ECF certifying the close of fact discovery is 4/6/2023. Expert disclosures shall be exchanged by 5/5/2023. Expert depositions shall be completed by 6/5/2023. Rebuttal expert disclosures shall be exchanged by 7/5/2023. Expert discovery shall be completed by 7/26/2023. The parties are directed to file a joint status report certifying the close of all discovery by 8/2/2023. The deadline to initiate any dispositive motions is 9/5/2023, and should be done in accordance with the Individual Rules of the assigned District Judge."*

*The parties are respectfully reminded that Rule 16(f) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney... fails to obey a scheduling or other pretrial order." Under Rule 37(b)(2)(A), the Court may, inter alia, dismiss an action for a party's failure to comply with a court order, strike pleadings, render a default judgment against a disobedient party, or treat the*

*failure to comply with a court order as contempt of court. The Chau Defendants are respectfully put on notice that failure to respond to discovery requests may result in sanctions.*

*On February 28, 2023, I wrote to Your Honor (DOC. NO. 58) stating, inter alia:*

*"Since September 12, 2022, Mr. Tsai has provided excuse after excuse, and has not responded to any discovery demands served upon him for the Chau Defendants, and I respectfully submit that the answer filed by the Chau Defendants should be stricken, as I had previously requested as set forth below. Mr. Tsai has had many months to comply with Your Honor's orders, and completely ignored the Court's Orders and the discovery demands served upon him. The Plaintiffs have been prejudiced by the conduct of Mr. Tsai and the Chau Defendants."*

*On March 22, 2023 (DOC. NO. 61), we made a second letter request to Your Honor to allow us to file a motion to strike the answers of Chau Defendants (i) Hok Kwai Chau, (ii) Wing Fung Chau, (iii) Salena Chau, (iv) Mei Yang Ko, (v) Wing Fung Home Realty Group Inc. and (vi) Wing Fung Chau d/b/a Wing Fung Realty Group, all represented by Victor Tsai, Esq. because the aforesaid Chau Defendants failed to respond to discovery demands as ordered by this Court.*

*On March 29, 2023, Your Honor issued an Order stating:*

*"The Chau Family Defendants are respectfully directed to respond to Plaintiffs' two most recent letters (ECF Nos. 60 and 61) by 4/5/2023. Ordered by Magistrate Judge Taryn A. Merkl on 3/29/2023. (JF) (Entered: 03/29/2023)".*

*Chau Defendants counsel, Victor Tsai, Esq. failed to respond to Plaintiffs' letters (ECF Nos. 60 and 61 ) by 4/5/2023.*

*On April 7, 2023, Your Honor issued an order stating:*

*"ORDER: On 3/29/2023, Defendants (Hok Kwai Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, Wing Fung Home Realty Group Inc., and Wing Fung Chau d/b/a Wing Fung Realty Group (the "Chau Family Defendants") were directed to file a response to Plaintiffs' letters (ECF Nos. 60 and 61) by 4/5/2023. To date, no such filing has been made. The Chau Defendants are respectfully directed to file a response to 60 and 61 no later than 4/21/2023."*

*Again, Chau Defendants counsel, Victor Tsai, Esq. failed to respond to Plaintiffs' letters (ECF Nos. 60 and 61 ) by 4/21/2023.*

*On May 2, 2023, Your Honor issued an Order to Show Cause stating:*

*"ORDER TO SHOW CAUSE: The Court is in receipt of the Letter from the "Chau Family Defendants" (Defendants Hok Kwai Chau, Wing Fung Chau, Salena Chau, Mei Yang Ko, Wing Fung Home Realty Croup Inc. and Wing Fung Chau D/B/A Wing Fung Realty Group) dated 4/21/2023 ( 62 ). The Court notes that, on March 29, 2023, the Chau Family Defendants were directed to respond to Plaintiff's two most recent letters (ECF Nos. 60 and 61 ). After missing that deadline, the Chau Family Defendants were again directed to file a response by 4/21/2023. The Letter submitted ( 62 ) does not respond to Plaintiff's letters, and instead requests additional time for the parties to meet and confer.*

*On pain of sanctions, the Chau Family Defendants are ordered to respond to Plaintiff's two most recent letters (ECF Nos. 60 and 61 ) by Monday, 5/8/2023 at 5:00pm.*

*In addition, also by Monday, 5/8/2023 at 5:00pm, Defense counsel Victor Tsai is directed to show cause why monetary sanctions should not issue against him personally for failing to abide by this Court's Orders."*

Again, Chau Defendants counsel, Victor Tsai, Esq. failed to respond to this Court's Order of May 2, 2023 by 5:00 p.m. on 5/8/2023.

On May 24, 2023, Your Honor issued the following Order:

*"...The Court directed the parties to find mutually-agreed upon dates for deposition of the four defendants represented by Mr. Tsai during June 2023.*

*The only depositions that occurred were of two of Victor Tsai, Esq.'s clients: Wing Fung Chau, whose deposition was conducted on June 21, 2023, and Salena Chau, whose deposition was conducted on August 21, 2023.*

*Victor Tsai, Esq. failed to produce (i) Hok Kwai Chau, (ii) Mei Yang Ko, and (iii) Wing Fung Home Realty Group Inc. and (iv) a corporate representative for Wing Fung Realty Group for a deposition, although the Court ORDERED THAT all of Victor Tsai, Esq.'s client be produced for their depositions during June 2023.*

*I respectfully submit that Mr. Tsai's conduct can only be viewed as willful and contemptuous conduct to delay this case.*

*Mr. Tsai's conduct has cost our clients thousands of dollars of needlessly expended legal fees solely due to Mr. Tsai's conduct as set forth above.*

On June 2, 2023, I wrote to Your Honor (DOC. NO. 68) stating that:

*"Despite my good faith efforts to procure dates for the depositions of Salena Chau, Mei Yang Ko, and Hok Kwai Chau from Mr. Tsai, not only did Mr. Tsai*

*advise me that he did not have even one proposed date to offer, but Mr. Tsai ignored my efforts to file a joint status report as instructed by Your Honor. A copy of my emails (which were never responded to) along with my proposed joint status report attached in my last email to Mr. Tsai are annexed hereto as Exhibit "1".*"

*On June 12, 2023, Victor Tsai, Esq. filed a motion to withdraw as counsel (DOC. NO. 69).*

*On June 14, 2023, Your Honor issued an order stating:*

*"The Court is in receipt of the Letter in Response to Plaintiffs' Request ( 70 ), in which defense counsel Mr. Tsai requests a discovery stay until his motion to withdraw is resolved. The request is denied."*

*On July 17, 2023, Your Honor issued an order stating:*

*"The Court is in receipt of Plaintiffs' Status Report dated 7/14/2023 ( 74 ). On pain of sanctions, counsel Victor Tsai for the Chau Defendants shall respond by 7/24/2023.*

*Again, Chau Defendants counsel, Victor Tsai, Esq. failed to respond to this Court's Order of July 17, 2023 by 7/24/2023.*

*On July 24, 2023, I submitted a letter to Your Honor regarding seeking sanctions against Victor Tsai, Esq., as Victor Tsai, Esq.'s conduct has cost our client thousands of dollars in unnecessarily expended legal fees.*

*On July 27, 2023, an in-person Status Conference was held before Your Honor and consequently, Your Honor issued an order stating:*

*"Plaintiffs are permitted to submit up to 25 interrogatories for Defendant Andy Chau, related to unanswered questions at Andy Chau's deposition; Plaintiff shall serve the interrogatories by 8/11/2023, and Defendant Andy Chau shall respond by 9/15/2023."*

*On August 10, 2023, we served Victor Tsai, Esq. with interrogatories via email and Fedex.*

*To this date, the Chau Defendants failed to responds to the interrogatories.*

*On September 28, 2023, an in-person Status Conference was held before Your Honor, and in the Court's resulting Minute Entry and Order, it was noted that Victor Tsai, Esq. stated:*

*"Defense counsel Mr. Tsai noted that he has been working with Defendant Wing Fung Chau (AKA Andy Chau) to respond to Plaintiffs' supplemental interrogatories, as previously ordered. The parties noted the deposition of Salena Chau has been completed…"*

On November 13, 2023 (DOC. NO. 82), I wrote to Your Honor regarding non-appearance at depositions and no responses to outstanding discovery by the Chau Defendants.

On November 14, 2023 Your Honor issued an Order stating:

*"The Court is in receipt of Plaintiffs' letter 82 , discussing Defendants failure to schedule depositions, respond to written interrogatories, and respond to Plaintiffs' document demands from 8/31/2022, despite the Court's orders to do so."*

On November 21, 2023 (DOC. NO. 83), Victor Tsai, Esq. submitted a letter asking again to be relieved as counsel.

Plaintiffs sued Defendants in this action because the Plaintiffs paid deposits with regard to a house owned by 41-23 Haight Realty Inc.

Victor Tsai, Esq. is a defendant in an action entitled *The Office Committee of Unsecured Creditors of 41-23 Haight Realty Inc. v. Victor Wen-Li Tsai a/k/a Victor Tsai d/b/a Law Office of Victor Tsai*, United States Bankruptcy Court, Eastern District of New York, Adversary Proceeding # 1-21-01156-nhl, and that may be the reason for Victor Tsai's conduct in this action.

The Office Committee of Unsecured Creditors of 41-23 Haight Realty Inc. claims that Victor Tsai, Esq. received three (3) checks totaling $30,500 in avoidable transfers under the bankruptcy code pursuant to 11 U.S.C. §§ 541, 544, 549, 550(a) and 551 and New York Debtor Creditor Law §§276, 276-a, 278 and/or 279.

Victor Tsai, Esq. is also present bankruptcy counsel for 41-23 Haight Realty Inc., In Re: 41-23 Haight Realty Inc., United States Bankruptcy Court, Eastern District of New York, Case No. 1-19-43441-hnl. 41-23 Haight Realty Inc. is owned by Wing Fung Chau.

Victor Tsai, Esq. is presently representing Wing Fung Chau's company, 41-23 Haight Realty Inc. before Judge Lord, but wants to withdraw from representing the Chau Defendants including Wing Fung Chau in the action presently before this Court.

**U.S. Bankruptcy Court**
**Eastern District of New York (Brooklyn)**
**Bankruptcy Petition #: 1-19-43441-nhl**

Date filed: 06/04/2019
Plan confirmed: 05/28/2021
341 meeting: 09/16/2019
Deadline for filing claims: 11/20/2019
Deadline for filing claims (govt.): 02/04/2020

*Assigned to:* Nancy Hershey Lord
Chapter 11
Involuntary
Asset
Show Associated Cases
Claims Register

*Debtor*
**41-23 Haight Realty Inc.,**
c/o J Developments
87-10 Queens Blvd
Elmhurst, NY 11373
QUEENS-NY
Tax ID / EIN: 27-1882407
*aka* **41-23 Haight Street Realty, Inc.,**

represented by Victor Tsai
Victor Tsai Attorney
3720 Prince Street
3f
Flushing, NY 11354
212-625-9028
Fax : 347-402-2182
Email: ourlawyers@aol.com

Victor Tsai, Esq. is also counsel to Logo Mechanical Inc. in The Office Committee of Unsecured Creditors of 41-23 Haight Realty Inc. v. Logo Mechanical Inc., United States Bankruptcy Court, Eastern District of New York, Adversary Proceeding # 1-21-001089-nhl.

Victor Tsai, Esq. is also counsel to Sunrise Tile Inc. in The Office Committee of Unsecured Creditors of 41-23 Haight Realty Inc. v. Sunrise Tile Inc., United States Bankruptcy Court, Eastern District of New York, Adversary Proceeding # 1-21-001084-nhl.

Your Honor should be aware that Victor Tsai, Esq. while seeking to be relieved of counsel in this case, which I respectfully submit may be part of the plan for the Chau Defendants to be non-responsive to the discovery in this case, is still active counsel in In Re: 41-23 Haight Realty Inc., United States Bankruptcy Court, Eastern District of New York, Case No. 1-19-43441-hnl. 41-23 Haight Realty Inc. owned by Wing Fung Chau.

It is perplexing how Mr. Tsai can wish to withdraw from this case, but can continue to represent Wing Fung Chau's corporation, 41-23 Haight Realty Inc. before Judge Lord.

I respectfully submit that based on the foregoing, the Chau Defendants and Victor Tsai, Esq. should be sanctioned in the amount of the costs and expenses that Plaintiffs incurred based on their aforementioned discovery delays and obstructions, and that the answer of the Chau Defendants should be stricken in light of the many generous opportunities Your Honor has already given them to comply, which have been disregarded. Thank you very much."

44.     On December 18, 2023, Your Honor issued an Order stating: "A telephonic Status Conference was held on 12/18/2023 before Magistrate Judge Taryn A. Merkl. Appearances by Gary Scott Rosen and Jared Michael Rosen for Plaintiffs; Ge Li for Defendant

*Tu Kang Yang; and Victor Wen-Li Tsai for Defendants Hok Kwai Chau, Bo Jin Zhu, Salena Chau, Mei Yang Ko, Wing Fung Home Realty Group Inc. The Chau Defendants were not present. Discussion held regarding Mr. Tsai's request to withdraw as counsel for the Chau defendants (ECF No. 83 ) and Plaintiffs' motion to strike and motion for sanctions (ECF No. 84 ). Upon receipt of Mr. Tsai's request, the Court ordered Mr. Tsai to serve the withdrawal motion on the affected parties and file proof of service of the motion by 11/29/2023. On 11/29/2023, Mr. Tsai represented that he mailed the motion to Wing Fung Chau, but he is unable to reach the Chau Defendants otherwise. (See ECF No. 85 .) On 12/5/2023, the Court scheduled a status conference, directed the Chau defendants to personally appear, and directed Mr. Tsai to file proof of service on his clients of the Court's scheduling order by 12/11/2023. No proof of service was filed. Because the Court cannot ascertain whether the Chau defendants apart from Wing Fung Chau have notice of Mr. Tsai's request to withdraw, Mr. Tsai's request to withdraw is procedurally deficient, see E.D.N.Y. Local Civil Rule 1.4. It is also untimely. Accordingly, Mr. Tsai's request to withdraw as counsel was denied. Mr. Tsai is directed to respond to Plaintiffs' motion to strike and motion for sanctions (ECF No. 84) by 1/2/2024. Defendant Tu Kang Yang may respond to Plaintiffs' motion, but is not required to, by 1/2/2024. Plaintiffs are directed to reply by 1/9/2024."*

45.   On January 2, 2024 (DE-90), Mr. Tsai responded to Plaintiffs' motion to strike (ECF No. 39) and motion for sanctions (ECF No. 84).

46.   On February 16, 2024, although the deposition was scheduled for Defendant Mei Yang Ko, she failed to appear.

47.   It is not the Plaintiffs that have delayed discovery.

48.   The Plaintiffs want to get their day in Court and move for summary judgment, have a trial or have the answer stricken due to the Defendants' failing to comply with the Court's orders regarding discovery.

49.   I am sure that the Court understands that the delays in discovery are not attributable to the Plaintiffs who want this case moving forward. It is the defendants who do not want this case proceeding, and the record clearly indicates that the defendants <u>have</u> been delaying this action.

50.   On December 18, 2023, we had a conference call with the Court and we discussed the fact that there was one defendant, Tu Kang Yang who may impede Plaintiffs

obtaining a judgment against Mr. Tsai's clients if the Court grants the motion to strike the answer of the defendants. As a result, Gordon Li, Esq., attorney for former Defendant Tu Kang Yang settled with Plaintiffs, and on December 22, 2023, Plaintiffs discontinued the action against Defendant Tu Kang Yang (DE-88). So now, the only remaining defendants are Bo Jin Zhu, who defaulted and for which the Clerk entered a Clerk's default on April 12, 2022 (DE-50), and Mr. Tsai's clients.

51.     The Plaintiffs have been, and continue to be greatly prejudiced by Mr. Tsai and/or his clients' conduct as other individuals have obtained judgments against Wing Fung Chau ahead of our clients due to Mr. Tsai's and the Defendants' conduct. Plaintiffs have asked for sanctions against Mr. Tsai and/or the Defendants based upon the documented conduct, and to date, there have been no sanctions, and no reimbursement of attorney's fees, no striking of the answer and no judgment in favor of Plaintiffs, all to the detriment of the Plaintiffs.

52.     The conduct of the Defendants and Mr. Tsai have caused the Plaintiffs to incur unnecessary legal fees, costs and disbursements.

53.     With regard to the scheduled deposition on February 16, 2024, Plaintiffs had to pay for a court reporter, a Mandarin interpreter, and my time, all unnecessarily expended because Mr. Tsai failed to produce his client Defendant Mei Yang Ko for her deposition and/or failed to confirm directly with Defendant Mei Yang Ko that she would be appearing on zoom on February 16, 2024 for her deposition.

54.     Mr. Tsai stated on the record that he would pay for the costs for the lost time for the deposition that did not occur on February 16, 2024. Mr. Tsai stated that he would set up the deposition for another time and he said he or his client would pay the costs for the deposition of February 16, 2024. Mr. Tsai agreed that because the deposition did not go forward and because I

expended time, the Court reporter expended time at a cost to Plaintiffs, and the Mandarin Interpreter expended time at a cost to Plaintiffs, that he or his client would pay the costs.

55.     Based on the foregoing, Rosen Law LLC and/or Plaintiffs should not be required to pay any sanctions or fees. The call to the Court was not ex-parte, and we were calling from a deposition due to the failure of Defendant Mei Yang Ko to appear and we were following Your Honor's Individual Part Rule 3(B). The prudent thing to do in a deposition where there was a dispute of what to do, and when to terminate the deposition and not continue to wait for the Defendant Mei Yang Ko to appear, was to contact the Court with Mr. Tsai as I did.

56.     Additionally, this is further reason why Plaintiffs requested the striking of the answers of the Defendants. This action was commenced approximately 3 years and 2 months ago. Because of the Defendants' actions, discovery is not completed which has caused prejudice and harm to the Plaintiffs. Plaintiffs have been trying to get discovery completed, but the Defendants have stonewalled Plaintiffs for years, and the failure of Defendant Mei Yang Ko to appear for her deposition on Friday, February 16, 2024, at 1:30 p.m., as scheduled by her attorney Victor Tsai, Esq. is just one more example.

57.     I respectfully request an order directing Mr. Tsai or his client, Defendant Mei Yang Ko to reimburse Rosen Law LLC for the following: (1) payment to Jaguar Court Reporters for Court Report Francine Carroll's time; (2) payment for Mandarin Interpreter Ray Lin's time; and (3) payment to Rosen Law LLC for 1 ½ hours of my time expended. I respectfully request such an order and I will submit the bills from Jaguar Reporters Inc., Manderin Interpreter Ray Lin or his firm, and Rosen Law LLC as soon as I obtain the bills or invoices. I also respectfully request that either a default judgment be granted against Defendant Mei Yang Ko for her failure

to appear on February 16, 2024 for her deposition, or for the Court to set a firm date f or Defendant Mei Yang Ko to appear for a deposition.

58. I also respectfully request denial of any imposition of costs or sanctions on Plaintiffs or me or my firm based on the foregoing.

**WHEREFORE, It is respectfully requested that:**

a. The Court not impose any costs or sanctions on Plaintiffs, Gary Rosen, Esq. or Rosen Law LLC based on the foregoing;

b. That the Court issue an Order directing Defendants' counsel, Victor Tsai, Esq. or his client, Defendant Mei Yang Ko to reimburse Rosen Law LLC for the following:

(1) payment to Jaguar Court Reporters for Court Report Francine Carroll's time on February 16, 2024 for the deposition of Defendant Mei Yang Ko who failed to appear for her deposition;

(2) payment for Mandarin Interpreter Ray Lin's time charges for the deposition of Defendant Mei Yang Ko who failed to appear for her deposition; and

(3) payment to Rosen Law LLC for 1 ½ hours of Gary Rosen, Esq.'s time expended on February 16, 2024 for the deposition of Defendant Mei Yang Ko who failed to appear for her deposition;

c. That the Court issue an order for a default judgment against Defendant Mei Yang Ko for her failure to appear on February 16, 2024 for her deposition, or in the alternative, for the Court to set a firm date for Defendant Mei Yang Ko to appear for a deposition.

**d.** and grant such other and further relief as this Court deems just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on February 19, 2024.**

Gary Rosen, Esq.
Rosen Law LLC
Attorneys for Plaintiffs
216 Lakeville Road
Great Neck, New York 11020
516-437-3400